# Cooley

Patrick E. Gibbs
+1 650 843 5535
pgibbs@cooley.com

August 6, 2019                                                                                                      Via ECF & Fax

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** *U.S. Securities & Exchange Commission* v. *Kik Interactive Inc.*, **No. 19-cv-5244**

Dear Judge Hellerstein,

As you know, we represent Kik Interactive ("Kik" or the "Company") in this action. Respectfully, we write with the Court's prior permission to respond to the Securities and Exchange Commission's (the "Commission") citation to six judicial opinions following the July 19, 2019, scheduling conference.

In particular, during the July 19 conference, the Court asked whether there are "other cases that have dealt with situations like [Kik's]." (Tr. at 4.) We understand that, after the conference, and at the Court's request, the Commission provided the Court with citations to six judicial opinions in cases involving offers and/or sales of cryptocurrencies. As discussed by counsel for both sides during the conference, those opinions reflect decisions at the trial court level in the early stages of the litigation: four on motions to dismiss, one on a motion for preliminary injunctive relief, and one at summary judgment.

The opinions cited by the Commission are, of course, responsive to the Court's query. But given their procedural posture, and given the fact-specific inquiry needed to determine whether a transaction involves an "investment contract," we believe those opinions are of limited value in understanding the legal issues raised by the Commission's claims against Kik (especially given that many of them address fraud claims, which is not the case here). Accordingly, to provide a bit more context in response to the Court's query, Kik respectfully refers the Court to the Wells Response that Kik submitted to the Commission on December 10, 2018, which is publicly available at https://www.kin.org/wells_response.pdf, as well as the following authorities discussed therein:

- *Woodward v. Terracor*, 574 F.2d 1023, 1025 (10th Cir. 1978)
- *Alunni v. Dev. Res. Grp., LLC*, 445 F. App'x 288 (11th Cir. 2011)
- *Wals v. Fox Hills Dev. Corp.*, 24 F.3d 1016, 1018 (7th Cir. 1994)
- *Steinhardt Group Inc. v. Citicorp*, 126 F.3d 144, 155 (3d Cir. 1997)
- *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 241 (2d Cir. 1985)
- *The DAO*, Exchange Act Release No. 81207, at 4–5 (July 25, 2017), https://www.sec.gov/litigation/investreport/34-81207.pdf
- Jon Buck, *Forewarned Is Forearmed: Key Takeaways from SEC DAO Report*, CoinTelegraph (July 30, 2017), https://cointelegraph.com/news/forewarned-is-forearmed-key-takeaways-from-sec-dao-report
- *Ticket Reserve, Inc.,* S.E.C. No-Action Letter, 2003 WL 22195093 (Sept. 11, 2003)



Hon. Alvin K. Hellerstein
August 6, 2019

Via ECF & Fax

Page Two

- William Hinman, *When Howey Met Gary (Plastic)* (June 14, 2018), https://www.sec.gov/news/speech/speech-hinman-061418
- *Comm'n v. My Big Coin Pay, Inc. et al*, 2018 WL 4621727, at *5 (D. Mass. Sept. 26, 2018)
- *S.E.C. v. Shavers*, 2014 WL 12622292 (E.D. Tex. Aug. 26, 2014)

We understand that the Court's request was not an invitation to submit briefing, and this submission is not intended to serve as such. Rather, Kik requested permission to submit a letter because, for the reasons discussed above, Kik believes that a review of the opinions cited by the Commission after the July 19 conference, without some additional context, could give rise to an incomplete picture of the governing law. We hope this additional context is helpful to the Court.

We appreciate the Court's attention to this matter, and we trust the Court will not hesitate to alert us if any additional information or context would be helpful.

Sincerely,

*/s/ Patrick E. Gibbs*

Patrick E. Gibbs

Enclosure

cc:  Counsel for U.S. Securities & Exchange Commission (via ECF)