

**SECURITIES AND EXCHANGE COMMISSION**
**DIVISION OF ENFORCEMENT**
**100 F Street, N.E.**
**WASHINGTON, DC 20549**

Stephan J. Schlegelmilch
Supervisory Trial Counsel
Trial Unit, Mail Stop 5977
(202) 551-4935 (t)
(301) 623-1184 (f)
SchlegelmilchS@SEC.gov

October 28, 2019

**By ECF and UPS**

Honorable Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  ***SEC v. Kik Interactive Inc.***, **SDNY Case No. 19-cv-5244 (AKH)**

Dear Judge Hellerstein:

Pursuant to Local Rule 37.2 and Rule 2(E) of Your Honor's Individual Rules of Practice, the parties write to request the Court's intervention regarding a discovery dispute concerning Defendant Kik Interactive Inc.'s request for a Rule 30(b)(6) deposition notice of the U.S. Securities and Exchange Commission ("SEC") and its service of subpoenas *ad testificandum* upon William Hinman (Director of the SEC's Division of Corporation Finance), Valarie Szczepanik (Associate Director of the SEC's Division of Corporation Finance), and Jonathan Ingram (Deputy Chief Counsel of the SEC's Division of Corporation Finance).  Copies of the discovery requests at issue are attached hereto as Exhibits A-D.

The parties certify that they met and conferred regarding this dispute before bringing the issue before the Court.  Specifically, the SEC outlined for Kik the legal bases for its objections to the discovery in a letter dated October 10, 2019.  During a telephone call on October 11, 2019, the parties also discussed Kik's bases for the depositions and the SEC's objections.

The parties set forth their respective positions regarding these depositions below.

**STATEMENT OF THE SEC**

The SEC submits that, for the reasons that follow, each of the depositions sought by Kik should not go forward and the discovery requests should be quashed.

**1.     The Discovery Is Irrelevant.**

As a preliminary matter, the discovery sought by Kik is irrelevant to the central issue in this litigation: whether Kik offered and sold unregistered securities in violation of Section 5(a) and (c) of

the Securities Act of 1933.  Neither the SEC nor any of the senior SEC officials sought to be deposed by Kik are percipient witnesses to Kik's conduct in this regard.  Indeed, Kik's demand for these depositions cannot be reconciled with the defendant's August 9, 2019 Rule 26(a)(1) initial disclosures, as neither these individuals nor the SEC are identified as "individuals likely to have discoverable information that Kik may use to support its defenses."  *See* Exhibit E.

Despite their omission from Kik's Rule 26(a)(1) initial disclosures, Kik has offered as justification for the deposition Kik's affirmative defense of unconstitutional "vagueness" (*see* Answer, ECF No. 22 at 118, *et seq.*).  Kik's "affirmative defense" that the Securities Act is "void for vagueness" with respect to digital tokens, however, lacks legal merit.  *See United States v. Zaslavskiy*, 17 CR 647, 2018 WL 4346339 (E.D.N.Y. Sept. 11, 2018) (rejecting a similar "void for vagueness" defense).  Indeed, Judge Dearie, citing numerous other unsuccessful efforts to find the definition of "investment contract" unconstitutionally vague, easily found that the argument had no merit given the decades of jurisprudence interpreting the *Howey* case:

> Furthermore, the test expounded in *Howey* has—for over 70 years—provided clear guidance to courts and litigants as to the definition of "investment contract" under the securities laws.  *See* [*SEC v.*] *SG Ltd.*, 265 F.3d [42,] 47 [(1st Cir. 2001)] ("[o]ver time, courts have classified as investment contracts a kaleidoscopic assortment of pecuniary arrangements that defy categorization in conventional financial terms").  Moreover, the abundance of caselaw interpreting and applying *Howey* at all levels of the judiciary, as well as related guidance issued by the SEC as to the scope of its regulatory authority and enforcement power, provide all the notice that is constitutionally required.

*Id.* at *9; *see also SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1052 n. 6 (2d Cir. 1973), *cert denied*, 415 U.S. 914 (1974) (argument that "investment contract" under the Securities Act was void for vagueness was "untenable" "in light of the many Supreme Court decisions defining and applying the term").  Kik is free to conduct discovery to establish that that the Kin it offered and sold in 2017 was not an "investment contract," but its "void for vagueness" argument has been rejected time and time again, and the Court should not sanction Kik's "fishing expedition" on such an untenable claim.

Accordingly, because the stated basis for the supposed relevance of the discovery is without legal merit,[1] there is simply no reason for these depositions to go forward.

---

[1] Consistent with this objection, the SEC has filed a motion for judgment on the pleadings as to Kik's first defense asserting unconstitutional vagueness.  (Docket Nos. 25 and 26).  As the SEC pointed out in support of this motion, an order granting the SEC's motion will streamline the litigation and obviate all of the discovery at issue in this joint letter.  Although Kik here contends that by filing the motion the "SEC concedes that Kik's depositions are unquestionably relevant" (*see infra* Footnote 2), this is incorrect.  Even if Kik is allowed to pursue its affirmative defense, its requested discovery is still objectionable on multiple grounds including relevance.  For example, the subjective views of SEC employees, which cannot bind the Commission on whether *Howey*'s elements apply to facts and circumstances in other cases, hypothetical or real, are irrelevant to Kik's purported defense; such views could not be evidence that the securities laws failed sufficiently to cabin the agency's discretion when it brought an enforcement action against Kik on the facts at issue in this case.

2.      **Kik Intends to Focus Its Depositions On Privileged Subject Matter.**

During the parties' telephonic meet-and-confer, Kik informed the SEC staff that it intends to question senior members of the Division of Corporation Finance staff and the SEC's Rule 30(b)(6) designee regarding the agency's regulation of digital assets – specifically, *why* the SEC has regulated digital assets as it has and the factual and legal bases for its regulatory decisions – which Kik contends is relevant to its "void for vagueness" defense, although, it is not entirely clear why this is so.  Regardless, discovery on such topics necessarily implicates the attorney-client privilege, as each of the would-be deponents is an attorney, and he or she has a role in making recommendations to the five-member Commission, the only authoritative, decision-making body of the agency.  What, why, and when these individuals communicated to the Commission (and vice-versa) regarding the regulation of digital tokens is necessarily protected by the attorney-client privilege and cannot be the subject of discovery.  *See, e.g., United States v. Klein*, 16-cr-442, 2017 WL 782326 (E.D.N.Y. Feb. 28, 2017) (finding that a SEC action memo, a document intended to "convey legal advice to the Commission," was protected by the attorney-client privilege).

Similarly, discovery as to the "decision making processes of [a] government agenc[y]" – the expressed reason for the depositions in question – are also protected from discovery by the deliberative process privilege.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-53 (1975) (disclosure of intra-agency deliberations and advice is injurious to federal government's decision-making functions because it tends to inhibit frank and candid discussion necessary to effective government); *see also Klein*, 2017 WL 782326 (SEC action memo also protected by deliberative process privilege).

To the extent Kik desires discovery regarding the *public* decisions and *public* statements that the Commission has made with respect to digital tokens (the only topics conceivably relevant to Kik's legally flawed "vagueness" defense), these statements are all available on the SEC's public-facing website, and the SEC is willing to stipulate to their content, publication date, and authenticity.  Accordingly, the depositions Kik seeks should be quashed.

3.      **Senior Government Officers Should Not Be Deposed Absent Exceptional Circumstances, Which Are Not Present Here.**

Each of the individuals subpoenaed by Kik is a high-ranking official in the SEC's Division of Corporation Finance – William Hinman is the Director of the Division, Ms. Szczepanik is an Associate Director, and Mr. Ingram is the Deputy Chief Counsel.  And, the law is well-settled that "a high-ranking government official should not—absent exceptional circumstances—be deposed or called to testify regarding the reasons for taking official action."  *Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).  In order to depose a senior government official, the party seeking the discovery bears the burden of establishing "extraordinary circumstances."  *See In re United States*, 197 F.3d 310, 312 (8th Cir. 1999) (party seeking deposition bears burden to prove extraordinary circumstances).  Consequently, to take the deposition of a senior official, Kik must show *for each would-be deponent*, "for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means."  *Lederman*, 731 F.3d 203.  Kik, however, cannot carry its burden because no such "exceptional circumstances" exist here.  Again, neither the agency nor these officials have any first-hand information regarding Kik's offer and sale of Kin.

Kik may contend that it needs to take these depositions because the testimony may constitute some sort of "admission" Kik can use against the SEC in litigation. But, even this argument is wrong. The law is equally well-settled that none of these employees' statements can bind the Commission. *See Sidell v. Commissioner of Internal Revenue*, 225 F.3d 103, 111 (1st Cir. 2000) ("statements by individual IRS employees cannot bind the Secretary [of Treasury]").

Given this well-settled law, which the SEC provided to Kik before Kik issued the subpoenas in question, and Kik's rejection of the SEC staff's offer to cooperate with Kik to obtain through less obtrusive means the discovery it claims to need (e.g., stipulation), the deposition notices appear designed solely to harass the identified Division of Corporation Finance officials.[2] The SEC submits that they should, therefore, be quashed.

4.      **The Subject Matter Of Kik's Rule 30(b)(6) Deposition is Overbroad and Unduly Burdensome**

Each and every topic Kik has identified for the Rule 30(b)(6) deposition of the SEC is overly burdensome and wholly out of proportion with the needs of the litigation – again, so much so that burden appears to have been their only design. As just one example, Kik has demanded that the SEC designate a witness to testify regarding the following:

> Communications between the SEC and distributed ledger industry stakeholders or other groups representing the interests of entities working with Virtual Currencies and/or Digital Assets, from January 1, 2013 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

*See* Exhibit D at Request 11.

The agency, however, employs thousands of lawyers in the Division of Enforcement alone, yet Kik has demanded a designee to testify regarding each and every "communication[]" between the SEC and "distributed ledger stakeholders or other groups representing the interests of entities working with the Virtual Currencies and/or Digital Assets" during a six-and-a-half-year period. Clearly, such a demand is overbroad and excessively burdensome – so much so that it is impossible to comply with Kik's discovery request for information.

Kik also makes similar demands for testimony regarding all "communication" by anyone employed by the agency with "exchanges or trading platforms" (*id.* at Request 12), "elected state or federal officials" (*id.* at Request 13) and "foreign securities regulators" (*id.* at Request 9), which are equally overbroad and improper. And, Kik's demands for testimony regarding each and every

---

[2] Kik contends that the officials it has subpoenaed are not "senior enough" to warrant protection from its subpoenas, and that the *Morgan* doctrine should only apply to Presidential appointees. Such an argument is impossible to square with *Lederman*, wherein the Second Circuit affirmed a protective order barring the deposition of a mayor and deputy mayor. Moreover, the United States District Court for the District of Massachusetts recently quashed the deposition of Stephanie Avakian, Co-Director of the SEC's Division of Enforcement. *See SEC v. Navellier & Associates, Inc.*, Case 1:17-cv-11633-DJC (D. Mass), ECF No. 209.

"enforcement action and investigation" of a digital asset offering (*id.* at Request 16) or "crowdfunding platform" (*id.* at Request 21) are also obviously out-of-bounds.  The SEC requests that the Court quash the defendant's oppressive demands for discovery.

> **5.     Kik Has Refused The SEC's Offer To Stipulate In Lieu of the Depositions**

Finally, the SEC has requested that the parties enter into a stipulation, which would obviate the depositions and to preserve the SEC's arguments as to the relevancy of the discovery.  Kik has informed the SEC that it will not, under any circumstances, accept a stipulation in lieu of the deposition, which bolsters the SEC's conclusion that Kik's discovery is designed to harass rather than to conduct legitimate discovery.  For this additional reason, the SEC asks the Court to quash Kik's proposed depositions.

**STATEMENT OF KIK**

This case is the first litigated action instituted by the SEC against a cryptocurrency developer premised solely on a technical, strict liability Section 5 violation with no allegation of fraud. Kik has asserted as an affirmative defense in this case that the ambiguity in the SEC's guidance concerning virtual currencies resulted in arbitrary enforcement and deprived Kik of its constitutional right to fair notice of what the law required. *See* Answer, ECF No. 22 at 123-26. Kik is not alone in its criticism of the SEC's inconsistent and ambiguous regulatory approach. Indeed, members of U.S. Congress, academia, and ***even an SEC Commissioner*** have publicly and repeatedly criticized the SEC's failure to provide any guidance or demonstrate any consistency in its application of federal securities laws to cryptocurrency projects.[3] There is ample evidence to show that the SEC has contributed to the confusion in this area by engaging in a pattern of arbitrary enforcement. For example, despite the fact that it was aware of cryptocurrencies since as early as 2011—including hundreds of token sales occurring in 2016 and early 2017 alone—the SEC declined to pursue an enforcement action against token issuers until after Kik's token distribution event in September 2017.

Kik seeks to depose a 30(b)(6) representative of the SEC's choosing to shed light on the SEC's inconsistent (and apparently arbitrary) application of securities laws in this area and its affirmative decision not to provide clear guidance. It also seeks to depose three of the individuals who were most involved in, and thus aware of, the development and execution of this approach. Indeed, two of these proposed deponents have made public statements (cited by Kik in connection with its affirmative defense) that have contributed to the ambiguity in this area. *See* Answer at 123-26. Their testimony is unquestionably relevant.

The SEC seeks to prevent Kik from taking the depositions and other discovery relevant to its affirmative defense. In doing so, it first chooses to ignore Kik's affirmative defense by setting up a straw man and asserting that the discovery is irrelevant to ***the SEC's*** claim. However, as the SEC knows, while the witnesses may not have been percipient witnesses to Kik's alleged conduct, they clearly have personal knowledge relevant to ***Kik's*** affirmative defense. Forced to acknowledge Kik's affirmative defense, the SEC prejudges the issue prior to discovery and unilaterally decides that it is without merit. It then raises a laundry list of challenges that either do not apply or need to be determined on a question-by-question basis. Among the more disingenuous challenges is that the depositions would be overbroad, excessively burdensome, and oppressive. During the meet-and-confer, Kik expressly stated that based on the SEC's response to Kik's pending requests for admissions and/or reasonable proposals from the SEC (which alone knows the nature and location of the requested information), it would be willing to limit the time and scope of the depositions. The SEC made clear that it would not make a witness available under ***any*** circumstances. In short

---

[3] *E.g.*, Katie Rooney, CNBC.com, "Congress Members Ask SEC Chairman for Clarity on Cryptocurrency Regulation," (Sept. 28, 2018), https://www.cnbc.com/2018/09/28/congress-ask-sec-chairman-for-clarity-on-cryptocurrency-regulation.html; Hester Peirce, "How We Howey," Securities Enforcement Forum, East Palo Alto, California (May 9, 2019), https://www.sec.gov/news/speech/peirce-how-we-howey-050919 ("It is therefore our duty as a regulator to provide the public with clear guidance as to how people can comply with our law. We have not yet fulfilled this duty."); Interview by Nicole Kim with Commissioner Hester Peirce (Aug. 8, 2019), https://dragonchain.com/blog/-hester-peirce-us-securities-exchange-commission/ ("we [the SEC] really need to be proactive . . . in providing clear rules and guidance so that people know what it is they have to comply with. Then we can hold them accountable for not complying with it.").

and as set forth below, none of the arguments raised by the SEC provides a basis for it to block Kik from the discovery it is entitled to and needs for its affirmative defense.

### 1.    Kik's Discovery Is Relevant to Its Affirmative Defense.

The SEC is seeking to prevent Kik from taking **any** discovery on its void for vagueness defense.[4]  As its primary argument, the SEC contends the depositions are not relevant to the SEC's claim in this matter.  Again, Kik is seeking the depositions not with regard to the SEC's claim but to gain evidence to support its affirmative defense.[5]  The SEC then argues that Kik's affirmative defense has no merit.[6]   The SEC's self-serving position on this issue provides no basis for the SEC to block discovery plainly relevant to Kik's defenses. *EEOC v. LifeCare Mgmt. Servs LLC*, 2009 WL 772834, at *3 (W.D. Pa. Mar. 17, 2009) (permitting 30(b)(6) deposition, noting that "Defendants are entitled to discovery on [their affirmative defense] before any dispositive ruling").  "A motion for a protective order is not the proper vehicle for the court to adjudicate the merits of a party's claims or defenses and determine which affirmative defenses are available to Defendants for discovery purposes." *Branch Banking & Tr. Co. v. Iny*, 2014 WL 12785312, at *2 (D. Nev. July 18, 2014); *see also Tutor Time Learning Ctrs., LLC v. KOG Indus., Inc.*, 2013 WL 12363550, at *2 (E.D.N.Y. Apr. 5, 2013) (compelling discovery, noting "Plaintiff essentially challenges the merit of Defendants' affirmative defense, which is an issue better left for dispositive motion practice or trial").

Pursuant to Rule 26(b)(1), Kik "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1); *see also Cohen v. Cohen*, 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015) ("[I]t is well-settled within this Circuit that 'any possibility' that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(1)'s requirements.").  Kik pled a void for vagueness affirmative defense, and now seeks discovery related to that defense.  This, alone, satisfies Rule 26(b).  *SEC v. Navellier & Assocs.*, 2019 WL 688164, at *2 (D. Mass. Feb. 19, 2019) (defendants may depose SEC "to learn the facts underlying their selective enforcement defense").  The SEC cannot argue that there are no facts to support Kik's affirmative defense while at the same time blocking all efforts at discovery aimed at confirming or refuting that position.

---

[4] In addition to objecting to the depositions, the SEC has taken a similar position on Kik's requests for documents, declining to provide *any* documents relating to Kik's affirmative defense, beyond public documents already available to Kik.  As with the depositions, it has declined Kik's invitation to suggest a more limited set of custodians or categories of information it is willing to provide.

[5] Each of the prospective deponents are listed on Kik's amended Rule 26(a)(1) initial disclosures.

[6] Notably, the SEC waited until October 24, 2019—nearly **three months** after Kik filed its Answer and raised its affirmative defense—and on the eve of submitting this joint letter to the Court to file its Motion for Judgment on the Pleadings as to Kik's Void for Vagueness Affirmative Defense ("Motion").  ECF No. 26. In filing its Motion, the SEC concedes that Kik's depositions are unquestionably relevant and that the SEC lacked any legal basis in refusing to provide Kik with the discovery to which it is entitled and needs to defend itself and pursue its affirmative defense. Kik fully intends to oppose the Motion. With five weeks left in discovery, however, Kik respectfully requests the Court order the SEC to comply with its discovery obligations by a date certain.

2.       **None of the Prospective Deponents Are "Top Executive Officials" Meriting Protection from Depositions Under *Morgan*.**

The SEC next relies on *United States v. Morgan* and its progeny to argue that certain staff members from the SEC's Division of Corporate Finance constitute "high-ranking government officials." *Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (New York City mayor and former Deputy Mayor are high-ranking government officials (citing *United States v. Morgan*, 313 U.S. 409 (1941)). The SEC's reliance on *Morgan* is misplaced. *Morgan* is a "form of executive privilege," *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997), and it has been extended to persons at the very top levels of executive government agencies, such as cabinet officials, agency heads, commission chairs, and governors, with limited expansion beyond those examples. *SEC v. Comm. on Ways & Means*, 161 F. Supp. 3d 199, 250 (S.D.N.Y. 2015) (*Morgan* rule "has generally only been applied to government officials who are at the apex of their organization"); *Byrd v. District of Columbia*, 259 F.R.D. 1, 8 (D.D.C. 2009) (collecting cases, and concluding that deputy mayor and general counsel for a city department were not "high-ranking officials").

For example, in *Cobell v. Norton*, the court held that the Associate Deputy Secretary of the Interior was not a "top executive department official," but rather a "mid-level executive." 226 F.R.D. 67, 94 (D.D.C. 2005). The court explained that "[t]op executive officials are confirmed by the Senate and are in the Executive Schedule ... [the Associate Deputy Secretary of Interior] is not the type of executive official in need of protection from the discovery process." *Id.* Based on these criteria, the only SEC officials shielded from depositions under the *Morgan* rule are the Chairman of the SEC and its Commissioners, all of whom were confirmed by the Senate and hold positions identified in the Executive Schedule. *See* 5 U.S.C. §§ 5311–5318 (identifying the top officials in the executive branch).

Here, the SEC does not and cannot establish that Mr. Hinman, Mr. Ingram, and Ms. Szczpanik are "top executive officials." This Court need only examine their employment positions to make this determination. Further, Kik is not aware of any authority (and the SEC cites none) in which federal employees holding analogous positions within a federal agency were held to be "high-ranking officials" under *Morgan* and its progeny. Indeed, Courts have rejected *Morgan* protection for officials at the same or even higher levels than that which Mr. Hinman, Mr. Ingram, and Ms. Szczpanik occupy. *See, e.g.*, *Comm. on Ways & Means*, 161 F. Supp. 3d at 250 (Staff Director of the Health Subcommittee was not a "high-ranking government officer"); *Citizens for Responsibility and Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 179 (D.D.C. 2008) (neither the Chief of Staff to Vice President Richard Cheney nor the Director of the Presidential Materials Staff in the Office of the Presidential Libraries is the kind of "cabinet-level officer" that receives "protection from discovery").

3.       **The SEC Is Not Exempt from Rule 30(b)(6).**

With respect to the Rule 30(b)(6) deposition, the basic premise of the SEC's argument appears to be that because it is a government agency that makes policy and employs many lawyers, it should be exempt from the Rule 30(b)(6) procedure. This position is facially improper. By its very terms, Rule 30(b)(6) applies to a governmental agency. *See* Fed. R. Civ. P. 30(b)(6) ("[A] party may name as the deponent ... a governmental agency[.]"). "[L]ike any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009); *see also Francis v. City of New York*, 262 F.R.D. 280, 282 (S.D.N.Y. 2009)

(same). The SEC "is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action." *Collins & Aikman Corp.*, 256 F.R.D. at 414; *see also SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (permitting deposition, noting that the Federal Rules provide the SEC "neither an exemption from Rule 30(b)(6) nor special consideration concerning the scope of discovery" (internal quotation marks omitted)).

Courts routinely permit Rule 30(b)(6) depositions of government agencies, particularly where, as here, the noticed deposition topics relate to a party's defenses. *See, e.g., SEC v. Navellier & Assocs., Inc.*, 2019 WL 688164, at *2 (D. Mass. Feb. 19, 2019) (defendants may conduct Rule 30(b)(6) depositions "to learn the facts underlying their selective enforcement defense" (internal quotation marks omitted)); *SEC v Goldstone*, 301 F.R.D. 593, 676 (D.N.M. 2014) (permitting defendant to depose the SEC pursuant to Rule 30(b)(6)); *SEC v. Merkin*, 283 F.R.D. 689, 693-94 (S.D. Fla. 2012) (same); *SEC v McCabe*, 2015 WL 2452937, at *5 (D. Utah May 22, 2015) (same, rejecting argument that discovery is limited to the SEC's investigative file).

Without law on its side, the SEC laments the fact that Kik would not agree to stipulations in lieu of deposition testimony. As a preliminary matter, Kik made clear during the telephonic conference that it was open to narrowing the duration and scope of the depositions based on the SEC's responses to Kik's requests for admissions. The SEC refused to entertain (much less propose) any solution that would allow for deposition testimony, even if under more limited circumstances. However, the SEC may not restrict Kik's right to take its deposition merely because the SEC prefers written discovery over live testimony. To reach the essential truth of such matters, there is no substitute for examining a live witness under oath. *See U.S., ex rel. Fry v. Health Alliance*, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("Parties are entitled to test [assertions] in questioning witnesses during depositions, and it is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules.") (internal quotations marks omitted); *Alexander v. FBI*, 186 F.R.D. 113, 121 (D.D.C. 1998) (movant's request to answer questions by declaration or affidavit was "not an adequate substitute for live testimony" because "such an approach eschews the opportunity for opposing counsel to probe the veracity and contours of the statements" and denies counsel "the opportunity to ask probative follow-up questions"). Further, Kik's experience in discovery to date provides no basis for Kik to conclude that written responses in lieu of depositions would be any more efficient. The SEC has made clear that it will not respond to discovery requests concerning Kik's affirmative defense absent Court instruction.

### 4. The SEC Attempts to Preemptively Challenge Deposition Questions That Have Not Yet Been Framed.

The SEC next argues that the topics in the deposition notice seek information wholly protected by either the attorney-client privilege or the deliberative process privilege. This argument is also invalid on its face. The SEC cannot assert blanket privilege objections to deposition questions that have not yet been asked. *Dealer Computer Servs., Inc. v. Curry*, No. 2013 WL 499520, at *6 (S.D.N.Y. Feb. 7, 2013) ("Litigants usually cannot prohibit a 30(b)(6) deposition by arguing in advance that each and every question would trigger the disclosure of attorney-client and work product information." (citing *Merkin*, 283 F.R.D. at 698)). Indeed, courts have routinely rejected government agencies' attempts to declare all information that might be elicited in a deposition as privileged before the deposition even occurs. *See, e.g., EEOC v. LifeCare Mgmt. Svcs., LLC*, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) (holding that the agency "cannot seek protection from

Defendants' 30(b)(6) Notice of Deposition by unilaterally declaring all information known" to the agency would invade the deliberative process privilege); *Kramer*, 778 F. Supp. 2d at 1328 (permitting Rule 30(b)(6) deposition of the SEC, noting that the "need for protection usually cannot be determined before the examination begins"); *Elkins v. District of Columbia,* 250 F.R.D. 20, 27 (D.D.C. 2008) (rejecting agency's attempt to "claim privilege pre-emptively, before any deposition question has been propounded"). Here, the SEC's blanket privilege objections are similarly premature. Instead, "[c]ounsel may protect against the disclosure of work product or privileged information in 30(b)(6) depositions by interposing appropriate objections and by giving instructions on a question-by-question basis." *Merkin*, 283 F.R.D. at 698 (permitting Rule 30(b)(6) deposition of the SEC).

The SEC asks the Court to presume that every question will necessary lead to privileged information, but the requested information may not deserve protection from the deliberative process privilege. The deliberative process privilege is limited to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Collins & Aikman*, 256 F.R.D. at 415. As reflected in the Rule 30(b)(6) topics, Kik seeks to examine the SEC on ***final*** policies, statements, and decisions regarding virtual currencies (Exhibit D, Topics 1-5, 14-21); communications with third parties (Topics 6-13); and public statements and enforcement actions concerning virtual currencies. None of these topics, on their face, will intrude on the deliberative process doctrine. *SEC v. Kovzan*, 2013 WL 653611, at *3 (D. Kan. Feb. 21, 2013) (permitting deposition of the SEC on topics such as its "interpretation and meaning of certain regulatory terms and guidance and any confusion regarding the same" in connection with a void for vagueness defense). Moreover, where, as here, the government's own decision-making process is at issue, "the historical and overwhelming consensus and body of law within the Second Circuit is that the deliberative process privilege cannot be a bar to discovery." *Children First Found., Inc. v. Martinez*, 2008 U.S. Dist. LEXIS 120828, at *9 (N.D.N.Y. June 20, 2008) (internal quotation marks omitted) (collecting cases). The SEC offers no credible reason why these depositions should not go forward.

Very truly yours,

*/s/ Stephan J. Schlegelmilch*

Stephan J. Schlegelmilch
Counsel for Plaintiff U.S. Securities and
Exchange Commission

cc:    All Counsel of Record (by ECF)