Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
U.S. SECURITIES AND EXCHANGE           :
COMMISSION,
                                       :
        Plaintiff,
                                       :   Civil Action No. 19-cv-5244
    vs.
                                       :
KIK INTERACTIVE INC.,
                                       :
        Defendant.
------------------------------------- X

**DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant Kik Interactive, Inc. ("Kik" or the "Company") provides the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The following disclosures are based on information reasonably available to Kik as of the date of these disclosures. Kik reserves the right to supplement, alter, or amend these disclosures as discovery progresses and as additional information becomes available through further investigation and discovery. Supplemental disclosures will be made to the extent that they are not mooted by future discovery responses or have not otherwise been made known to the Securities and Exchange Commission (the "Commission") during the discovery process or in writing.

By making these disclosures, Kik is not waiving its rights to object to any discovery that the Commission may serve, nor is Kik making a representation that it has identified every document, tangible thing, or witness that may possibly be relevant to this lawsuit. These disclosures represent a good-faith effort to identify the information Kik reasonably believes is called for by Rule 26(a)(1).

**I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (RULE 26(a)(1)(A)(i))**

Subject to the qualifications set forth above and without prejudice to Kik's right to offer testimony at a hearing, trial, or otherwise in this action from any of the following persons on topics other than those specified below, or to offer testimony from any witness not identified below, the following list identifies, in alphabetical order, individuals likely to have discoverable information that Kik may use to support its defenses. Kik reserves the right to designate additional witnesses as additional persons become known to Kik as possessing discoverable information. The identification of any particular subject matter below does not constitute a representation that the individual has full knowledge of that subject area, or that his or her knowledge is limited to that subject area.

| INDIVIDUALS | LAST KNOWN CONTACT INFORMATION | CONNECTION TO THE CASE | SUBJECT(S) OF INFORMATION |
|---|---|---|---|
| Eran Ben-Ari | May be contacted through Kik's counsel of record, Cooley LLP | Chief Product Officer for Kik in 2017. Worked on the Kik Messenger application and the creation, development, and launch of the Kin project. | Knowledge about the Kik Messenger application, the development of Kin's initial functionality within Kik at the time of the September 2017 token distribution event ("TDE"), Kik's product development incorporating Kin, the Kin whitepaper, and the development and execution of Kik's sale and distribution of Kin in 2017. |
| Erin Clift | May be contacted through Kik's counsel of record, Cooley LLP | Chief Marketing Officer in 2017. Worked on public communications regarding the Kin project. | Knowledge about Kik's marketing efforts, including the public message around Kik's 2017 pre-sale (the "Pre-sale") and Token Distribution Event ("TDE"). She worked with Kik's marketing and content teams to draft and publish communications about the Kin project. |
| Peter Heinke | May be contacted through Kik's counsel of record, Cooley LLP | Chief Financial Officer in 2017. Involved in the | Knowledge about Kik's financial state, performance, development and execution of |

| | | development and execution of the Kin project. | Kin project, communications with regulatory bodies, and Kik corporate governance. |
|---|---|---|---|
| Paul Holland | May be contacted through his counsel of record, Goodwin Procter LLP | Kik Board of Directors in 2017. Involved in initial discussions about a cryptocurrency token and the development and launch of the Kin project. | Knowledge about the Kik Board of Directors, the cryptocurrency space generally, the inception of a cryptocurrency project for Kik, and the development and launch of the Kin token. |
| Edward Livingston | May be contacted through Kik's counsel of record, Cooley LLP | Chief Executive Officer. Involved in creation, development, and launch of the Kin project. | Knowledge about forming the idea for Kin, Kik's financial state, performance, communications regarding Kin, development and execution of Kin project, communications with regulatory bodies, and Kik corporate governance. |
| William Mougayar | May be contacted through his counsel of record, Murphy & McGonigle, P.C. | Member of Kin Foundation Board of Directors from June 2018 to present. | Knowledge about the Kin Ecosystem Foundation and development and launch of the Kin token. |
| Tanner Philp | May be contacted through Kik's counsel of record, Cooley LLP | Technical Advisor to CEO (Director, Corporate Development in 2017). Involved in creation, development, and launch of the Kin project. | Knowledge about forming the idea for Kin, Kik's financial state, performance, communications regarding Kin, development and execution of Kin project, communications Kin economy partners, and Kik corporate governance. |
| William Raduchel | May be contacted through his counsel of record, Sidley Austin LLP | Advisor to Kik in 2017. Advised on creation, development, and launch of the Kin project. | Knowledge about the Kin Ecosystem Foundation and the development and launch of the Kin token. |
| Fred Wilson | May be contacted through Kik's counsel of record, Cooley LLP | Kik Board of Directors in 2017. Involved in initial discussions about a cryptocurrency token and the development and | Knowledge about the Kik Board of Directors, the cryptocurrency space generally, the inception of a cryptocurrency project for Kik, and the development and launch of the Kin token. |

| | | | |
|---|---|---|---|
| | | launch of the Kin project. | |
| Phillip Yang | May be contacted through Kik's counsel of record, Cooley LLP | Senior Program Manager for Kik in 2017. Involved in the development and launch of stickers for the Kin project. | Knowledge about Kik's communications, marketing, and product teams, including sourcing and launching stickers for the Kin project, communicating with potential partners related to stickers, and the initial public launch ("IPL") for Kin. |

## II. DESCRIPTION OF DOCUMENTS (RULE 26(a)(1)(A)(ii))

Subject to the qualifications set forth above, Kik discloses the following categories of documents, data compilations, and tangible things that are in its possession, custody, or control and that Kik may use to support its defenses:

| DOCUMENT DESCRIPTION BY CATEGORY | LOCATION(S) |
|---|---|
| Motions, pleadings, exhibits, and other public filings or documents exchanged in this litigation. | Law offices of Kik's counsel of record, Cooley LLP |
| Documents produced by Kik to the Commission in the course of the Commission's investigation | Law offices of Kik's counsel of record, Cooley LLP |
| Documents relied on or produced by the Commission in its investigative file | Law offices of Kik's counsel of record, Cooley LLP |
| Recordings or transcripts of public statements made by Kik or Kik's executive team | Kik Interactive Inc., or the law offices of Kik's counsel of record, Cooley LLP |

## III. COMPUTATION OF DAMAGES (RULE 26(a)(1)(A)(iii))

Kik contends that it is not liable to the Commission for any damages, penalties, or remedial relief. Kik may seek attorneys' fees and costs in defending this action to the extent authorized by law. *Fed. Election Comm'n. v. Political Contributions Data, Inc.*, 995 F.2d 383, 385-87 (2d Cir. 1993); *SEC v. Morelli*, 1995 WL 9387, at *2-9 (S.D.N.Y. Jan. 11, 1995). The amount of Kik's attorneys' fees, expenses, and costs is increasing and the total amount that will ultimately be sought is presently unknown.

**IV. INSURANCE AGREEMENTS (RULE 26(a)(1)(A)(iv))**

  Kik maintains directors and officers liability insurance under which certain insurance carriers may be liable to satisfy all or part of any judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment.

Dated: August 9, 2019             Respectfully submitted,

                     By: */s/ Patrick E. Gibbs*
                       Patrick E. Gibbs (*Pro Hac Vice*)
                       Luke T. Cadigan (*Pro Hac Vice*)
                       Sarah M Lightdale (4395661)
                       Brett H. De Jarnette (*Pro Hac Vice*)

                       Cooley LLP
                       3175 Hanover Street
                       Palo Alto, CA  94304-1130
                       Phone: (650) 843-5000
                       Fax:   (650) 849-7400
                       Email: pgibbs@cooley.com;
                       slightdal@cooley.com;
                       lcadigan@cooley.com;
                       bdejarnette@cooley.com

                       Attorneys for Defendant
                       KIK INTERACTIVE INC.

                       Kenneth R. Lench (*Pro Hac Vice*
                       *forthcoming*)

                       Kirkland & Ellis LLP
                       655 Fifteenth Street, N.W.
                       Washington, D.C. 20005-5793
                       Phone: (202) 879-5270
                       kenneth.lench@kirkland.com

                       Attorney for Defendant
                       KIK INTERACTIVE INC.

## CERTIFICATE OF SERVICE

I, Brett H. De Jarnette, am over the age of eighteen years, and not party to the within action. I solemnly swear and state that I served originals of the within document(s).

**DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES**

☒ **BY ELECTRONIC DELIVERY**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Stephan Jacob Schlegelmilch
(schlegelmilch@sec.gov)
Securities and Exchange Commission
100 F Street NE, Mailstop 5971
Washington, DC  20549
Tel: (202) 551-4935
Fax: (202) 772-9292

David S. Mendel
(mendeld@sec.gov)
Securities and Exchange Commission
100 F Street NE, Mailstop 5971
Washington, DC  20549
Tel: (202) 551-4418

*/s/ Brett H. De Jarnette*
Brett H. De Jarnette