UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
U.S. SECURITIES AND EXCHANGE COMMISSION, :
:
       Plaintiff,
:
  vs.                            Civil Action No. 19-cv-5244 (AKH)
:
KIK INTERACTIVE INC.,
:
       Defendant.
:
------------------------------------- X

**[PROPOSED] STIPULATED PROTECTIVE ORDER AND PROTOCOL FOR ELECTRONICALLY STORED INFORMATION**

**ALVIN K. HELLERSTEIN, U.S.D.J.**:

    **WHEREAS**, Plaintiff U.S. Securities & Exchange Commission (the "Commission") and Defendant Kik Interactive, Inc. ("Kik") (each a "Party" and collectively the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action; and

    **WHEREAS**, the Parties have conferred in good faith and have agreed upon the terms of this Stipulated Protective Order; and

    **WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    **IT IS HEREBY ORDERED** that any person subject to this Order – including without limitations the Parties to this action, their (including their respective corporate affiliates, parents, successors, and assigns), their partners, representatives, agents, Experts and consultants, all third

parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

## I. PROTECTIVE ORDER

### A. Definitions

1. "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, as well as the expert witness's or consultant's assistants, support staff, and agents.

2. "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

3. "Protected Information," as used herein, means any information of any type, kind, or character that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any of the supplying or receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Protected Information shall only be used for purposes of the litigation.  In designating information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, a Party will make such designation only as to information that it in good faith believes contains Protected Information. Information or material which is available to the public shall not be protected.

4. "Producing Party" or "Designating Party" shall mean a Party to this action or a third party (including counsel for the Party or third party) who requests the protections provided by this Order, and who is producing Protected Information pursuant to any discovery request, subpoena, or otherwise.

5. "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  **6.** "Receiving Party" or "Non-Designating Party" shall mean the Party who is the recipient of Protected Information supplied by the Producing Party or Designating Party.

  **7.** "Counsel of Record" shall mean the undersigned counsel who have executed this Order.

  **B.** <u>**Scope**</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

  **C.** <u>**Designating Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL**</u>

  **8.** Any Protected Information may be designated by the Producing Party or Designating Party and marked CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production or disclosure.  Protected Information as used in this Order shall refer to the original and copies of any so designated documents, testimony or other discovery material. All notes, extracts and summaries of materials marked CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be considered Protected Information and be subject to the terms of this Order.

**(a)** Material designated as CONFIDENTIAL is material which has not been made public and which concerns or relates to the proprietary or sensitive information used by the Producing Party in, or pertaining to, their business, which is not generally known and would not normally be revealed to third parties without an agreement to maintain it in confidence, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that Party's business.

**(b)** Material designated as HIGHLY CONFIDENTIAL is material for which (1) at the time of the designation contains or constitutes trade secrets or highly confidential business or financial information, (2) there is a substantial risk that, absent such a designation, its receipt by the public or non-parties to the litigation could cause competitive and/or economic harm to the Producing Party, and (3) such materials would not otherwise be adequately protected under the procedures set forth herein for CONFIDENTIAL information.

**9.** **Documents**. To designate documents, including the papers served and/or filed in this action, as Protected Information, the designating party must place or affix on each designated page of such material one of the following markings prior to its production: CONFIDENTIAL or HIGHLY CONFIDENTIAL (or in the case of electronic versions of spreadsheets and other documents, such designation may be made on the physical media (e.g., CD) containing such electronic version).

**10.** **Written Discovery Responses**. For interrogatory answers and responses to requests for admissions, counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses, or specific parts thereof, contain either Confidential Information or Highly Confidential Information. In addition, counsel for the Producing Party will place the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

legend on the front page and each applicable subsequent page of any set of answers or responses containing Protected Information.

**11.     Depositions.** Parties may identify as CONFIDENTIAL or HIGHLY CONFIDENTIAL specific portions of deposition transcripts and video that it believes in good faith constitute Protected Information. If the non-designating party believes that any disclosure of information at the deposition should not be treated as Protected Information, the party may object to the designation pursuant to the process set forth in paragraphs 20-22.

**D.     Disclosure of Protected Information**

**12.**     Any Protected Information designated HIGHLY CONFIDENTIAL shall not be disclosed, in whole or in part, to any person or entity other than the following:

**(a)**     Counsel of Record for the Parties, including, but not limited to, lawyers and support staff as reasonably necessary for the prosecution of the case;

**(b)**     In-house counsel for Kik, Eileen Lyon, provided that she agree in writing to abide and be bound by the terms of this Protective Order by executing the Acknowledgement of Non-Disclosure attached hereto as Exhibit A;

**(c)**     Non-Party Experts or other litigation support personnel who are expressly engaged by Counsel of Record to provide Expert testimony or to assist in discovery and/or preparation for trial, with disclosure only to the extent necessary to perform such work, and provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing the Acknowledgement of Non-Disclosure attached hereto as Exhibit A;

**(d)**     The Court and Court reporters employed in connection with this action, including, outside stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary);

**(e)**     Professional Vendors to whom disclosure is reasonably necessary for this

litigation;

      **(f)**    Employees of an independent commercial service providing copying, coding, digitizing and/or trial support services at the direction of Counsel of Record;

      **(g)**    The Chief Executive Officer of Kik, provided that he agrees in writing to abide and be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A;

      **(h)**    Any author or recipient of the Protected Information as specifically reflected on the face of the instrument;

      **(i)**    Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

      **(j)**    Any other person as to whom the Designating Party consents in writing; and

      **(k)**    Witnesses at deposition or trial, but only in connection with preparation for and during the course or his or her deposition or trial testimony, provided that person has agreed in writing to abide and be bound by the terms of this Protective Order by executing the Acknowledgement of Non-Disclosure attached hereto as Exhibit A.

      **13.**    Any Protected Information designated CONFIDENTIAL shall not be disclosed, in whole or in part, to any person or entity other than the following:

      **(a)**    Anyone who qualifies for disclosure of Protected Information designated HIGHLY CONFIDENTIAL pursuant to paragraph 9 above; and

      **(b)**    The Parties, and their officers, directors, employees, attorneys and consultants, to the extent necessary to assist in the prosecution or defense of claims asserted in this litigation.

      **14.**    Notwithstanding any provisions contained herein, nothing in this Order shall limit

the right of the SEC to make Routine Uses of Information as set forth in SEC Forms 1661 and/or 1662.

    **15.**    In the event of any disclosure of Protected Information other than in the manner authorized by this Order, counsel for the Party responsible for the disclosure shall immediately notify counsel for the Producing Party of the facts and circumstances of such disclosure, including the identity of the unauthorized recipient(s) and the specific information disclosed to such person(s), and shall make every effort to prevent further unauthorized disclosure by, among other things, retrieving all such disclosed material and copies of such materials and making good faith efforts to have all unauthorized persons to whom disclosure was made agree in writing to abide and be bound by the terms of this Protective Order.

    **E.**    **Inadvertent Disclosure of Protected Information**

    **16.**    In the event that a Producing Party mistakenly or inadvertently fails to stamp or otherwise designate a document or other information as Protected Information at the time of its production, it may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party shall mark the document or information in the manner requested by the Producing Party and thereafter treat the document or information in accordance with such marking.

    **F.**    **Filing of Protected Information Under Seal**

    **17.**    All information subject to the provisions of this Protective Order, including deposition transcripts and papers filed or lodged with the Court, shall be designated as Protected Information and filed under seal upon motion compliant with this Judge Hellerstein's Individual Rule 4.

    **G.**    **Use of Protected Information**

    **18.**    Persons receiving Protected Information under this Order shall not (1) make such Protected Information public; (2) use such Protected Information for any purpose other than for

this action; (3) disseminate Protected Information beyond the extent necessary for this action; and (4) disclose such Protected Information to any person not specified in paragraphs 12 or 13 hereof, as applicable, without prior written consent of the Designating Party or further order of this Court. Counsel of Record in this action and the parties hereto shall take reasonable steps necessary to maintain such Protected Information in confidence and prevent persons from using, disclosing, or recording the Protected Information for any other purpose.

19. The restrictions set forth in this Order shall no longer apply to Confidential Information which subsequently becomes public knowledge, unless in violation of this Order. Additionally, the restrictions set forth in this Order do not apply to a Producing Party's use of its own Confidential Information.

H. **Challenging Confidentiality Designations**

20. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

21. A Party that elects to challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain in writing, and for each individual designation and with specificity the basis for its belief that the confidentiality designation was not proper. The Designating Party must respond in writing within seven (7) business days that it will either revise the confidentiality designation or, if not, to explain the basis for the chosen designation. A Designating Party's failure to respond within the time permitted constitutes a waiver of the designation.

22. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating Party shall follow the procedures set forth in Judge Hellerstein's Individual Rule (2)(E) to obtain relief. The burden of proving that

information is properly designated shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### I.     Reservation of Rights

23.    Nothing herein shall be construed to limit in any way a Party's use of its own Protected Information.

24.    This Order is intended to provide a mechanism for the handling of Protected Information where there is no objection to its disclosure or production other than on grounds of confidentiality. Each Party reserves the right to object to any disclosure of information or production of any documents it deems Protected Information on any other ground it may deem appropriate.

25.    Any Party may move for relief from, or modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

26.    Nothing in this Order shall preclude any Party to this action, its attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or materials not obtained in discovery in this lawsuit, even though the same information or materials may have been produced in discovery in this lawsuit and designated as Protected Information, if that information or material:

    **(a)**    Was, is, or becomes public knowledge, not in violation of this Order;

    **(b)**    Is acquired by the Non-Designating Party from a third party having the right to disclose such information or material.

### J.     Duration

27.    This Order regulates the handling of Protected Information during the pendency of

this action, including all appeals, and shall remain in full force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by Order of the Court.

    **K.**    **Privilege**

    **28.**    Pursuant to Fed. R. Evid. 502(d), the production or disclosure of any material subject to work-product privilege, the attorney-client privilege, or other legal privilege protecting information from discovery, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). For the avoidance of doubt, the Parties will not conduct any inquiry into the factors listed in Federal Rule of Evidence 502(b) or any other factors to analyze the circumstances leading to the production of information subject to a claim of protection. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privilege and/or protected information before production.

    **(a)**    With respect to such disclosed materials, the producing party must provide written notice to any other parties of the discovery that the production or disclosure of such materials has been made. After being notified, the Receiving Party must within ten (10) days return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.

    **(b)**    The party that produced or disclosed such information shall, within fourteen (14) days after notifying the other parties of the production: provide a privilege log identifying the discovery material and the basis for the claim of privilege, and produce redacted versions of the materials at issue if only portions of the materials contain privileged subject matter.

L.     **Subpoenas and Non-Parties**

29.    The provisions of this Order shall be applicable and available to non-parties who produce Protected Information in response to a subpoena, and who in good faith believe that such material contains Protected Information, if that non-Party requests the protection of this Order as to its Confidential Information.

II.    **ELECTRONICALLY STORED INFORMATION**

30.    The parties further agree that for all document productions after the date of this Order, the parties will follow the SEC's Data Delivery Standards, as revised in August 2017, a copy of which is attached as Exhibit B to this Order.

Dated: October 29, 2019

By: /s/ Stephan J. Schlegelmilch
Stephan J. Schlegelmilch
David S. Mendel
Laura D'Allaird
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-5971
202.551.4935 (Schlegelmilch)
301.623.1184 (facsimile)
SchlegelmilchS@SEC.gov
*Attorney for Plaintiff*
U.S. SECURITIES AND EXCHANGE COMMISSION

By: /s/ *Patrick E. Gibbs*
Patrick E. Gibbs (*Pro Hac Vice*)
Luke T. Cadigan (*Pro Hac Vice*)
Sarah M. Lightdale (4395661)
Brett H. De Jarnette (*Pro Hac Vice*)

Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Phone: (650) 843-5000
Fax: (650) 849-7400
Email: pgibbs@cooley.com;
lcadigan@cooley.com;
slightdale@cooley.com;
bdejarnette@cooley.com

Attorneys for Defendant
KIK INTERACTIVE INC.

Kenneth R. Lench (*Pro Hac Vice forthcoming*)

Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Phone: (202) 879-5270
kenneth.lench@kirkland.com

Attorney for Defendant
KIK INTERACTIVE INC.

**SO ORDERED.**

_____
Hon. Alvin K. Hellerstein, U.S.D.J.