# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

U.S. SECURITIES AND EXCHANGE          :
COMMISSION,
                                      :
            Plaintiff,                      Civil Action No. 19-cv-5244 (AKH)
                                      :
      vs.
                                      :
KIK INTERACTIVE INC.,
                                      :
            Defendant.
                                      :

------------------------------------ X

### NOTICE OF VIDEOTAPED DEPOSITION OF WILLIAM H. HINMAN

To:   Plaintiff and Counsel of Record

      Please take notice that pursuant to Fed. R. Civ. P. 30, Defendant Kik Interactive, Inc. will

take the oral deposition testimony of William H. Hinman on November 1, 2019 at 9:30 a.m. at

the offices of Cooley LLP, 1299 Pennsylvania Avenue NW, Suite 700, Washington, DC 20004.

The deposition will be held before a qualified court reported and will be recorded

videographically.

Dated: September 27, 2019                    Respectfully submitted,


By: /s/ *Patrick E. Gibbs*
_____

Patrick E. Gibbs (*Pro Hac Vice*)
Brett H. De Jarnette (*Pro Hac Vice*)
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Phone: (650) 843-5000
Fax:    (650) 849-7400
Email: pgibbs@cooley.com;
bdejarnette@cooley.com

Sarah M. Lightdale (SL7122)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6374
Fax:    (212) 479-6275
Email: slightdale@cooley.com

Luke T. Cadigan (*Pro Hac Vice*)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA  02116-3736
Phone: (617) 937-2425
Email: lcadigan@cooley.com;

Kenneth R. Lench (*Pro Hac Vice
forthcoming*)
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Phone: (202) 879-5270
kenneth.lench@kirkland.com


Attorney for Defendant
KIK INTERACTIVE INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| U.S. Securities and Exchange Commission | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   19-cv-5244 |
| Kik Interactive Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          William H. Hinman
        Securities and Exchange Commission, 100 F St NE, Washington, DC 20002
                *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Cooley LLP<br>1299 Pennsylvania Avenue NW<br>Washington, DC 20004 | Date and Time:<br><br>11/01/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:     Stenographic and video

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/27/2019

                *CLERK OF COURT*

                                                    OR

_____                    /s/ Luke T. Cadigan
  *Signature of Clerk or Deputy Clerk*                    _____
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

---

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   19-cv-5244

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------- X

U.S. SECURITIES AND EXCHANGE          :
COMMISSION,
                                      :
                Plaintiff,
                                          Civil Action No. 19-cv-5244 (AKH)
        vs.                           :

                                      :
KIK INTERACTIVE INC.,
                                      :
                Defendant.

--------------------------------- X

<u>**NOTICE OF VIDEOTAPED DEPOSITION OF VALERIE A. SZCZEPANIK**</u>

To:    Plaintiff and Counsel of Record

        Please take notice that pursuant to Fed. R. Civ. P. 30, Defendant Kik Interactive, Inc. will

take the oral deposition testimony of Valerie A. Szczepanik November 12, 2019 at 9:30 a.m. at

the offices of Cooley LLP, 55 Hudson Yards, New York, NY 10001. The deposition will be held

before a qualified court reported and will be recorded videographically.

Dated: September 27, 2019                Respectfully submitted,


By: /s/ *Patrick E. Gibbs*
_____

          Patrick E. Gibbs (*Pro Hac Vice*)
          Brett H. De Jarnette (*Pro Hac Vice*)
          Cooley LLP
          3175 Hanover Street
          Palo Alto, CA  94304-1130
          Phone: (650) 843-5000
          Fax:    (650) 849-7400
          Email: pgibbs@cooley.com;
          bdejarnette@cooley.com

          Sarah M. Lightdale (SL7122)
          Cooley LLP
          55 Hudson Yards
          New York, NY 10001-2157
          Phone: (212) 479-6374
          Fax:    (212) 479-6275
          Email: slightdale@cooley.com

          Luke T. Cadigan (*Pro Hac Vice*)
          Cooley LLP
          500 Boylston Street, 14th Floor
          Boston, MA  02116-3736
          Phone: (617) 937-2425
          Email: lcadigan@cooley.com;

          Kenneth R. Lench (*Pro Hac Vice forthcoming*)
          Kirkland & Ellis LLP
          655 Fifteenth Street, N.W.
          Washington, D.C. 20005-5793
          Phone: (202) 879-5270
          kenneth.lench@kirkland.com


          Attorney for Defendant
          KIK INTERACTIVE INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| U.S. Securities and Exchange Commission<br>*Plaintiff* | )<br>)<br>) |
| v. | )    Civil Action No.   19-cv-5244 |
| Kik Interactive Inc.<br>*Defendant* | )<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                    William H. Hinman
Securities and Exchange Commission, 100 F St NE, Washington, DC 20002
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cooley LLP<br>1299 Pennsylvania Avenue NW<br>Washington, DC 20004 | Date and Time:<br><br>       11/01/2019 9:30 am |
|---|---|

       The deposition will be recorded by this method:    Stenographic and video

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/27/2019

            *CLERK OF COURT*
                                       OR

| | |
|---|---|
| *Signature of Clerk or Deputy Clerk* | /s/ Luke T. Cadigan<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   19-cv-5244

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                              *Server's signature*

                                        _____
                                                              *Printed name and title*

                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

U.S. SECURITIES AND EXCHANGE
COMMISSION,                                :

                                           :

                    Plaintiff,             :         Civil Action No. 19-cv-5244 (AKH)

                                           :
        vs.
                                           :
KIK INTERACTIVE INC.,
                                           :
                    Defendant.

------------------------------------- X

## <u>NOTICE OF VIDEOTAPED DEPOSITION OF JONATHAN A. INGRAM</u>

To:     Plaintiffs and Their Counsel of Record

        Please take notice that pursuant to Fed. R. Civ. P. 30, Defendant Kik Interactive, Inc. will

take the oral deposition testimony of Jonathan A. Ingram on November 26, 2019 at 9:30 a.m. at

the offices of Cooley LLP, 1299 Pennsylvania Avenue NW, Suite 700, Washington, DC 20004.

The deposition will be held before a qualified court reported and will be recorded videographically.

Dated: October 4, 2019                      Respectfully submitted,


By: /s/ *Patrick E. Gibbs*
_____

    Patrick E. Gibbs (*Pro Hac Vice*)
    Brett H. De Jarnette (*Pro Hac Vice*)
    Cooley LLP
    3175 Hanover Street
    Palo Alto, CA  94304-1130
    Phone: (650) 843-5000
    Fax:    (650) 849-7400
    Email: pgibbs@cooley.com;
    bdejarnette@cooley.com

    Sarah M. Lightdale (SL7122)
    Cooley LLP
    55 Hudson Yards
    New York, NY 10001-2157
    Phone: (212) 479-6374
    Fax:    (212) 479-6275
    Email: slightdale@cooley.com

    Luke T. Cadigan (*Pro Hac Vice*)
    Cooley LLP
    500 Boylston Street, 14th Floor
    Boston, MA  02116-3736
    Phone: (617) 937-2425
    Email: lcadigan@cooley.com;

    Kenneth R. Lench (*Pro Hac Vice*
    *forthcoming*)
    Kirkland & Ellis LLP
    655 Fifteenth Street, N.W.
    Washington, D.C. 20005-5793
    Phone: (202) 879-5270
    kenneth.lench@kirkland.com

    Attorney for Defendant
    KIK INTERACTIVE INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | | |
|---|---|---|
| U.S. Securities and Exchange Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-cv-5244 |
| Kik Interactive Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           William H. Hinman
Securities and Exchange Commission, 100 F St NE, Washington, DC 20002

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Cooley LLP<br>1299 Pennsylvania Avenue NW<br>Washington, DC 20004 | Date and Time:<br><br>11/01/2019 9:30 am |
|---|---|---|

The deposition will be recorded by this method:     Stenographic and video

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       09/27/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Luke T. Cadigan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    19-cv-5244

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                                    *Server's signature*

                                                             _____
                                                                    *Printed name and title*

                                                             _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ X
                                     :
U.S. SECURITIES AND EXCHANGE         :
COMMISSION,                          :
                                     :
            Plaintiff,               :       Civil Action No. 19-cv-5244 (AKH)
                                     :
      vs.                            :
                                     :
KIK INTERACTIVE INC.,                :
                                     :
            Defendant.               :
                                     :
------------------------------------ X
```

### NOTICE OF RULE 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the defendant in the above-captioned action will take the deposition upon oral examination of one or more representatives authorized to testify on behalf of plaintiff U.S. Securities and Exchange Commission, who have knowledge of the topics listed in the attached Schedule A, at a place, date and time to be determined, before a notary public or other person authorized to administer oaths.  The examinations will be recorded by a stenographer.  The depositions shall continue day to day until completed or as agreed to by the parties.

Dated: October 3, 2019                 Respectfully submitted,


                                       By: /s/ *Patrick E. Gibbs*
                                       _____
                                           Patrick E. Gibbs (*Pro Hac Vice*)
                                           Brett H. De Jarnette (*Pro Hac Vice*)
                                           Cooley LLP
                                           3175 Hanover Street
                                           Palo Alto, CA  94304-1130
                                           Phone: (650) 843-5000
                                           Fax:    (650) 849-7400
                                           Email: pgibbs@cooley.com;
                                           bdejarnette@cooley.com

                                           Sarah M. Lightdale (SL7122)
                                           Cooley LLP
                                           55 Hudson Yards
                                           New York, NY 10001-2157
                                           Phone: (212) 479-6374
                                           Fax:    (212) 479-6275
                                           Email: slightdale@cooley.com

                                           Luke T. Cadigan (*Pro Hac Vice*)
                                           Cooley LLP
                                           500 Boylston Street
                                           Boston, MA  02116-3736
                                           Phone: (617) 937-2425
                                           Email: lcadigan@cooley.com;

                                           Kenneth R. Lench (*Pro Hac Vice
                                           forthcoming*)
                                           Kirkland & Ellis LLP
                                           655 Fifteenth Street, N.W.
                                           Washington, D.C. 20005-5793
                                           Phone: (202) 879-5270
                                           kenneth.lench@kirkland.com


                                           Attorney for Defendant
                                           KIK INTERACTIVE INC.

**SCHEDULE A**

This Notice incorporates by reference the definitions set forth in Kik Interactive Inc.'s First Request for Production of Documents to Plaintiff U.S. Securities and Exchange Commission.

**TOPICS**

1.     The SEC's general knowledge and awareness of the existence of Virtual Currencies and/or Digital Assets, and of the existence of offerings or sales of same, during the period January 1, 2010 to the present.

2.     The SEC's position or policy, and any change to its position or policy, concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Virtual Currencies, Digital Assets, and/or the offer and sale of Virtual Currencies or Digital Assets from January 1, 2013 to June 1, 2019, including any guidance or public statements issued by the SEC during that time.

3.     The SEC's decisions whether or not to issue public guidance, from January 1, 2013 to present, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

4.     The SEC's decision to issue the "Framework for 'Investment Contract' Analysis of Digital Assets, issued by Division of Corporation Finance," available at https://www.sec.gov/corpfin/framework-investment-contract-analysis-digital-assets, the process by which it was prepared, and any determinations or guidance contained therein.

5. The SEC's position or policy, and any change to its position or policy, concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Bitcoin and/or Ether from January 1, 2013 to June 1, 2019.

6. Communications between the SEC and the U.S. Department of Treasury (including, but not limited to, the Internal Revenue Service and the Financial Crimes Enforcement Network ("FinCEN")), from January 1, 2013 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

7. Communications between the SEC and the U.S. Commodities Futures Trading Commission, from January 1, 2013 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

8. Communications between the SEC and the Ontario Securities Commission, from January 1, 2017 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Kin.

9. Communications between the SEC and foreign securities regulators, from January 1, 2015 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

10. Communications between the SEC and members of the U.S. Congress, from January 1, 2013 to June 1, 2019, concerning the application of federal securities laws (including,

but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

11.      Communications between the SEC and distributed ledger industry stakeholders or other groups representing the interests of entities working with Virtual Currencies and/or Digital Assets, from January 1, 2013 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

12.      Communications between the SEC and exchanges or trading platforms for Virtual Currencies and/or Digital Assets, from January 1, 2013 to June 1, 2019, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of Virtual Currencies and/or Digital Assets.

13.      Communications between the SEC and elected federal or state officials, concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of Virtual Currencies and/or Digital Assets.

14.      The factual basis for and circumstances surrounding the SEC's decision whether or not to issue public statements, from January 1, 2013 to present, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

15.      The process of reviewing, revising, approving, and issuing public statements, from January 1, 2013 to June 1, 2019, by the SEC concerning the application of federal securities

laws (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

16.     Enforcement actions and investigations concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets from January 1, 2013 to June 1, 2018, and the SEC's process and considerations for determining whether to pursue or initiate those enforcement actions and investigations.

17.     The DAO Report, the SEC's investigation of the DAO, and the SEC's basis for not pursuing enforcement actions against the entities and individuals identified therein.

18.     The SEC's investigation of and settled enforcement action against Block.one and the basis for the remedies and sanctions sought in that matter.  *See* SEC Release No. 10714 (Sep. 30, 2019), *available at* https://www.sec.gov/litigation/admin/2019/33-10714.pdf.

19.     Requests for no action letters concerning Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets submitted to the SEC from January 1, 2014 to June 1, 2019, and the SEC's process and considerations, and any changes in that process and those considerations, for determining whether to issue no action letters.

20.     Proposed offerings of Virtual Currencies and/or Digital Assets under Regulation A of the Securities Act of 1933 considered by the SEC from January 1, 2015 to June 1, 2018, and the SEC's process and considerations, and any changes in that process and those considerations, for determining whether to approve those offerings.

21.     The SEC's determination, position taken, or policy concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of

1933) to individuals and entities responsible for projects listed on crowdfunding platforms such

as Kickstarter.com and Indiegogo.com.