# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

U.S. SECURITIES AND EXCHANGE       :
COMMISSION,
      :
           Plaintiff,            Civil Action No. 19-cv-5244 (AKH)
      :
   vs.
      :

KIK INTERACTIVE INC.,
      :
           Defendant.

------------------------------------- X

## KIK INTERACTIVE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Kik Interactive Inc. ("Kik") submits the following interrogatories to Plaintiff Securities and Exchange Commission provide sworn written responses to the following interrogatories no later than thirty days after service of this document.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.       "Action" means the civil action that the SEC filed in the United States District Court for the Southern District of New York on June 4, 2019, captioned *U.S. Securities and Exchange Commission v. Kik Interactive, Inc.* Case No., 1:19-cv-5244 (AKH).

2.       "Communication(s)" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

3.       "Complaint" means the complaint filed by the SEC in this Action on June 4, 2019. *See* ECF. No. 1.

4.       "Concerning" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

5.       "Document(s)" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

6.      "DAO Report" means SEC Release No. 81207 (July 25, 2017) and has the same meaning as it does in Paragraphs 17 and 106 of the Complaint.

7.      The term "Digital Asset" has the same meaning as it does in Paragraphs 29-33 of the Complaint.

8.      "Government Entity" means any federal, state or foreign government criminal, civil or regulatory agency or authority, or any current or former employee or agent thereof.  For the avoidance of doubt, Government Entity includes, but is not limited to, the U.S. Internal Revenue Service, the U.S. Commodity Futures Trading Commission, the Financial Crimes Enforcement Network ("FinCEN"), and the Ontario Securities Commission.

9.      "Includes" and "Including" means including, but not limited to.

10.     "Investigation" refers to the investigations of individuals and entities that resulted in the filing of the Complaint, including, but not limited to, the SEC investigation captioned *In the Matter of Kik Interactive, Inc.* (HO-13388), and the subject matter of the investigation.

11.     "Kik" means Kik Interactive, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

12.     "Kin" means the Virtual Currency referenced in Paragraph 1 of the Complaint.

13.     "Kin Foundation" means the nonprofit organization referenced in Paragraphs 151-155 of the Complaint, including any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

14.     "Virtual Currency" means a digital representation of value that can be digitally traded and functions as a medium of exchange; and/or a unit of account; and/or a store of value. *See* DAO Report at 3, n.5; *In re Bitcoin Investment Trust and SecondMarket, Inc.*, Rel. No. 34-78282 (July 11, 2016) at 2, n.1 (cited in the DAO Report); *In re Erik T. Voorhees*, Rel. No. 33-9592 (June 3, 2014) at 1, n.1 (cited in the DAO Report).

15.     The words "Plaintiff," "SEC," "You" or "Your" refer to the plaintiff in this action, as defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.  For the avoidance of doubt, that definition encompasses each of the Divisions and Offices of the SEC, including the Division of Enforcement, the Division of Corporation Finance, the Office of the Chief Accountant, and the Division of Economic and Risk Analysis, and any current or former SEC Commissioner, staff member, or employee.

16.     The terms "all," "any," and "each" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

17.     The connectives "and" and "or" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

## INSTRUCTIONS

1.      In answering these Interrogatories, the responding party shall furnish all information available to it or subject to its reasonable inquiry, including information in the possession of its attorneys, accountants, advisors, staff, Commissioners, or other persons directly or indirectly employed by, or connected with, it or anyone else otherwise subject to its control.

2.      In answering these Interrogatories, please restate the Interrogatory in full before stating the response thereto.

3.      If an Interrogatory cannot be answered in full, answer to the extent possible, specify the reason for the inability to answer the remainder, and state whatever information and knowledge is responsive to the unanswered portion.

4.      If any response or portion thereof is withheld or objected to under a claim of privilege or work-product immunity, describe for each such response or part thereof:

        a.   The subject matter of the privileged information;

        b.   The privilege or immunity claimed and the facts giving rise to the privilege or immunity;

        c.   If the immunity pertains to communications, the date and place of those communications; and

        d.   All participants in those communications, specifically identifying any third-parties or lawyers who were present, and the clients of any lawyers who were present.

5.      If the objection is raised that a particular Interrogatory, or a definition or instruction applicable thereto, is ambiguous or vague, such contention shall not provide a basis for refusing to respond.  Please set forth the allegedly ambiguous language and the interpretation of that language that is adopted in responding to the Interrogatory in question.

6.      If the objection is raised that a particular Interrogatory, or a definition or instruction applicable thereto, is overbroad or unduly burdensome, please identify those parts of the Interrogatory that are overbroad and unduly burdensome, explain in detail why those parts are

overbroad or unduly burdensome, and respond to those parts of the Interrogatory that are not overbroad or unduly burdensome.

7.      If the objection is raised that any part of your response to an Interrogatory contains private personal information, trade secrets, or other proprietary or confidential business information, such contention shall not provide a basis for refusing to respond within the time required by the applicable discovery rule(s).  Please confer with counsel for Kik *in advance of the deadline for your response* so that the parties may negotiate and enter into an appropriate protective order.

8.      These Instructions, Definitions, and Interrogatories are designed and intended to elicit information concerning the SEC's allegations against Kik and any supposed facts underlying those allegations, and no statement made in this document should be interpreted as a concession or admission by Kik of any kind whatsoever.

9.      Unless otherwise indicated, the time period covered by these Interrogatories is January 1, 2012 through present, and shall encompass all documents and information concerning in whole or in part such period, or relating to events and circumstances during such period, even though dated, prepared, generated, or received before or after that period.

10.     These Interrogatories shall be deemed to be continuing, and any additional information different from that which you provide in response to these Interrogatories, which you acquire subsequent to the date of responding to these Interrogatories, up to and including the date of trial, shall be furnished to Kik promptly after such information is acquired.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all individuals whom You interviewed or from whom You sought information in connection with the Investigation, including the date(s) of Your communications with the witnesses, and a detailed description of the information communicated to and by those witnesses.

**INTERROGATORY NO. 2:**

Identify the Kin purchasers identified in Your Initial Disclosures from whom You have obtained statements and/or Documents, and describe in detail the nature and content of those statements and/or Documents.

**INTERROGATORY NO. 3:**

Describe in detail the SEC's policy or position from January 1, 2012 to June 4, 2019 on whether Virtual Currencies and Digital Assets constitute investment contracts or securities, including in your explanation, the first date the SEC or any Division formed any such policy or position, any revisions to or changes in that policy or position and the dates of such revisions or changes, and each time the SEC or any Division communicated its policy or position publicly.

**INTERROGATORY NO. 4:**

Identify the SEC staff members primarily charged with developing or assisting the development of the SEC's policy and position on whether Virtual Currencies and/or Digital Assets constitute investment contracts or securities, including what public statements, guidance, rules or regulation (if any) should be issued regarding whether Virtual Currencies and/or Digital Assets constitute investment contracts or securities; and when (if at all) the SEC should seek to enforce U.S. federal securities laws with respect to the offer and sale of Virtual Currencies and/or Digital Assets.

**INTERROGATORY NO. 5:**

Identify the SEC staff members who participated in the drafting, including any review and revision, of the DAO Report.

**INTERROGATORY NO. 6:**

Identify the SEC staff members who participated in the drafting, including any review and revision, of the "Framework for 'Investment Contract' Analysis of Digital Assets, issued by Division of Corporation Finance," available at https://www.sec.gov/corpfin/framework-investment-contract-analysis-digital-assets.

**INTERROGATORY NO. 7:**

Identify the SEC staff members who participated in the drafting, including any review and revision, of the Letter dated March 7, 2019 from Chairman Jay Clayton to U.S. Congressman Ted Budd.

**INTERROGATORY NO. 8:**

Identify all communications the SEC has had with elected federal or state officials or members of Virtual Currency or Digital Asset working groups or trade associations, regarding the issuance of further guidance, rules, or regulations concerning whether Virtual Currencies and Digital Assets constitute investment contracts or securities, indicating the date of each such communication, the persons involved in the communication, and the substance of the communications.

**INTERROGATORY NO. 9:**

Identify all public statements, guidance, rules, or regulations, or specifically addressing Virtual Currencies or Digital Assets that the SEC has issued from January 1, 2013 to June 4, 2019, and for each, identify the SEC Staff involved in the preparation of that public statement, guidance, rule or regulation.

**INTERROGATORY NO. 10:**

Identify all entities that the SEC is aware may have engaged in an possible offer or sale of a Virtual Currency and/or Digital Asset from January 1, 2013 to June 4, 2019, and for each indicate whether and when the SEC contacted that entity, whether and when it initiated an investigation, whether and when it brought an enforcement action alleging an unregistered offer and sale of securities, and the current status and/or disposition of the matter.

**INTERROGATORY NO. 11:**

For no action requests relating to Virtual Currencies and/or Digital Assets received by the SEC, identify the date each request was received and the status and/or disposition of each, including expressly identifying any no action letters issued.

**INTERROGATORY NO. 12:**

For each application relating to Regulation A offerings of Virtual Currencies and/or Digital Assets received by the SEC, identify the date when each application was received and the status and/or disposition of each.

**INTERROGATORY NO. 13:**

For each digital asset and/or Virtual Currencies or Digital Assets that has contacted the SEC seeking to be registered as an exchange or alternative trading platform, identify when each contact was first made and the status and/or disposition of each such request.

**INTERROGATORY NO. 14:**

Explain in detail the basis for your contention in Paragraph 102 that the stickers and emojis available to users at the time of Kik's ICO constituted a "superficial Minimum Viable Product."

**INTERROGATORY NO. 15:**

Explain in detail the basis for Your contention in Paragraph 126 of the Complaint that "throughout the period in which Kik offered and sold Kin – including through Kik's last sale of Kin in the public sale that ended by September 26, 2017 – there was no Ecosystem as described in Kik's white paper and other marketing."

**INTERROGATORY NO. 16:**

Explain in detail the basis for Your contention in Paragraph 127 of the Complaint that Kin purchasers "reasonably would have expected that Kik's future efforts to create and promote the Ecosystem, by building new products, services, and systems, would increase the value of Kin if successful, and therefore, that the investors and Kik would reap future profits from Kik's efforts."

**INTERROGATORY NO. 17:**

Explain in detail the basis for Your contention in Paragraph 133 of the Complaint that "Potential Kin investors reasonably would have expected that Kik's promised future effort to integrate Kin with Kik Messenger would increase the value of Kin if successful, and, therefore, that investors and Kik would reap future profits from Kik's effort."

**INTERROGATORY NO. 18:**

Explain in detail and identify the "specific, future actions" You allege "Kik repeatedly described . . . to try to drive up Kin's value" in Paragraph 113 of the Complaint.

**INTERROGATORY NO. 19:**

Explain in detail the basis for Your contention in Paragraph 140 of the Complaint that in September 2017, "Kik had not enabled Kin transactions among users of Kik Messenger that would have relied on" the Ethereum blockchain.

**INTERROGATORY NO. 20:**

Explain in detail the basis for Your contention in Paragraph 152 that "Kik assured prospective Kin investors that Kik would dominate and control the [Kin] Foundation until an undefined time in the future."

**INTERROGATORY NO. 21:**

Identify which offers or sales of Kin You contend constitute an offer or sale of a security, including the date of the offer or sale, to whom it was made, and the basis for Your assertion that it constitutes the offer or sale of a security.

**INTERROGATORY NO. 22:**

Identify the name and, if known, address and telephone number of each individual likely to have discoverable information that contradicts, disproves, refutes, or undercuts Your allegations and claims made in the Complaint.

**INTERROGATORY NO. 23:**

Identify the name and, if known, email address and telephone number of each individual that contacted the SEC (including, but not limited to, the Office of Investor Education Advocacy and the help@sec.gov email address) concerning Kik and/or the Investigation from December 1, 2018 to June 4, 2019.

**INTERROGATORY NO. 24:**

Identify all of the evidence upon which You intend to rely to prove that Kik offered and sold securities without a registration statement in effect and without an exemption, as alleged in Paragraphs 194 and 195 of Your Complaint.

-10-

**INTERROGATORY NO. 25:**

Identify every person You expect to call as an expert witness in this case, including the subject matter upon which You expect the expert to testify, the substance of the facts and opinions to which each expert is expected to testify, and all opinions considered or formed by each expert.

Dated: October 30, 2019                            Respectfully submitted,


By: /s/ *Patrick E. Gibbs*
      Patrick E. Gibbs (*Pro Hac Vice*)
      Brett H. De Jarnette (*Pro Hac Vice*)
      Cooley LLP
      3175 Hanover Street
      Palo Alto, CA  94304-1130
      Phone: (650) 843-5000
      Fax:    (650) 849-7400
      Email: pgibbs@cooley.com;
      bdejarnette@cooley.com

      Sarah M. Lightdale (SL7122)
      Cooley LLP
      55 Hudson Yards
      New York, NY 10001-2157
      Phone: (212) 479-6374
      Fax:    (212) 479-6275
      Email: slightdale@cooley.com

      Luke T. Cadigan (*Pro Hac Vice*)
      Cooley LLP
      500 Boylston Street, 14th Floor
      Boston, MA  02116-3736
      Phone: (617) 937-2425
      Email: lcadigan@cooley.com;

      Kenneth R. Lench (*Pro Hac Vice
      forthcoming*)
      Kirkland & Ellis LLP
      655 Fifteenth Street, N.W.
      Washington, D.C. 20005-5793
      Phone: (202) 879-5270
      kenneth.lench@kirkland.com


      Attorney for Defendant
      KIK INTERACTIVE INC.

-11-

## CERTIFICATE OF SERVICE

        I hereby certify that on October 30, 2019, the foregoing document, entitled "Defendant Kik Interactive Inc.'s First Set of Interrogatories to Plaintiff Securities and Exchange Commission," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

Dated: October 30, 2019

By: */s/ Brett H. De Jarnette*
Brett H. De Jarnette
