EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

U.S. SECURITIES AND EXCHANGE                   :
COMMISSION,

                                                                :
                          The Commission,

                                                                                    Civil Action No. 19-cv-05244 (AKH)
                  vs.                                          :
                                                                                    **KIK'S RESPONSES TO THE COMMISSION'S**
                                                                                    **FIRST SET OF REQUESTS FOR PRODUCTION**
KIK INTERACTIVE INC.,                                                               **OF DOCUMENTS (NOS. 1-85)**
                                                                :
                          Defendant.

                                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PROPOUNDING PARTY:**      **U.S. SECURITIES AND EXCHANGE COMMISSION**

**RESPONDING PARTY:**       **KIK INTERACTIVE, INC.**

**SET NO.:**                **ONE (NOS. 1-85)**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Kik

Interactive, Inc. ("Kik" or the "Company") hereby responds to the U.S. Securities and Exchange

Commission's (the "Commission") First Set of Requests for Production of Documents (the

"Requests") served on August 23, 2019 as follows.

**I.      GENERAL RESPONSES**

        1.      Kik's responses to the Requests are made to the best of its current employees'

present knowledge, information, and belief, and are at all times subject to such additional or

different information that discovery or further investigation may disclose.  While based on the

present state of Kik's recollection, Kik's responses are subject to refreshing of such recollection, and such additional knowledge of facts, as may result from Kik's further discovery or investigation.

2.      Kik's responses to the Requests are made without waiving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, confidentiality, authenticity, admissibility or any other proper evidentiary grounds, to the use of, for any purpose, in whole or in part, the documents and information provided by Kik in any trial or proceeding in this or any other action; and (b) the right to amend, revise, correct, supplement or clarify the responses and objections propounded herein.

3.      Kik reserves the right to object on any grounds at any time to such other or supplemental document requests as the Commission may at any time propound involving or relating to the subject matter of these Requests.

4.      Kik reserves the right to make any use of, or to introduce at any proceeding or at trial, or elsewhere, information and/or documents responsive to the Requests but discovered and produced subsequent to the date of Kik's initial responses, including but not limited to any such information or documents obtained in discovery in this action.

5.      Kik is willing to meet and confer with the Commission regarding any objection or response to the Requests.

6.      To the extent that Kik agrees to produce information or documents in response to any particular Request, and to the extent any documents exist, Kik will produce only responsive, non-privileged information or documents in its possession, custody, or control, and will only produce documents upon the entry of a protective order amongst the parties.  Kik has no duty to, and will not, produce or identify information or documents that are not in its possession, custody, or control.

7.      Unless otherwise stipulated in a production protocol or ordered by the Court, Kik will produce each document in response to the Requests in a form in which it is ordinarily maintained or in a reasonably usable form.

8.     These objections and responses do not constitute, and shall not be interpreted as, Kik's agreement with, or admission as to the truth or accuracy of, any legal or factual characterization or allegation stated or implied in the Commission's Definitions, Instructions, or any of the individual Requests.

9.     Kik has already undertaken a robust, burdensome, and costly review and production of documents in the course of the Investigation, which are already in the Commission's possession. Kik reviewed approximately 180,000 documents containing anything related to the Kin project, from June 1, 2016 through January 18, 2018.  This included documents from over twenty current and former Kik employees, including key Kik executives.   As a result, Kik produced approximately 40,000 documents.  Kik agrees to re-produce documents that have already been produced in the scope of the Invesitgaiton in response to the Commission's previous requests, subject to a protective order to be negotiated among the parties, as well as the objections set forth below.

## II.   GENERAL OBJECTIONS

1.     Kik generally objects to the extent the Requests seek documents that Kik has already produced in the course of the Investigation.  Kik further objects to the extent the Requests are duplicative of prior requests that the Commission previously propounded on Kik in the course of the Commission's Investigation.

2.     Kik generally objects to the Requests' definitions and instructions to the extent that they seek to impose on Kik any obligations that exceed those provided for in the Federal Rules of Civil Procedure and Evidence, the Local Rules, or any other applicable rules, law, or orders issued in this case.

3.     Kik generally objects to the Requests to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of Kik's attorneys, contains privileged attorney-client communications or common interest privileged communications, or are otherwise protected from disclosure under applicable privileges, law or rules.  Kik will not produce

documents or information protected from disclosure by the attorney-client privilege or the work product document or documents protected from disclosure pursuant to Federal Rule of Evidence 501 and/or California Revenue and Taxation Code sections 451, 7056, and 19542.  Any disclosure of such protected or privileged information in any response is inadvertent and shall not constitute a waiver of such privilege, protection or immunity.

4.     Kik generally objects to the Requests to the extent they seek information or the identification of documents not within Kik's possession, custody, or control, or which is more appropriately obtained from other sources, including electronically stored information ("ESI"). Examples of such ESI include, but are not limited to, documents stored on systems for archival or recovery purposes, data at off-site premises on backup tapes, data residing in hardware buffer memories, deleted files that have not been fully overwritten, or replica data resulting from automatic back-up functions. Kik's responses are limited to the information available to it after a reasonable Investigation.  Any response to the Requests indicating that documents will be produced or identified is not an indication or representation that any such documents exist or are in Kik's possession, custody, or control, but rather that such documents will be produced or identified if they exist, are in Kik's possession, custody, or control, and are located in the course of a reasonably diligent search of appropriate sources involving a relevant time period, appropriate custodians, and appropriate search terms.

5.     Kik objects to making full production of documents within 30 days on the ground that it would be unduly burdensome.  Kik will locate and produce documents with reasonable diligence and expects to produce documents in an electronic format (and with associated metadata) to be identified and agreed by the parties.  Kik anticipates that some responsive documents will be easier to locate than others and that there may be partial productions as documents are located.

6.     Kik objects to the Requests to the extent that they are unreasonably cumulative, or duplicative.  Kik will produce each responsive document only once.

7.     Kik objects generally to all Definitions, Instructions, and Requests in which the term "concerning" or similar words or phrases appear.  This term, as defined in Definition No. 20,

is overly broad, vague, ambiguous, and unintelligible, would require subjective judgment on the part of Kik and its counsel, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine.  Without waiving this objection, and subject to all other applicable responses, objections, or privileges stated herein, in response to any Request that contains such term, Kik will produce such documents, to the extent they exist, that constitute or expressly refer to or reflect on their face information relevant to the specified subject.

8.     Kik objects to all Definitions, Instructions, and Requests in which the terms "Kik," "Defendant," "your" and "your" appear.  As defined in Definition No. 1, these terms are overbroad, vague, ambiguous, and unintelligible insofar as they include any "subsidiary, affiliate, related entity, division, successor, or predecessor thereof; and their principals, officers, directors, managing partners, partners, stockholders, employees, predecessors, successors, affiliates, assigns, heirs, agents and personal representatives acting on their behalf."  Such definition also imposes an undue burden that is disproportional to the needs of this case.  In responding to the Requests, Kik construes these terms to refer to Kik and its officers, directors, employees and agents known to Kik.

9.     Kik objects generally to the Requests because they fail to "describe with reasonable particularity each item or category of items" requested, as required by Rule 34(b)(1)(A).  "'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries." *Winfield* v. *City of New York*, No. 15CV05236LTSKHP, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018) (citations omitted) (defining reasonable particularity under Rule 30(b)(6) to mean "that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated.").  Each of the 85 Requests runs afoul of this requirement by seeking information that is overbroad, compound, and unduly burdensome in scope.  For example, Requests 5, 16, 26, 34, 39, 43, 45, and 48 contain the phrase "including, but not limited to," indicating that these Requests are not confined to the categories of documents or information described by the Requests. *See Winfield*, 2018 WL 840085, at *5.

10.     To the extent Kik will withhold any documents or communications subject solely to these General Objections, Kik will so state.  Kik is further willing to meet and confer with the Commission regarding the appropriate scope of each and every General Objection.

## III.   RESPONSES AND OBJECTIONS TO INDIVIDUAL DOCUMENT REQUESTS

Without waiving or limiting in any manner any of the foregoing General Responses and Objections and Specific Objections to Instructions and Definitions, but rather incorporating them into each of the following responses to the extent applicable, Kik responds to the specific Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents described in Section II of Kik's Rule 26 Initial Disclosures.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.   Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.**

**Subject to and without waiving the foregoing general and specific objections, to the extent any documents exist, Kik will produce non-privileged and responsive documents sufficient to show the matters sought by the Request that Kik is able to locate pursuant to a reasonably diligent search.**

**REQUEST FOR PRODUCTION NO. 2:**

Calendars, journals, notes, and other documents concerning the performance of official duties concerning any allegations in the Complaint or any defense or response thereto by any Kik employee, officer, director, or agent identified in Section I of Kik's Rule 26 Initial Disclosures.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "concerning the performance of official duties concerning any allegations in the Complaint or any defense or response thereto by any Kik employee, officer, director, or agent" as vague and ambiguous.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Edward Livingston's business and/or travel expense reports and submissions from February 16, 2017[1] through September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as

---

[1] In his letter to Brent Mitchell dated February 26, 2018, Mr. Gibbs stated that "the first mention of Kin at the Board level was on February 16, 2017."  If you are now aware of an earlier date, please use such earlier date for this Request.

overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "Edward Livingston's business and/or travel expense reports and submissions from February 16, 2017 through September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to the Commission's Request, as appended in a footnote, that "[i]f you are now aware of an earlier date, please use such earlier date for this Request," as impermissible.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.   Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 4:

All electronic mail sent and received from the Kik email account of any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures prior to June 4, 2019 that concerns any allegations in the Complaint and/or your responses or defenses thereto.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged email communications from all but two of the custodians identified in Kik's Rule 26 Initial Disclosures, utilizing, for example, the search term "Kin."

**To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning any oral or written contracts or agreements entered into between any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures and Kik, including, but not limited to, any severance or cooperation agreements.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "severance or cooperation agreements" as vague and ambiguous.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning any oral or written contracts or agreements entered into between any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures," without regard for whether such documents are relevant to the claims and defenses in this action.  In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing general and specific objections, to the extent any documents exist, Kik will produce non-privileged and responsive documents sufficient to show the matters sought by the Request that Kik is able to locate pursuant to a reasonably diligent search.**

**REQUEST FOR PRODUCTION NO. 6:**

All joint defense or common interest agreements relating to this Action or the Investigation.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kiks object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent any documents exist, Kik will produce non-privileged and responsive documents sufficient to show the matters sought by the Request that Kik is able to locate pursuant to a reasonably diligent search.**

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning any communications that you have had with any person concerning the Investigation and/or the allegations set forth the Complaint, or your responses or defenses thereto, prior to June 4, 2019.  As examples, but without limitation, this request includes: all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from, any witness or potential witness.[2]

---

[2] This request shall be deemed to exclude from its scope communications exclusively between you and your attorneys of record in this Action.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "concerning the Investigation" as vague and ambiguous.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents memorializing or evidencing any agreement, whether written or oral, with the "third party contractor, hired by Kik" described in Kik's Answer to paragraph 177 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing or evidencing any agreement, whether written or oral, with the 'third party contractor, hired by Kik,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged communications with its advisors, including the "'third party contractor, hired by Kik' described in Kik's Answer to paragraph 177 of the Complaint."  In total, Kik produced over 5,000 documents identified as "communications with advisors."  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 9:

All recordings or transcripts of public statements made by you or on your behalf on or before September 26, 2017 in connection with or regarding the offer or sale of Kin.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the

Commission.  Kik also specifically objects to the use of the terms "public statements" and "offer or sale of Kin" as vague and ambiguous.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll recordings or transcripts of public statements made by you or on your behalf on or before September 26, 2017 in connection with or regarding the offer or sale of Kin," without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all public disclosures concerning Kin made by Kik or on Kik's behalf prior to September 26, 2017, including 6,835 documents specifically identified as relating to "public disclosures." To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 10:

All statements on social media made by you or on your behalf on or before September 26, 2017 – including but not limited to, any statements on Slack, Twitter, Telegram, Medium, Facebook, and any other social media pages or platforms used by Kik or its agents – in connection with or regarding the offer or sale of Kin.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the

Commission.  Kik also specifically objects to the use of the terms "social media" and "offer or sale of Kin" as vague and ambiguous.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll statements on social media made by you or on your behalf on or before September 26, 2017 . . . in connection with or regarding the offer or sale of Kin," without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced relevant social media posts, including those on Twitter, Medium, and Reddit.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 11:

All documents memorializing, evidencing or concerning the "body of over thousands of statements, made in hundreds of speaking engagements, conferences, interviews, blog posts, articles, and other public communications," as alleged in Kik's Answer to paragraph 9 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the Commission.  Further, Kik objects to this Request as overbroad, unduly burdensome, and

not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing or concerning the 'body of over thousands of statements, made in hundreds of speaking engagements, conferences, interviews, blog posts, articles, and other public communications,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all public disclosures concerning Kin made by Kik or on Kik's behalf prior to September 26, 2017, including 6,835 documents specifically identified as relating to "public disclosures." To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 12:

To the extent not included in your response to the preceding Request, all documents memorializing, evidencing or concerning any non-public statements you made to any purchaser or potential purchaser of Kin regarding the offer or sale of Kin via SAFT agreement or otherwise.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects that the Request is overbroad and

unduly burdensome, as it is not limited in time or scope to the relevant time period.  Kik also specifically objects to the use of the terms "offer or sale of Kin" as vague and ambiguous. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents memorializing, evidencing or concerning any non-public statements you made to any purchaser or potential purchaser of Kin regarding the offer or sale of Kin via SAFT agreement or otherwise," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents and communications with participants in the pre-sale and the TDE.  This included Kik's efforts to identify or encourage participants to enter into SAFTs during the pre-sale, as well as Kik's efforts to identify or encourage participants to purchase Kin tokens during the TDE.  In response to these specific requests, Kik produced over 12,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 13:

All documents memorializing, evidencing or concerning every instance in which Kik or its agents stated publicly or to any purchaser or potential purchaser of Kin that Kik "could not guarantee value with Kin," as alleged in Kik's Answer to paragraph 9 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the Commission.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing or concerning every instance in which Kik or its agents stated publicly or to any purchaser or potential purchaser of Kin that Kik 'could not guarantee value with Kin,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik also specifically objects to the use of the terms "potential purchaser" as vague and ambiguous Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all public disclosures concerning Kin made by Kik or on Kik's behalf prior to September 26, 2017, including 6,835 documents specifically identified as relating to "public disclosures." Kik has also reviewed and produced all communications with participants in the pre-sale and the TDE.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

To the extent not provided in response to the preceding Requests, any other statement or communication by Kik made in connection with or concerning the offer or sale of Kin prior to September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the Commission. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "any other statement or communication by Kik made in connection with or concerning the offer or sale of Kin prior to September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed approximately 180,000 documents from over twenty current and former Kik employees, encompassing the period from June 1, 2016 through January 18, 2018 and utilizing broad search terms including "Kin." As a result of this robust, burdensome, and costly review, Kik has already produced 40,000 documents concerning the Kin project. To the extent the**

Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 15:

Documents sufficient to identify all social media usernames or handles used by you or others working on your behalf, beginning in May 2017 to the present.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 15:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the Commission.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Kik also specifically objects to the use of the terms "social media usernames or handles" and "working on your behalf" as vague and ambiguous.   Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to identify all social media usernames or handles used by you or others working on your behalf, beginning in May 2017 to the present," without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed approximately 180,000 documents from over twenty current and former Kik employees, encompassing the period from June 1, 2016 through January 18, 2018 and utilizing broad

search terms including "Kin."  As a result of this robust, burdensome, and costly review, Kik has already produced 40,000 documents concerning the Kin project.  Kik also specifically provided the SEC with usernames and social media handles used by any Kik employee who "drafted Communications about the Public Sale or Private Sale," including Ted Livingston, Tanner Philp, Rod McLeod, Peter Heinke, Shannon Gallico, Doody Parizada, Ory Band, Yoel Rivelis, as well as a number of advisors or third party contractors, in its October 20, 2017, November 17, 2017, February 26, 2018 and March 9, 2018 letters to the Commission. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 16:

All documents memorializing, evidencing, or concerning communication with any purchaser or potential purchaser of Kin, via SAFT agreement or otherwise including, but not limited to, the communication upon which you premise your allegation that there was "millions more in interest," as alleged in Kik's Answer to paragraph 1 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "purchaser or potential purchaser of Kin" as vague and ambiguous.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period, and seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning communication with any purchaser or potential purchaser of Kin, via SAFT agreement or otherwise," without regard for whether such documents are relevant to the claims and defenses in this action.  In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents and communications with participants in the pre-sale and the TDE.  This included Kik's efforts to identify or encourage participants to enter into SAFTs during the pre-sale, as well as Kik's efforts to identify or encourage participants to purchase Kin tokens during the TDE.  In response to these specific requests, Kik produced over 12,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 17:

Documents sufficient to identify each person with whom you discussed the offer and sale of Kin on or before September 26, 2017.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 17:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is

duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "you," "discussed," and "offer and sale of Kin" as vague and ambiguous.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to identify each person with whom you discussed the offer and sale of Kin on or before September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents and communications concerning Kik's efforts to identify or encourage participants to enter into SAFTs during the pre-sale, as well as Kik's efforts to identify or encourage participants to purchase Kin tokens during the TDE.  In addition, Kik has already reviewed and produced all communications with participants or prospective participants in the pre-sale and the TDE.  Kik has further reviewed and proculed all relevant communications with Kik's advisors, including CoinTree Capital, CoinFund, and McKinsey & Co., and all relevant communications with Kik's auditor, KPMG.  Kik has also produced all communications with Kik Board Members regarding the TDE or pre-sale.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents memorializing, evidencing, or concerning communications with developers regarding Kin from May 1, 2017 through September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 18:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "developers" and "regarding Kin" as vague and ambiguous.  Kik further objects that the Request is overbroad and unduly burdensome, as it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning communications with developers regarding Kin from May 1, 2017 through September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning Kik's efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commision**

**regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 19:

All documents concerning Kik's decision to "structure the pre-sale as a sale to accredited investors exempt from registration with the Commission under SEC Regulation D," as stated in Kik's Answer to paragraph 1 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 19:

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Kik also specifically objects to the use of the term "decision" as vague and ambiguous.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's decision to 'structure the pre-sale as a sale to accredited investors exempt from registration with the Commission under SEC Regulation D,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S.**

residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Comission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20 :**

All documents memorializing, evidencing, or concerning the "projects and business models" that Kik "began to experiment with," as alleged in Kik's Answer to paragraph 5 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the 'projects and business models' that Kik 'began to experiment with,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the

attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik will otherwise not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents memorializing, evidencing, or concerning the "technology companies" that "expressed significant interest in acquiring Kik," as stated in Kik's Answer to paragraph 6 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period, and seeks documents which are irrelevant to the claims and allegations in the Complaint. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the 'technology companies' that 'expressed significant interest in acquiring Kik,'" without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any consideration of raising capital by Kik, or any consideration of selling Kik or a stake in Kik.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 22:

All documents memorializing, evidencing, or concerning Kik's "expect[ation] that it could sustain operations well past the date when the TDE eventually occurred," as referenced in Kik's Answer to paragraph 6 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 22:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects that the Request is overbroad and unduly burdensome, as it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Kik's 'expect[ation] that it could sustain operations well past the date when the TDE eventually occurred,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work

product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any consideration of raising capital by Kik, or any consideration of selling Kik or a stake in Kik.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 23:

All documents memorializing, evidencing, or concerning Kik's "belie[f] that it could have obtained traditional financing or other potential strategic transactions if it wanted to," as referenced in Kik's Answer to paragraph 6 of the Complaint.  See also Kik's Answer to paragraph 7 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 23:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects that the Request is overbroad and unduly burdensome, as it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Kik's 'belie[f] that it could have obtained traditional financing or other potential strategic transactions if it wanted to,'" without regard for whether such

documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any consideration of raising capital by Kik, or any consideration of selling Kik or a stake in Kik.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 24:

All documents memorializing, evidencing, or concerning Kik's decision to "go all in on a business model centered around a cryptocurrency," as alleged in Kik's Answer to paragraph 40 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 24:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Kik also specifically objects to the use of the terms "Kik's decision" and "go all in" as vague and ambiguous.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents

memorializing, evidencing, or concerning Kik's decision to 'go all in on a business model centered around a cryptocurrency,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents and communications concerning Kik's efforts to identify or encourage participants to enter into SAFTs during the pre-sale, as well as Kik's efforts to identify or encourage participants to purchase Kin tokens during the TDE.  In addition, Kik has already reviewed and produced all communications with participants or prospective participants in the pre-sale and the TDE.  Kik has further reviewed and procuded all relevant communications with Kik's advisors, including CoinTree Capital, CoinFund, and McKinsey & Co., and all relevant communications with Kik's auditor, KPMG.  Kik has also produced all communications with Kik Board Members regarding the TDE or pre-sale.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 25:

All documents memorializing, evidencing, or concerning the advertisers that Kik alleges "were concerned about Kik Points losing their value entirely," as alleged in Kik's Answer to paragraph 7 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 25:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects to this Request because it seeks documents which are irrelevant to the claims and allegations in the Complaint. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the advertisers that Kik alleges 'were concerned about Kik Points losing their value entirely,'" without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 26:

All documents memorializing, evidencing, or concerning "Kin's fundamental utility" as of September 26, 2017, including, but not limited to, documents relating to all "premium content" available as of September 26, 2017, documents identifying all "peer-to-peer transactions" of Kin as of September 26, 2017, and documents relating to the "sunglass company" that accepted Kin as

a form of payment and any other such vendor, as stated in Kik's Answer to paragraph 16 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 26:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning "Kin's fundamental utility" as of September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action. In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to incorporate Kin into the Kik messenger app or Kik's business, all documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, all documents or communications concerning the creation of a Minimum Viable Product, all documents or communications concerning efforts to allow Kin token owners to have access to digital stickers, all**

communications with persons involved in blockchains, and all relevant public disclosures made by Kik regarding Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 27:

Documents sufficient to identify all goods or services that were available to be purchased and/or sold with Kin as of September 26, 2017.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 27:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Kik also specifically objects to the use of the terms "available," "purchased," or "sold" as vague and ambiguous.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced

by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 28:

All documents memorializing, evidencing, or concerning the status of the Kin Rewards Engine as of September 26, 2017.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 28:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Kik also specifically objects to the use of the term "status" as vague and ambiguous.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the status of the Kin Rewards Engine as of September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, and including at least 3,500 documents referring to the "Kin

Rewards Engine."  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All documents memorializing, evidencing, or concerning Kik's allegation that "Kik still made significant efforts to understand and comply with all applicable laws and regulations, and did its best to 'anticipate where the rules will land and provide … the most thoughtful, buttoned up way to not only do a token distribution event but also to build one of these decentralized networks'," as alleged in Kik's Answer to paragraph 17 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents or communications concerning any decision regarding whether to offer Kin to Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is

willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 30:

All documents memorializing, evidencing, or concerning the "third-party auditor['s]" "confirm[ation] that Kin was analogous to 'inventory'," as alleged in Kik's Answer to paragraph 17 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 30:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the 'third-party auditor['s] 'confirm[ation] that Kin was analogous to "inventory",'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged communications with Kik's auditor, KPMG.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents memorializing, evidencing, or concerning all discussion(s) or communication(s) between the Ontario Securities Commission and Kik or its attorneys or other agents regarding the offer and sale of Kin.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 31:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Kik further objects to this Request to the extent it is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the terms "offer and sale of Kin" as vague and ambiguous.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period, and seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning all discussion(s) or communication(s) between the Ontario Securities Commission and Kik or its attorneys or other agents regarding the offer and sale of Kin," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning decisions on whether to offer**

Kin to Canadians or Canadian residents, and Americans or U.S. residents, as well as all communications concerning Kin and the sale of Kin with securities regulators other than the Commission's Division of Enforcement.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents memorializing, evidencing, or concerning any discussion or communication between the SEC and Kik or its attorneys or other agents regarding the offer and sale of Kin prior to September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to the extent this Request seeks information that is equally accessible to the Commission.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning any discussion or communication between the SEC and Kik or its attorneys or other agents regarding the offer and sale of Kin prior to September 26, 2017," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not equally available to, or already in the possession of, the Commision, Kik is willing to meet and confer

**with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 33:

All documents memorializing, evidencing, or concerning Mr. Livingston's public statement in August 2017 that the DAO Report "made 'complete sense to [Kik] and [was] fully expected' that the SEC would determine that the DAO was a security because, among other things, the token at issue in the DAO Report entitled participants to vote and receive 'rewards,' which the DAO co-founder compared to 'buying shares in a company and getting . . . dividends,'" as referenced in your Answer to paragraph 17 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 33:

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Mr. Livingston's public statement in August 2017 that the DAO Report 'made "complete sense to [Kik] and [was] fully expected" that the SEC would determine that the DAO was a security because, among other things, the token at issue in the DAO Report entitled participants to vote and receive "rewards," which the DAO co-founder compared to "buying shares in a company and getting . . . dividends,"'" without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure**

by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 34:

All documents memorializing, evidencing, or concerning Kik's reaction to the DAO Report, including, but not limited to, the "reassurance" that the report provided to Kik as referenced in your Answer to paragraph 17 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 34:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents

memorializing, evidencing, or concerning Kik's reaction to the DAO Report," without regard for whether such documents are relevant to the claims and defenses in this action. In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 35:

All documents memorializing, evidencing, or concerning the allegation that "Kik felt secure in its assessment that the TDE would not constitute an investment contract," as alleged in Kik's Answer to paragraph 106 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 35:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of

the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 36:

All documents memorializing, evidencing, or concerning the allegation that "Kik was confident that its sale of a digital currency would not implicate the federal securities laws," as alleged in Kik's Answer to paragraph 96 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 36:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of

the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 37:

All documents memorializing, evidencing, or concerning the allegation that "[a]t the time of the TDE, Kik did not have adequate notice of whether its offer and sale of Kin would constitute an 'investment contract'," as alleged on page 122 of Kik's Answer.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 37:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of

the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 38:

All documents memorializing, evidencing, or concerning any legal or other professional advice or opinion provided to Kik prior to or "at the time of the TDE" regarding "whether [Kik's] offer and sale of Kin would constitute an 'investment contract'," as alleged on page 122 of Kik's Answer.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 38:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is

duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Kik further objects to this Request because it explicitly seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation and that is not protected by the attorney client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 39:

To the extent not provided in response to the above Requests, all documents memorializing, evidencing, or concerning Kik's efforts to understand and comply with all applicable laws and regulations, including the federal securities laws, including, but not limited to, the efforts described in Kik's Answer to paragraphs 17 and 96 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 39:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission. Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents memorializing, evidencing, or concerning Kik's efforts to understand and comply with all applicable laws and regulations," without regard for whether such documents are relevant to the claims and defenses in this action. In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any decision regarding whether to offer Kin to Canadians or Canadian residents, and Americans or U.S. residents, and all documents or communications concerning the status of Kin as a security or the application of securities laws to Kin and the sale of Kin. To the extent the Commission seeks additional non-privileged documents, or specific information, not previously produced by Kik during

the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents memorializing, evidencing, or concerning the May 24, 2017 meeting referenced in Kik's Answer to paragraph 89 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 40:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the May 24, 2017 meeting referenced in Kik's Answer to paragraph 89 of the Complaint," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all relevant, non-privileged documents and communications concerning Kik's efforts to identify or encourage participants to enter into SAFTs during the pre-sale, as well as Kik's efforts to identify or encourage participants to purchase Kin tokens during the TDE.  In addition, Kik has already reviewed and produced all communications with participants in the pre-sale and the TDE, including communications and documents referencing the May

24, 2017 meeting referenced in Kik's Answer to paragraph 89 of the Complaint.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 41:

All documents memorializing, evidencing, or concerning Kik's denial of paragraph 85 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 41:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time period.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Kik's denial of paragraph 85 of the Complaint," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any consideration of raising capital by Kik, or any consideration of selling Kik or a stake in Kik.  To the extent the

Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents memorializing, evidencing, or concerning the allegation that "the white paper did not lead readers to expect an investment opportunity, but instead the opportunity to participate in this new digital economy," as alleged in Kik's Answer to paragraph 120 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the allegation that 'the white paper did not lead readers to expect an investment opportunity, but instead the opportunity to participate in this new digital economy,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced Kik's white paper, as well as all non-privileged documents or communications concerning

efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 43:

All communications between you and William Mougayar, including, but not limited to, any communications relating to the Kin Foundation and/or the offer and sale of Kin.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 43:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll communications between you and William Mougayar," without regard for whether such documents are relevant to the claims and defenses in this action.  In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced

all non-privileged communications concerning concerning Kin and the sale of Kin with members of the Kin Foundation, specifically with William Raduchel and William Mougayar. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 44:

All documents memorializing, evidencing, or concerning any contract or agreement, whether oral or written, between you and William Mougayar.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 44:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of case because it seeks "[a]ll documents memorializing, evidencing, or concerning any contract or agreement whether oral or written, between you and William Mougayar," without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications concerning concerning Kin and the sale of Kin with members of the Kin Foundation, specifically with William Raduchel and William Mougayar, as well as all

documents or communications concerning the creation or operation of the Kin Foundation. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 45:

Financial records sufficient to support the allegation that Kik "was profitable in fiscal year 2018," as stated in Kik's Answer to paragraph 38 of the Complaint, including, but limited to, the source(s) of such revenue.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 45:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 46:

All documents memorializing, evidencing, or concerning the survey referenced in footnote 3 of Kik's Answer.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 46:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the survey referenced in footnote 3 of Kik's Answer," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced "the survey referenced in footnote 3 of Kik's Answer," as well as all communications with Kik's advisors, including CoinTree Capital and CoinFund, as well as McKinsey & Co.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 47:

All documents memorializing, evidencing, or concerning Kik's allegation that "Mr. Livingston had personally been investigating the potential for a cryptocurrency-based business model since 2011," as alleged in Kik's Answer to paragraph 44 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 47:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

documents memorializing, evidencing, or concerning Kik's allegation that 'Mr. Livingston had personally been investigating the potential for a cryptocurrency-based business model since 2011,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 48:

All documents memorializing, evidencing, or concerning the allegation that "Kik had other options," including, but not limited to, documents sufficient to identify the "other options," as alleged in Kik's Answer to paragraph 45 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 48:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the allegation that 'Kik had other options,'" without regard for whether such documents are relevant to the claims and defenses in this action.  In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, and thus it fails to describe the documents sought with reasonable particularity. Kik further objects to this Request to the extent it seeks documents protected from disclosure

by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning any consideration of raising capital by Kik, or any consideration of selling Kik or a stake in Kik.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 49:

All documents memorializing, evidencing, or concerning Kik's statement to "the reporter" as quoted in Kik's Answer to paragraph 76 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 49:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Kik's statement to 'the reporter,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning meetings with reporters about Kin and the sale of Kin.  To the extent the Commission seeks additional documents, or

specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 50:

All documents consisting of, or concerning, the "numerous other tweets and public statements stating that exchange listings were 'up to the exchange,'" as alleged in Kik's Answer to paragraph 83 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 50:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents consisting of, or concerning, the 'numerous other tweets and public statements stating that exchange listings were 'up to the exchange,'" without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to the extent this Request seeks the production of Kik's public statements, which, by definition, are equally available to the Commission. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications concerning Kin and the sale of Kin with digital asset exchanges, as well as all public statements made by Kin concerning Kin and the sale of Kin. To the extent the

Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents memorializing, evidencing, or concerning any communications between you and representatives of any digital asset trading platforms and/or exchanges on or before September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 51:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning any communications between you and representatives of any digital asset trading platforms and/or exchanges," without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications with digital asset exchanges concerning Kin and the sale of Kin. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents memorializing, evidencing, or concerning any efforts by Kik to have any digital asset trading platforms and/or exchange list Kin.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 52:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning any efforts by Kik to have any digital asset trading platforms and/or exchange list Kin" without regard for whether such documents are relevant to the claims and defenses in this action.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications with digital asset exchanges. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.**

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to identify all transactions in Kin within the first twenty-four (24) hours of Kik's distribution of Kin on September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 53:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome,**

and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 54:

All documents memorializing, evidencing, or concerning the manner in which "the Kin economy existed," as stated in Kik's Answer to paragraph 61 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 54:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the manner in which 'the Kin economy existed,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced

all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 55:

All documents memorializing, evidencing, or concerning "Kik['s] realiz[ation] that Ethereum contained technological limitations that could potentially cause issues with a digital token used for a high volume of transactions," and/or Kik's knowledge "that there was potential for Kin to overburden the Ethereum network if it was used as intended," as referenced in Kik's Answer to paragraph 136 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 55:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning 'Kik['s] realiz[ation] that Ethereum contained technological limitations that could potentially cause issues with a digital token used for a high volume of transactions,' and/or Kik's knowledge 'that there was potential for Kin to overburden the Ethereum network if it was used as intended,'" without regard for whether such documents are relevant to the claims and defenses in this action.

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning plans, considerations, or decisions about what blockchain to use for Kin.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 56:

All documents memorializing, evidencing, or concerning the allegation that "shortly after the TDE, Kin purchasers could earn and spend Kin within Kik on the Ethereum blockchain," as alleged in Kik's Answer to paragraph 140 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 56:

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the allegation that 'shortly after the TDE, Kin purchasers could earn and spend Kin within Kik on the Ethereum blockchain,'" without regard for whether such documents are relevant to the claims and defenses in this action.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to incorporate Kin into**

the Kik messaging app or Kik's business.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 57:

All documents concerning Kik's denial of the SEC's allegation that, as of September 26, 2017, "no company or person – not even Kik – had told the public about any good or service that it would sell in exchange for Kin," as alleged in paragraph 126 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 57:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's denial of the SEC's allegation that, as of September 26, 2017, 'no company or person – not even Kik – had told the public about any good or service that it would sell in exchange for Kin,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced

by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 58:

All documents concerning Kik's denial of the SEC's allegation that "[t]here was, simply, nothing to purchase with Kin at the times Kik sold the tokens through September 26, 2017, or even when Kik distributed the tokens on that date," as alleged in paragraph 126 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 58:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's denial of the SEC's allegation that '[t]here was, simply, nothing to purchase with Kin at the times Kik sold the tokens through September 26, 2017, or even when Kik distributed the tokens on that date,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission

**regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 59:

All documents concerning Kik's denial of the SEC's allegation that "when Kik distributed Kin on September 26, 2017, none of the 'use case' examples suggested by the white paper were available," as alleged in paragraph 132 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 59:

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's denial of the SEC's allegation that 'when Kik distributed Kin on September 26, 2017, none of the "use case" examples suggested by the white paper were available,'" without regard for whether such documents are relevant to the claims and defenses in this action.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents, as well as all documents or communications concerning the creation of a Minimum Viable Product.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission**

regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 60:

All documents memorializing, evidencing, or concerning Kik's allegation that "roughly 20 percent of the thousands of TDE purchasers linked their wallets to their Kik accounts, and participants applauded the Company for implementing Kin into Kik online," as alleged in Kik's Answer to paragraph 102 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 60:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Kik's allegation that 'roughly 20 percent of the thousands of TDE purchasers linked their wallets to their Kik accounts, and participants applauded the Company for implementing Kin into Kik online,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to incorporate Kin into the Kik messenger app or Kik's business.  Further, Kik has already produced, to the best of Kik's knowledge, a complete and accurate list of the participants who purchased Kin tokens in the TDE, including whether the participant linked their wallets holding Kin to their Kik accounts as of November 2017.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is

willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 61:

All documents memorializing, evidencing, or concerning the allegation that "Kik frequently described examples of potential use cases in the months leading up to the TDE – many of which involved stickers," as alleged in Kik's Answer to paragraph 105 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 61:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning the allegation that 'Kik frequently described examples of potential use cases in the months leading up to the TDE – many of which involved stickers,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents, as well as all documents or communications concerning the creation of a Minimum Viable Product and all documents or communications concerning efforts to allow Kin token owners to have access to digital stickers.  To the extent the Commission seeks additional documents, or specific information,

**not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to identify all developers to whom Kik provided the "software developer kit" cited in Kik's Answer to paragraph 140 of the Complaint by or before September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 62:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to the use of the term "developer" as vague and ambiguous.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with The Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to identify all developers who purchased Kin via SAFT or otherwise.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 63:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik also specifically objects to the use of the term "developers" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced, to the best of Kik's knowledge, a complete and accurate list of the people and entities who entered into SAFTs with Kik, as well as a complete and accurate list of the people who purchased Kin tokens in the public sale portion of the Kin token offering. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All documents concerning Kik's denial of the SEC's allegation that "Kik also expressly told investors that the Rewards Engine would not be created until after the public sale," as alleged in paragraph 147 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 64:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the

information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's denial of the SEC's allegation that 'Kik also expressly told investors that the Rewards Engine would not be created until after the public sale,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications with participants in the pre-sale and the TDE.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request

REQUEST FOR PRODUCCTION NO. 65:

All documents concerning Kik's denial of the SEC's allegation that "on September 26, 2017, the Rewards Engine was not operational, and basic decisions about how the Rewards Engine would operate were still unresolved," as alleged in paragraph 149 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 65:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's denial of the SEC's allegation that 'on September 26, 2017, the Rewards Engine was not operational, and basic decisions about how the Rewards Engine

would operate were still unresolved,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 66:

All documents concerning Kik's denial of the SEC's allegation that the Kin Foundation "had no operations independent from Kik, no employees, and no cash or other assets (except for the Kin it received on September 26, 2017) to fund operations," as alleged in paragraph 154 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 66:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to the extent this Request purports to require Kik to collect, identify, and produce documents from non-party the Kin Foundation, which the Commission separately served with a subpoena and Wells Notice during the course of the Investigation.  Kik additionally objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

documents concerning Kik's denial of the SEC's allegation that the Kin Foundation 'had no operations independent from Kik, no employees, and no cash or other assets (except for the Kin it received on September 26, 2017) to fund operations,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning the creation or operation of the Kin Foundation. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 67:

All documents concerning Kik's allegation that there were "vast differences" between the "pre-sale" and "TDE," as alleged in Kik's Answer to paragraph 159 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 67:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's allegation that there were 'vast differences' between the 'pre-sale' and 'TDE,'" without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the

**common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed approximately 180,000 documents from over twenty current and former Kik employees, encompassing the period from June 1, 2016 through January 18, 2018 and utilizing broad search terms including "Kin." As a result of this robust, burdensome, and costly review, Kik has already produced 40,000 documents concerning the Kin project. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 68:

All documents memorializing, evidencing, or concerning any decision by Kik to delay the TDE, as referenced in Kik's Answer to paragraph 92 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 68:

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning any decision by Kik to delay the TDE" without regard for whether such documents are relevant to the claims and defenses in this action. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest**

privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed approximately 180,000 documents from over twenty current and former Kik employees, encompassing the period from June 1, 2016 through January 18, 2018 and utilizing broad search terms including "Kin." As a result of this robust, burdensome, and costly review, Kik has already produced 40,000 documents concerning the Kin project. To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request. Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 69:

All documents memorializing, evidencing, or concerning each and any instance in which "Kik executives contacted a number of TDE purchasers who had indicated an interest in purchasing large amounts of Kin," as alleged in Kik's Answer to paragraph 165 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 69:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning each and any instance in which 'Kik executives contacted a number of TDE purchasers who had indicated an interest in

purchasing large amounts of Kin,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications with participants in the pre-sale and the TDE.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 70:

All documents concerning Kik's denial of the allegation that at the time of Kik's offer and sale of Kin, that Kin did not operate on "a blockchain capable of processing transactions between buyers and sellers at the volume and speed necessary for running consumer applications," as alleged in paragraph 175 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 70:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning Kik's denial of the allegation that at the time of Kik's offer and sale of Kin, that Kin did not operate on 'a blockchain capable of processing transactions between buyers and sellers at the volume and speed necessary for running consumer applications,'" without regard for whether such documents are relevant to the claims and defenses in this action.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning plans, considerations, or decisions about what blockchain to use for Kin.  Kik has further reviewed and produced all non-privileged documents or communications concerning efforts to create the Kin Ecosystem, including encouraging partners, potential partners, or others to incorporate Kin tokens into their business, amounting to some 10,000 documents.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 71:

All documents evidencing, memorializing, or concerning Kik's allegation that it possesses "knowledge" that "some Kin owners sold Kin, and that some sold at a price that was higher than the value as of the time of the transaction," as alleged in Kik's Answer to paragraph 182 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 71:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents memorializing, evidencing, or concerning Kik's allegation that it possesses 'knowledge' that 'some Kin owners sold Kin, and that some sold at a price that was higher than the value as of the time of the transaction,'" without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects that the Request is overbroad and unduly burdensome, as it is not limited in time or scope to the relevant time

period.  Kik further objects to this Request to the extent it seeks information that is publicly available or equally accessible to the Commission.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 72:

All documents concerning Kik's denial of the allegations set forth in paragraph 187 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 72:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning the use of proceeds from the pre-sale and the TDE.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet

and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 73:

Documents sufficient to identify all Kik employees who worked on the Kin Rewards Engine, as alleged in Kik's Answer to paragraph 144 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 73:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications with any potential employee, director, board member, or member of the Kin Foundation, as well as all documents or communications concerning the creation or operation of the Kin Foundation.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 74:

Documents sufficient to identifying all Kin Foundation employees, board members, officers or agents as of September 26, 2017, including documents identifying each individual's title and dates of employment.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 74:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Further, Kik objects to the extent this Request seeks documents concerning a third-party's employment records – such a Request is properly directed at the Kin Foundation, not Kik.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications with any potential employee, director, board member, or member of the Kin Foundation, as well as all documents or communications concerning the creation or operation of the Kin Foundation.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 75:

All monthly or other periodic statements from the "two Kik bank accounts" referenced in Kik's Answer to paragraph 186 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 75:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to identify Kik's use of the proceeds of its sale of Kin via SAFT and otherwise.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 76:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning the use of proceeds from the pre-sale and the TDE.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to identify any taxes Kik paid on the proceeds of its sale of Kin via SAFT and otherwise.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 77:**

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all non-privileged documents or communications concerning the use of proceeds from the pre-sale and the TDE.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 78:

Documents sufficient to identify the custodian of Kik's "Ether wallet" described in Kik's Answer to paragraph 186 of the Complaint.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 78:

**In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.**

**Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced documents or communications concerning its "Ether wallet."  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.**

REQUEST FOR PRODUCTION NO. 79:

Documents sufficient to identify the geographic location of the Ethereum blockchain nodes that processed the distribution of Kin on September 26, 2017.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 79:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

Documents sufficient to identify the geographic location of the Ethereum blockchain nodes that processed the "nearly $50 million in Ether received by Kik in the TDE," as referenced in Kik's Answer to paragraph 174 of the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 80:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents which are irrelevant to the claims and allegations in the Complaint. Kik also specifically objects to the use of the term "nodes" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request. Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

To the extent not produced in response to the above Requests, all documents referenced in Kik's Answer to the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 81:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed approximately 180,000 documents from over twenty current and former Kik employees, encompassing the period from June 1, 2016 through January 18, 2018 and utilizing broad search terms including "Kin."  As a result of this robust, burdensome, and costly review, Kik has already produced 40,000 documents concerning the Kin project.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 82:

All transcripts, recorded testimony, verbatim notes, declarations, affidavits, or witness statements concerning the subject matter of this Action.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 82:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks

documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: to the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

REQUEST FOR PRODUCTION NO. 83:

All facts or data considered by any testifying expert.

SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 83:

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that this Request is premature.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce documents in response to this Request.

REQUEST FOR PRODUCTION NO. 84:

All documents memorializing, evidencing, or concerning any communication you had with any law enforcement, governmental agency or regulator relating to the facts alleged in the Complaint.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 84:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed and produced all communications concerning Kin and the sale of Kin with securities regulators other than the SEC's Division of Enforcement.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik during the Investigation, Kik is willing to meet and confer with the Commission regarding the appropriate scope of such Request.  Kik otherwise will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

To the extent not previously produced by Kik during the Investigation, all documents that were requested by the SEC's January 18, 2018 subpoena to Kik.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 85:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request to the extent it purports to impose obligations that are greater or more burdensome than or contract those imposed by the Local Rule 26.3.  Kik further objects to this Request as vague and ambiguous to the extent it incorporates definitions and instructions that contradict Instructions and Definitions set

forth herein.  Kik further objects to the Request because it fails to "describe with reasonable particularity each item or category of items" requested, as required by Rule 34(b)(1)(A) because "'[r]easonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries." *Winfield* v. *City of New York*, No. 15CV05236LTSKHP, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018) (citations omitted) (defining reasonable particularity under Rule 30(b)(6) to mean "that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated.").  Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation.  Kik further objects to the extent the Commission already possesses the information sought by this Request.  Kik also specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents that were requested by the SEC's January 18, 2018 subpoena to Kik," without regard for whether such documents are relevant to the claims and defenses in this action.  Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.

Subject to and without waiving the foregoing objections, Kik responds as follows: in response to the Commission's investigative requests, Kik has already reviewed approximately 180,000 documents from over twenty current and former Kik employees, encompassing the period from June 1, 2016 through January 18, 2018 and utilizing broad search terms including "Kin."  As a result of this robust, burdensome, and costly review, Kik has already produced 40,000 documents concerning the Kin project.  To the extent the Commission seeks additional documents, or specific information, not previously produced by Kik, Kik is willing to meet and confer with the Commission regarding the appropriate

scope of such request.  Kik will otherwise not produce additional documents in response to this Request.

***

Dated:  September 23, 2019

By: /s/ *Patrick E. Gibbs*

Patrick E. Gibbs (*Pro Hac Vice*)
Luke T. Cadigan (*Pro Hac Vice*)
Sarah M. Lightdale (4395661)
Brett H. De Jarnette (*Pro Hac Vice*)

Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Phone: (650) 843-5000
Fax:     (650) 849-7400
Email: pgibbs@cooley.com;
lcadigan@cooley.com;
slightdale@cooley.com;
bdejarnette@cooley.com

Attorneys for Defendant
KIK INTERACTIVE INC.

Kenneth R. Lench (*Pro Hac Vice forthcoming*)

Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Phone: (202) 879-5270
kenneth.lench@kirkland.com

Attorney for Defendant
KIK INTERACTIVE INC.

## CERTIFICATE OF SERVICE

I, Jenna Bailey, am over the age of eighteen years, and not party to the within action.  I solemnly swear and state that on September 23, 2019, **KIK'S RESPONSES TO THE COMMISSION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-85)** was served by email on the following:

Stephan J. Schlegelmilch
David S. Mendel
Laura M. D'Allaird
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-5971
202.551.4418 (Mendel)
MendelD@SEC.gov

*Attorneys for Plaintiff*


Dated:  September 23, 2019

*/s/ Jenna Bailey*
_____

Jenna Bailey