EXHIBIT D



**SECURITIES AND EXCHANGE COMMISSION**
DIVISION OF ENFORCEMENT
100 F Street, N.E.
WASHINGTON, DC 20549

Stephan J. Schlegelmilch
Supervisory Trial Counsel
Trial Unit, Mail Stop 5977
(202) 551-4935 (t)
(202) 772-9292 (f)
SchlegelmilchS@SEC.gov

November 6, 2019

**By U.S. Mail and E-mail**

Patrick Gibbs
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

Re: *SEC v. Kik Interactive Inc.*, SDNY Case No. 19-cv-5244 (AKH)

Dear Patrick:

On August 23, 2019, the SEC served its requests for production of documents to Kik. In the SEC's Request No. 5, we asked for Kik to produce the following:

> All documents concerning any oral or written contracts or agreements entered into between any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures and Kik, including, but not limited to, any severance or cooperation agreements.

In response to the SEC's request, after a page of boilerplate objections, Kik stated it would produce all such "contracts or agreements":

> [T]o the extent any documents exist, Kik will produce non-privileged and responsive documents sufficient to show the matters sought by the Request that Kik is able to locate pursuant to a reasonably diligent search.

After a series of unexplained delays, on October 28, 2019, Kik made its only production of documents in response to the SEC's August requests, consisting of 190 documents. Because Kik did not indicate that it was withholding any responsive documents and the production included employment and severance agreements with certain witnesses, we assumed that Kik had complied – albeit belatedly – with its discovery obligations.

Yesterday, however, we deposed Mr. Ben-Ari, the first witness listed on Kik's original (and amended) Rule 26 disclosures. He testified that he has a long-standing agreement with Kik to pay all of his legal fees and to compensate him for his time testifying and preparing to testify in this matter at the rate of $1,111 to $1,481 (Canadian) per day. And, he confirmed that his agreement with Kik regarding this compensation is memorialized "through email":

| | |
|---|---|
| Q. | Are you being compensated for your time today? |
| A. | Just reasonable, you know, air fare and hotel, and having a meal or something. And for the days that I am not at work. |
| Q. | Are you getting? |
| A. | I have to take days off. |
| Q. | Are you getting a per diem for the days that you have to take off from work? |
| A. | Yes. |
| Q. | How much are you receiving? |
| A. | I don't remember how much I asked last time but basically I took my salary and divided by the number of days that I work in a year and the number of days that I'm here is multiplied by that rate. |
| Q. | Is that just an informal agreement or is it on paper? |
| A. | Through e-mail. |
| Q. | Have you paid any legal bills related to the SEC's investigation or this lawsuit? |
| A. | No. |
| Q. | Do you have an understanding who is covering those bills? |
| A. | Yes. |
| Q. | Who? |
| A. | Kik. |

. . . .

| | |
|---|---|
| Q. | Okay. Is it your testimony -- again a detail about the compensation that you are getting for providing deposition testimony today. Is that compensation coming from Kik Interactive, Inc.? |

MR. DEJARNETTE: Objection.

THE WITNESS: I don't know. I haven't –

BY MR. MENDEL:

| | |
|---|---|
| Q. | Well, who is going to pay, who is going to write you the check? |
| A. | I think Kik, yes. |
| Q. | And did Kik pay you last year, did the money come from Kik last year when you provided investigative testimony? |
| A. | Yes. |

Notwithstanding the witness's testimony, none of the email or evidence of payment was produced to the SEC in response to our request. Consequently, given Kik's material failure to

comply with its discovery obligation and the press of pending discovery, we ask Kik to provide the following by 5:00 PM EST on Friday, November 8, 2019:

1. Produce all email to, from, or between Kik and any of its agents (including Cooley and Kirkland & Ellis) and Mr. Ben-Ari between his departure from Kik until his deposition yesterday;

2. Produce all other records relating to any agreement concerning Mr. Ben-Ari's testimony in the investigation or this litigation;

3. Produce all documents concerning any and all agreements between "any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures and Kik";

4. Produce all evidence of any and all payments (other than payments of salary) to or made on behalf of any and all persons identified on Kik's amended Rule 26 disclosures who are not currently Kik employees; and

5. Explain why the agreement between Kik and Mr. Ben-Ari, described in Mr. Ben-Ari's deposition, was not disclosed to the SEC in Kik's response to the SEC's document requests.

Given the pending deposition schedule, if Kik fails to timely comply with the above requests, we will unilaterally seek Judge Hellerstein's intervention. Moreover, absent additional information regarding the above, the SEC is unwilling to go forward with any "proposal" regarding the exclusion from discovery of non-privileged, pre-complaint attorney email. If necessary, we will also unilaterally seek Judge Hellerstein's intervention in this regard. Given Kik's non-compliance and months of delay, despite the rapidity of the discovery schedule Kik requested, we believe we have more than satisfied the Court's requirement to meet-and-confer regarding these issues.

Thank you in advance for your prompt response.

Very truly yours,

Stephan J. Schlegelmilch


cc:  Kenneth Lench (by e-mail)
     David Mendel
     Laura D'Allaird