EXHIBIT E



November 8, 2019

Patrick Gibbs
1 650-843-5535
pgibbs@cooley.com

Stephan J. Schlegelmilch
David Mendel
Laura D'Allaird
U.S. Securities and Exchange Commission
100 F. Street, N.E.
Mail Stop 5973
Washington D.C., 20549-5973

Re:   *U.S. Securities & Exchange Commission v. Kik Interactive Inc., No. 19-cv-05244*

Counsel:

I write in response to your November 6, 2019, letter regarding Kik's production of documents in response to the SEC's Request for Production of Documents No. 5 (the "Request").

As an initial matter, the shrill tone and overheated rhetoric in your letter, as well as your unprofessional conduct in your office immediately following Mr. Ben-Ari's deposition, are not remotely proportionate to the trivial discovery issue raised by your letter. We are, after all, talking about a handful of emails concerning Kik's reimbursement of expenses incurred by a third party witness, Mr. Ben-Ari. As discussed in more detail below, the emails that Mr. Ben-Ari described in his testimony are not within Kik's possession, custody or control, are privileged, and in any event are not responsive to the Request as written. But nonetheless, as your own letter shows, Mr. Ben-Ari testified in some detail about the nature of his arrangement with Kik, and producing the documents themselves would add little to the record. At a minimum, the matter does not justify either your letter or your outburst following Mr. Ben-Ari's deposition.

Your apparent upset over this issue is especially inappropriate given that the arrangement itself was for the Commission's benefit: it was at your request that Mr. Ben-Ari agreed to travel, twice, from his home in Canada to Washington, D.C., to provide testimony at your office. He was under no obligation to appear voluntarily at all, much less twice, and in making the trip he gave up vacation time and incurred significant out of pocket expenses. Under the circumstances, it was entirely proper for Kik to reimburse Mr. Ben-Ari for these losses to facilitate his appearance for testimony, something the Commission does in every case, and something that the Commission thoroughly questioned Mr. Ben-Ari about. *See Prasad v. MML Investors Services, Inc.*, 2004 WL 1151735, at *5 (S.D.N.Y. May 24, 2004). Given that this arrangement facilitated a significant courtesy to you, it is more than a little unseemly for you to accuse Kik and its counsel of "shenanigans" or "farting around" with respect to discovery, as you did after Mr. Ben-Ari's deposition.

In any event, your characterization of events is misleading and omits important details. First, the Request itself was vague, ambiguous, and capable of a number of reasonable interpretations:

> All documents concerning any oral or written contracts or agreements entered into between any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures and Kik, including, but not limited to, any severance or cooperation agreements.

Your letter quotes Kik's agreement to produce non-privileged documents responsive to the Request, but ignores the fact that this agreement was "***subject to and without waiving***" Kik's lengthy objections to the Request. For context, Kik's complete response to the Request is as follows:



November 8, 2019
Page 2

> "In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent the Request is duplicative or cumulative of prior discovery served by the Commission during the course of the Investigation. Kik further objects to the extent the Commission already possesses the information sought by this Request. Kik also specifically objects to the use of the terms "severance or cooperation agreements" as vague and ambiguous. Further, Kik objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents concerning any oral or written contracts or agreements entered into between any Kik employee, officer, director, or agent identified in Kik's Rule 26 Initial Disclosures," without regard for whether such documents are relevant to the claims and defenses in this action. In addition, the Request contains the phrase "including, but not limited to," indicating that this Request may seek documents beyond the enumerated categories, thus it fails to describe the documents sought with reasonable particularity. Kik further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or are otherwise protected from discovery under Federal Rule of Civil Procedure 26.
>
> Subject to and without waiving the foregoing general and specific objections, to the extent any documents exist, Kik will produce non-privileged and responsive documents sufficient to show the matters sought by the Request that Kik is able to locate pursuant to a reasonably diligent search."

Despite Kik's objections that the Request is vague, ambiguous, and fails to describe the documents sought with reasonable particularity, the SEC did not seek to meet and confer about Kik's response to this Request, nor did it seek to provide a more definite request in light of these objections. Either one of those steps would have helped mitigate the lack of clarity in the SEC's request, and could have avoided a misunderstanding about what Kik was and was not agreeing to produce. And even after receiving and reviewing the documents Kik produced in response to this Request, the Commission still did not seek to clarify the scope of Kik's production (as you have with other requests) or ask specifically whether Kik had produced documents concerning reimbursement of expenses for third party witnesses (as you would have done if this issue were as important as you now claim it is). The SEC's failure to follow up on any of Kik's objections or to confirm the scope of what Kik was agreeing to produce is hardly grounds for accusing Kik of "shenanigans."

Your recent letter only highlights the ambiguity of the original Request. You demand immediate production of a long list of items not specifically called for by the Request, some of which are potentially (but not clearly) encompassed by the original Request (depending on how broadly one reads it), others of which are plainly outside the scope of the Request. And although you seem to assume that Kik's reimbursement of Mr. Ben-Ari's expenses is plainly within the scope of the Request, the Request itself does not refer to any such arrangement. On the contrary, the Request refers to "contracts or agreements," language that describes binding legal agreements, not the kind of informal arrangement that Mr. Ben-Ari described. The specific examples cited in the Request reinforce this interpretation, as the Request refers specifically to "severance or cooperation agreements." Given all of this, we did not understand the Request to be calling for Kik to produce emails about reimbursement of expenses (whether for Mr. Ben-Ari or any other third party witness). Instead, Kik searched for and produced (or confirmed that it had already produced) written agreements between Kik and Mr. Ben-Ari, including his separation agreement.



November 8, 2019
Page 3

Understanding, now, that the SEC believes the Request also calls for emails concerning reimbursement of witnesses for expenses, the Request raises several other issues. First, the accusations in your letter are based entirely on Mr. Ben-Ari's testimony about emails he exchanged with attorneys at Cooley. But as you know, Cooley represents Mr. Ben-Ari in his capacity as a witness in this case, and Cooley's communications with clients other than Kik (such as Mr. Ben-Ari) are not within Kik's possession, custody or control, and so are not called for by a Rule 34 document request directed at Kik. Fed. R. Civ. Proc. 34 (requiring parties to produce documents only within "the *responding party's possession, custody, or control*"). And in any event, Cooley's communications with Mr. Ben-Ari are protected by the attorney-client privilege (when made for purposes of providing legal advice) and/or the work product doctrine (when prepared in anticipation of litigation).

Second, as to documents that are within Kik's possession, custody or control, we remain unsure what documents the SEC believes are called for by the Request, as opposed to the new demands made in your letter. Your letter, for example, demands immediate production of any records of payments made to certain individuals, but (in our view) that category of documents is not within the scope of the original Request. Your letter also demands immediate production of all emails between "Kik and any of its agents (including Cooley and Kirkland & Ellis) and Mr. Ben-Ari between his departure from Kik until his deposition yesterday," "all other records relating to any agreement concerning Mr. Ben-Ari's testimony in the investigation or this litigation," and "all evidence of any and all payments (other than payments of salary) to or made on behalf of any and all persons identified on Kik's amended Rule 26 disclosures who are not currently Kik employees," but these demands likewise go well beyond the scope of the Request as we read it. And, of course, it is absurd for the Commission to demand production of such a broad scope of documents in a matter of days.

Finally, setting aside (for now) the specific question of the emails that Mr. Ben-Ari described in his deposition, your new requests purport to seek communications between Kik's lawyers and third parties after the filing of the complaint. But the Commission itself has taken the unequivocal position that communications between its own attorneys and third party witnesses after the filing of your Complaint are off limits – full stop. If the Commission has changed its position in that regard, we would be happy to discuss the matter with you. But Kik certainly is not going to agree to produce a category of documents that the Commission has flatly refused to produce to us.

To resolve this issue, we are willing to meet and confer with you to see if we can reach a mutual understanding about the proper scope of your Request. If there are non-privileged documents within that agreed-upon scope in Kik's possession, Kik will agree to produce them. But demanding immediate production of broad categories of documents, coupled with threats of "'unilateral" action to seek intervention from the Court, is not productive. And, to be clear, we do not agree the SEC has even begun to meet and confer with us about this Request, much less that it has complied with its meet and confer obligations under Fed. R. Civ. Proc. 37(a)(1). If the Commission would like to meet and confer on these matters, please let us know so we can schedule a time to discuss.

Sincerely,

Cooley LLP

Patrick Gibbs

cc:   Kenneth Lench (kenneth.lench@kirkland.com)

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: (650) 843-5000  f: (650) 849-7400  cooley.com