EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

U.S. SECURITIES AND EXCHANGE            :
COMMISSION,
                                        :
              Plaintiff,
                                        :    Civil Action No. 19-cv-5244 (AKH)
      vs.
                                        :
KIK INTERACTIVE INC.,
                                        :
              Defendant.
                                        :
------------------------------------- X

## DEFENDANT KIK INTERACTIVE INC.'S
## FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO
## <u>PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Kik

Interactive Inc. ("Kik") submits the following requests for the production of documents to Plaintiff

U.S. Securities and Exchange Commission (the "SEC" or "Plaintiff"). Plaintiff shall make such

production within thirty (30) days after service of these requests, at the offices of Cooley LLP,

3175 Hanover Street, Palo Alto, California 94304, or at such other time and place as may be

mutually agreed upon by the parties.

## <u>DEFINITIONS</u>

The terms used herein shall have the meanings ascribed to them in the definitions set forth

below.

1.      "Action" means the civil action that the SEC filed in the United States District

Court for the Southern District of New York on June 4, 2019, captioned *U.S. Securities and

Exchange Commission v. Kik Interactive, Inc.* Case No., 1:19-cv-5244 (AKH).

2.      "Communication(s)" is defined according to the definition in Local Civil Rule 26.3

of the Southern District of New York.

3.      "Complaint" means the complaint filed by the SEC in this Action on June 4, 2019. *See* ECF. No. 1.

4.      "Concerning" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

5.      "Document(s)" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

6.      "DAO Report" means SEC Release No. 81207 (July 25, 2017) and has the same meaning as it does in Paragraphs 17 and 106 of the Complaint.

7.      The term "Digital Asset" has the same meaning as it does in Paragraphs 29-33 of the Complaint.

8.      "Government Entity" means any federal, state or foreign government criminal, civil or regulatory agency or authority, or any current or former employee or agent thereof.  For the avoidance of doubt, Government Entity includes, but is not limited to, the U.S. Internal Revenue Service, the U.S. Commodity Futures Trading Commission, the Financial Crimes Enforcement Network ("FinCEN"), and the Ontario Securities Commission.

9.      "Includes" and "Including" means including, but not limited to.

10.     "Investigation" refers to the investigations of individuals and entities that resulted in the filing of the Complaint, including, but not limited to, the SEC investigation captioned *In the Matter of Kik Interactive, Inc.* (HO-13388), and the subject matter of the investigation.

11.     "Kik" means Kik Interactive, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

12.     "Kin" means the Virtual Currency referenced in Paragraph 1 of the Complaint.

13.     "Kin Foundation" means the nonprofit organization referenced in Paragraphs 151-155 of the Complaint, including any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

14.     "Virtual Currency" means a digital representation of value that can be digitally traded and functions as a medium of exchange; and/or a unit of account; and/or a store of value. *See* DAO Report at 3, n.5; *In re Bitcoin Investment Trust and SecondMarket, Inc.*, Rel. No. 34-78282 (July 11, 2016) at 2, n.1 (cited in the DAO Report); *In re Erik T. Voorhees*, Rel. No. 33-9592 (June 3, 2014) at 1, n.1 (cited in the DAO Report).

15.     The words "Plaintiff," "SEC," "You" or "Your" refer to the plaintiff in this action, as defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.  For the avoidance of doubt, that definition encompasses each of the Divisions and Offices

of the SEC, including the Division of Enforcement, the Division of Corporation Finance, the Office of the Chief Accountant, and the Division of Economic and Risk Analysis, and any current or former SEC Commissioner, staff member, or employee.

16.     The terms "all," "any," and "each" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

17.     The connectives "and" and "or" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

## INSTRUCTIONS

1.      The Documents covered by these requests include all Documents in Your possession, custody, or control.

2.      Each request for the production of Documents shall be deemed continuing in nature, and the SEC is under a duty to supplement or correct any responses that are incomplete or incorrect and otherwise supplement its responses in accordance with Federal Rule of Civil Procedure 26(e).

3.      You shall produce all Documents in the manner in which they are maintained in the usual course of Your business, including in their native electronic format, or organized and labeled to  correspond to each separately numbered Request. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.  Documents shall be produced in such a way as to identify the applicable file folder and/or source from which each responsive Document came or was obtained.

4.      If and to the extent Documents are maintained in a database or other electronic format, You shall produce along with the Document(s) software that will enable access to the electronic Document(s) or database as You would access such electronic Document(s) or database in the ordinary course of Your business.

5.      Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

6.      If you withhold any Document or portion of a Document based on a claim of privilege, work product, or subject to a recognized immunity from discovery, you must:

    A.      Produce concurrently a separate log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5) including a description of the document sufficient to allow the receiving party to assess the privilege or protection claim without disclosing any privileged information, and including at least the following:

        i.      the author(s);

ii.    the person(s), entity, or entities to whom it was addressed, or to whom the document or a copy of the document was sent;

iii.    the nature or basis of the privilege or protection claimed;

iv.    the date of the document; and

v.    identification of all attorneys and a description of their role

B.    If a Document contains both privileged and non-privileged information, it shall be produced with the privileged information redacted in such a way as to show the location of the redaction within the Document.  The portion of each such redaction should be described in the log described in subpart A of this Instruction.

7.    If any Document requested herein has been lost, destroyed or otherwise disposed of, please furnish a log identifying each such Document, and state the following information: (i) the type of Document; (ii) the date of the Document; (iii) the title of the Document; (iv) the author(s) of the Document; (v) the intended and actual recipients of the Document; (vi) the general subject matter of the Document; and (vii) the circumstances of the destruction of the Document, including the date on which the Document was lost, destroyed, or otherwise disposed of, the name of the person who ordered or authorized its destruction or disposition, the conditions or reasons for such destruction or disposition, and all persons having knowledge of its contents.

8.    Documents attached to each other should not be separated.

9.    In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your agents, employees, representatives, managing agents, affiliates, accountants, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

10.    If You object to any part of any request, You shall state fully in writing the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request to which You are not objecting.

11.    Each request for production shall be construed independently and not with reference to any other request for production for the purpose of limitation.

12.    The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13.    If You do not understand any part of any request or the foregoing Definitions and Instructions, You should seek clarification from counsel for Kik.

4

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Your complete investigative file in connection with the Investigation, including but not limited to the following:

      **i.**      All subpoenas and other written requests to provide documents, testimony, or an interview;

      **ii.**      All documents received in response to any such subpoenas or other requests, or otherwise obtained by You from third parties or third-party sources;

      **iii.**      All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits or witness statements;

      **iv.**      All Documents concerning any Communications concerning the Investigation. As examples but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

      **v.**      All documents memorializing, evidencing, or concerning any communications You had with any Government Entity and/or any other third party relating to the Investigation.

**REQUEST FOR PRODUCTION NO. 2:**

To the extent not produced in response to Request for Production No. 1, all Documents and Communications concerning any formal or informal requests by You for documents or information concerning the subject matter of the Investigation or the Action, or any other matter involving Kik or Kin, including but not limited to all Documents or Communications You received in response to such informal or formal requests.

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not produced in response to the above Requests, all Documents and Communications identified or otherwise referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not produced in response to the above Requests, all Documents and Communications concerning Kin, Kik, and/or the Kin Foundation.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Communications with third parties (including any Government Entity), concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Kin or a Virtual Currency and/or Digital Asset.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning statements or presentations by the SEC to third parties (including any Government Entity) concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets. For the avoidance of doubt, this Request for Production includes documents and communications concerning public statements and presentations made by any SEC employee or commissioner at conferences and statements and testimony before Congress or any committee thereof.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications reflecting any decision, determination, conclusion, position taken, or policy by the SEC concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning issuing guidance, or concerning the decision not to issue guidance, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets. For the avoidance of doubt, this Request for Production includes all Documents and Communications concerning the SEC's decision to issue the *Framework for 'Investment Contract' Analysis of Digital Assets*, including any drafts thereof or actual or proposed updates thereto.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications evidencing or memorializing a formal and/or informal cooperation agreement between You and any person or entity from whom You gathered information in connection with the Investigation.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any person or entity from whom You gathered information in connection with the Investigation.

**REQUEST FOR PRODUCTION NO. 11:**

All internal SEC Documents and Communications concerning whether or when a Virtual Currency and/or Digital Asset that was originally offered in a securities offering could be later sold in a manner that does not constitute an offering of a security.  For the avoidance of doubt, this Request for Production includes all Documents and Communications concerning Director William Hinman's prepared remarks titled *Digital Asset Transactions: When Howey Met Gary (Plastic)*, dated June 14, 2018, including any drafts thereof or actual or proposed updates thereto.

**REQUEST FOR PRODUCTION NO. 12:**

Your complete investigative file relating to the DAO Report, including but not limited to the following:

      **i.**      All subpoenas and other written requests to provide documents, testimony, or an interview;

      **ii.**      All documents received in response to any such subpoenas or other requests, or otherwise obtained by You from third parties or third-party sources;

      **iii.**      All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits or witness statements;

      **iv.**      All Documents concerning any Communications concerning the subject matter of the DAO Report.  As examples but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel.  For avoidance of doubt, this Request for Production includes the action memorandum and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

      **v.**      All documents memorializing, evidencing, or concerning any communications You had with any Government Entity and/or any other third party relating to the subject matter of the DAO Report.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning Your Communications with third parties (including any Government Entity) concerning filings by Kik with the SEC (including, without limitation, filings to register the issuance or sale of securities).

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning Communications between the SEC and any Government Entity concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets.

**REQUEST FOR PRODUCTION NO. 15:**

To the extent not produced in response to the above Requests, all Documents concerning Your Communications with the Ontario Securities Commission concerning Kik, Kin, and/or the Kin Foundation.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents reviewed, considered, or relied upon by You in preparing the Complaint filed in this Action.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents described in the SEC's Initial Disclosures You served on Kik in connection with this Action.

**REQUEST FOR PRODUCTION NO. 18:**

All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness statements or summaries reflecting statements by witnesses or potential witnesses concerning the subject matter of this Action.

**REQUEST FOR PRODUCTION NO. 19:**

All no-action letters, orders, final investigative reports, and enforcement action complaints issued or filed by the SEC from January 1, 2009 to June 1, 2017 concerning the application of the Securities Act of 1933 to any offer or sale of Virtual Currency and/or Digital Asset.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents memorializing, evidencing, or concerning the allegation that "the overall size of the ICO market has grown exponentially," as alleged in Paragraph 32 of the Complaint.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents memorializing, evidencing, or concerning the "dramatic uptick in the number of ICOs" in 2017, as alleged in Paragraph 44 of the Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify all entities that have engaged, to your knowledge and understanding, in a possible offer or sale of a Virtual Currency and/or Digital Asset from January 1, 2013 to June 4, 2019, including Your understanding of the dates of such offers or sales.

**REQUEST FOR PRODUCTION NO. 23:**

All formal or informal communications that any of the entities identified in the foregoing request had with the SEC prior to and regarding its offer or sale of a Virtual Currency and/or Digital Asset, including but not limited to any requests for a no-action letter.

**REQUEST FOR PRODUCTION NO. 24:**

All registration statements filed with the SEC in connection with the "ICOs" referenced in Paragraph 44 of the Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify all formal or informal inquiries or investigations initiated by the SEC from January 1, 2017 to June 4, 2019 concerning the application of federal securities laws, regulations, or rules (including the Securities Act of 1933) to any offer or sale of Virtual Currency and/or Digital Asset, including the resolution of such inquiries or investigations, if any.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to identify all entities that were or are the subject of formal or informal inquiries or investigations conducted by the SEC from January 1, 2017 to June 4, 2019 concerning the application of federal securities laws (including the Securities Act of 1933) to any offer or sale of Virtual Currency and/or Digital Asset, including the resolution of such inquiries or investigations, if any.

**REQUEST FOR PRODUCTION NO. 27:**

All documents evidencing or concerning the allegation that "the Kin to be delivered under the SAFT were securities" as alleged in Paragraph 91 of the Complaint.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents memorializing, evidencing or concerning the allegation that "the company and regulators specifically discussed the United States Supreme Court's decision in *Howey*" as alleged in Paragraph 108 of the Complaint.

**REQUEST FOR PRODUCTION NO. 29:**

To the extent not produced in response to the above Requests, all documents memorializing, evidencing, or concerning any communication You had with any Government Entity relating to the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning Investor Bulletins relating to the offer and/or sale of Virtual Currencies and/or Digital Assets, including all drafts or commentary thereto.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents You contend support the allegations and claims made in the Complaint filed in this Action.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents that tend to contradict, disprove, refute or undercut Your allegations and claims made in the Complaint filed in this Action.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications which might reasonably be considered exculpatory to Kik with respect to the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents the SEC intends to introduce as evidence at trial or at any hearing in this Action.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents the SEC may rely upon at trial or at any hearing in this action for any purpose.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning each expert the SEC expects to call as a witness, including any opinions rendered, any documents upon which each opinion is based, all documents authored or contributed to and all presentations given or participated in by such expert, all documents that the SEC has shown or otherwise made available to such expert, all documents that such expert has shown or transmitted to the SEC, and all facts or data considered by any testifying expert.

Dated:  September 4, 2019

Respectfully submitted,


By: /s/ *Patrick E. Gibbs*

Patrick E. Gibbs (*Pro Hac Vice*)
Brett H. De Jarnette (*Pro Hac Vice*)
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Phone: (650) 843-5000
Fax:    (650) 849-7400
Email: pgibbs@cooley.com;
bdejarnette@cooley.com

Sarah M. Lightdale (SL7122)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6374
Fax:    (212) 479-6275
Email: slightdale@cooley.com

Luke T. Cadigan (*Pro Hac Vice*)
Cooley LLP
500 Boylston Street
Boston, MA  02116-3736
Phone: (617) 937-2425
Email: lcadigan@cooley.com

Kenneth R. Lench (*Pro Hac Vice
forthcoming*)
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Phone: (202) 879-5270
kenneth.lench@kirkland.com


Attorney for Defendant
KIK INTERACTIVE INC.

11

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 4, 2019, the foregoing document, entitled "Defendant Kik Interactive Inc.'s First Set of Requests for the Production of Documents to Plaintiff Securities and Exchange Commission," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

Dated:  September 4, 2019

             By: */s/ Brett H. De Jarnette*
               Brett H. De Jarnette