EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br>                      Plaintiff, <br><br> v. <br><br> KIK INTERACTIVE INC. <br><br>                      Defendant. | Case No.  19-cv-5244-AKH |

**PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S
RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, Plaintiff United States Securities and Exchange Commission (the "SEC" or the "Commission") hereby objects and responds as follows to Defendant's First Set of Requests for Admission to Plaintiff, dated October 3, 2019 (the "Requests").

**PRELIMINARY STATEMENT**

Plaintiff United States Securities and Exchange Commission's Response to Defendant's Requests ("Response") is based on information and documents presently known to or in possession of the Commission.  By responding and objecting below, the Commission does not intend to—and does not—waive any applicable privilege, doctrine, or right that may prevent the disclosure of any such information, including, without limitation, the attorney-client privilege, the work product doctrine, the governmental deliberative process privilege, the law enforcement privilege, and any and

1

all other applicable privileges, doctrines, and rights.  Discovery is ongoing, and the Commission

expressly reserves the right to supplement or amend this Response if other responsive information is

identified.  The Commission also provides this Response without prejudice to its right to produce or

object to evidence, witnesses, facts, writings, or documents that are identified either in these

Responses or in any later supplements or amendments.  The Commission does not necessarily

represent or agree, by virtue of providing a response, that any of the information identified below is

relevant or admissible.

## <u>GENERAL OBJECTIONS</u>

The Commission asserts the following general objections to Defendant's Requests and

incorporates such objections into the Commission's response to each request.

1.      The Commission objects to each of Defendant's specific requests that call for the

Commission to admit or deny that the SEC is or was "aware" of, "recognized," or "consider[s]"

certain purported facts or legal conclusions.  In some cases, these requests call for the Commission

to admit or deny that it is or was "aware" of, "recognized" or "consider[s]" certain purported facts

or legal conclusions at certain time periods going back as far as 2009 or, in other cases, at any point

in time "prior to" a certain date.  These specific requests are vague, overly broad, harassing,

oppressive and, in many cases, seek legal conclusions as well as information that is protected by the

attorney-client, governmental deliberative process and law enforcement privileges, and the work-

product doctrine.  The Commission can neither admit nor deny these specific requests for a number

of reasons.  First, Defendant does not define "aware," "recognized," or "consider[s]" in its Requests,

and these terms render the requests vague, ambiguous and incapable of being admitted or denied.

Furthermore, Defendant broadly defines "SEC" to include "any and all of [the Commission's]

agents, advisors, employees, Commissioners, investigators, staff, attorneys, and all other persons

2

acting on its behalf, under its control, or at its direction."  Taking only the category of "employees,"
the Commission has thousands of employees, and it is impossible for the Commission to determine
the awareness, recognition, or consideration of thousands of individuals—not to mention former
employees who may have been at the Commission during the designated time periods in these
requests.  Moreover, Instruction No. 1 of the Requests states that, in responding to the Requests,
the Commission must make a reasonable inquiry into information in the possession of its "attorneys,
accountants, advisors, staff, Commissioners, or other persons directly or indirectly employed by it,
connected with it, or anyone else otherwise subject to its control."  It is impossible for the
Commission to conduct an inquiry into the awareness, recognition, or consideration of each and
every employee—not to mention any persons directly or indirectly employed by the Commission, or
even persons vaguely "connected" with it.  Due to Defendant's vague and ambiguous language in
these requests, its overly broad Definition No. 31 and Instruction No. 1, it is nearly impossible for
the Commission to respond to these requests, as the information it knows or can readily obtain is
insufficient to enable it to admit or deny these specific requests.

2.      The Commission objects to the Requests generally, and to each and every request
specifically, to the extent that they are inconsistent with, or seek to impose obligations on the SEC
that are different from or greater than, those required by the Federal Rules of Civil Procedure the
Rules, including Rules 26 and 36.

3.      The Commission objects to the Requests generally, and to each and every request
specifically, to the extent that the Requests are not relevant to any claim or to any defense in this
Action,[1] nor are they reasonably calculated to lead to the discovery of admissible evidence.

---

[1] The term "Action" has the definition set forth in Defendant's Request, Definitions No. 1.

Moreover, the Commission objects to each and every request to the extent that the Requests are inconsistent with the terms and spirit of the Court's October 29, 2019 Order, ECF No. 30.

4.    The Commission objects to each Request, Definition and Instruction to the extent it purports to require that the SEC identify information or documents that are not within its possession, custody or control.  Any such requirement is overbroad, unduly burdensome, and oppressive.

5.    The Commission objects to each Request, Definition, or Instruction to the extent it seeks legal arguments or legal conclusions.

6.    The Commission objects to the Requests generally, and to each and every request specifically, to the extent any of the Requests explicitly or implicitly seek information protected by the attorney-client privilege, the governmental deliberative process privilege, the law enforcement privilege, and the work product doctrine, including without limitation, information reflecting the Commission staff's mental impressions and judgments.

7.    The Commission objects to the Requests generally, and to each and every request specifically, to the extent that they request information relating to events occurring after September 26, 2017, or the date on which Kik concluded its offering and sales of Kin.  Events occurring after September 26, 2017—including any actions taken by the Commission after that point in time—have no relevance to the pleadings filed in this Action.

## OBJECTIONS TO INSTRUCTIONS

1.    The Commission objects to Defendant's Instruction No. 1 as unduly burdensome, harassing, and oppressive.  Instruction No. 1 calls for the Commission to base its Response upon "information in the possession of its attorneys, accountants, advisors, staff, Commissioners, or other persons directly or indirectly employed by it, connected with it, or anyone else otherwise subject to

its control." The Commission cannot reasonably determine the information in the possession of, for example, each and every one of its thousands of employees within the Commission, in addition to any individuals who may be "indirectly employed by it," or otherwise "connected" with the Commission. Such a requirement is overly broad, burdensome and oppressive, and it is impossible for the Commission make a reasonable inquiry and obtain sufficient information under this instruction to either admit or deny a number of Defendant's specific requests.

2.       The Commission objects to Defendant's Instruction No. 9, because it imposes a time period that is well beyond the time period at issue in this Action. Instruction No. 9 states that the Requests "cover the period January 1, 2011 to the date of your response, including any required supplemental responses." Instruction No. 9 seeks information unrelated to the claims or defenses set forth in the pleadings filed in this Action and is not proportional to the needs of the case.

## OBJECTIONS TO DEFINITIONS

1.       The Commission objects to the definition of "You," "Your," "Plaintiff," AND "SEC" set forth in Defendant's Definition No. 31 to the extent it seeks to attribute to the Commission the specific actions of any "agents, advisors, employees, Commissioners, investigators, staff, attorneys, and all other persons acting on its behalf, under its control, or at its direction," where the Commission has not expressly approved or adopted such actions pursuant to its established rules and procedures. The Commission further objects to Definition No. 31 to the extent that it seeks information protected by the attorney-client privilege, the governmental deliberative process privilege, the law enforcement privilege, and the work product doctrine.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS FOR ADMISSION

The Commission adopts and incorporates by reference the forgoing Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions in response to each

numbered request below.  Upon request by Defendants, the Commission is willing to meet and confer regarding its response to Defendants' Requests.

**Request No. 1:**

The SEC is aware that Bitcoin was introduced in or around 2009.

    **Response to Request No. 1:**  The Commission objects to Request No. 1 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "aware" means in the context of this Request and, more specifically, it is unclear what Defendant is referring to in requesting that the Commission admit that the "SEC is aware" of a certain purported fact.  This Request is also vague and ambiguous, because it is unclear what the undefined term "introduced" means in the context of this Request.  The Commission further objects to the extent that this Request requires that the Commission, under Defendant's Definition No. 31, make representations as to what its "agents, advisors, employees, Commissioners, investigators, staff, attorneys, and all other persons acting on its behalf, under its control, or at its direction," may or may not be "aware" of, because such a requirement is unduly burdensome and nearly impossible to respond to.   Under Instruction No. 1 of Defendant's Requests, the Commission would need to conduct an inquiry into information in the possession of any of its "attorneys, accountants, advisors, staff, Commissioners, or other persons directly or indirectly employed by it, connected with it, or anyone else otherwise subject to its control" to respond to this request.  The Commission has thousands of employees, and it is unclear what Defendant is referring to by including any persons "connected" to the Commission.  This Request would require the Commission to inquire and determine what each of its thousands of employees, or any other person indirectly employed by the Commission, or otherwise "connected" to the Commission, may or may

not be "aware" of.  As such, the Commission lacks sufficient knowledge or information to admit or deny this Request, nor does it have sufficient information from the vague and ambiguous language in this Request to determine the information it is seeking.  Accordingly, the Commission neither admits nor denies this Request.

**Request No. 2:**

As of 2014, the SEC recognized that Bitcoin was a virtual currency that could be exchanged for traditional currencies or used to purchase goods or services.

    **Response to Request No. 2:**  The Commission objects to Request No. 2 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "recognized" means in the context of this Request and, more specifically, it is unclear what Defendant is referring to in requesting that the Commission admit that the "SEC recognized" a certain purported fact in 2014.  The Commission further objects to the extent that this Request requires that the Commission, under Defendant's Definition No. 31, make representations as to what its "agents, advisors, employees, Commissioners, investigators, staff, attorneys, and all other persons acting on its behalf, under its control, or at its direction," may or may not be "aware" of, because such a requirement is unduly burdensome and nearly impossible to respond to.   Under Instruction No. 1 of Defendant's Requests, the Commission would need to conduct an inquiry into information in the possession of any of its "attorneys, accountants, advisors, staff, Commissioners, or other persons directly or indirectly employed by it, connected with it, or anyone else otherwise subject to its control" to respond to this request.  This Request would unreasonably require the Commission to inquire and determine what each of its thousands of employees who were at the Commission in 2014—including *former* employees who were at the

Commission in 2014—or any other person indirectly employed by the Commission, or otherwise "connected" to the Commission as of 2014, may or may not have "recognized" at that time. Moreover, the Commission cannot reconstruct who was employed at the Commission as of 2014, and then make a determination of what they "recognized" at that time. As such, the Commission lacks sufficient knowledge or information to admit or deny this Request, nor does it have sufficient information from the vague and ambiguous language in this Request to determine what it is seeking. Accordingly, the Commission neither admits nor denies this Request.

**Request No. 3:**

As of 2014, the SEC recognized that the U.S. Internal Revenue Service treats Bitcoin as property for federal tax purposes.

> **Response to Request No. 3:** *See* Response to Request No. 2. The Commission neither admits nor denies this Request.

**Request No. 4**:

The SEC does not consider the offer and sale of Bitcoin to be a securities offering.

> **Response to Request No. 4:** The Commission objects to Request No. 4 because it is not relevant to any party's claim or defense in this Action. *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "consider" means in this Request and, more specifically, it is unclear what Defendant is referring to in requesting that the Commission admit that the "SEC did not consider" something to be the case. The Commission further objects to the extent that this Request seeks a legal conclusion, as well as information protected by the attorney-client, governmental deliberative process, and law enforcement privileges, as well as the work product doctrine. Moreover, the Commission objects to the extent that this Request requires that the Commission, under

Defendant's Definition No. 31, make representations as to what its "agents, advisors, employees, Commissioners, investigators, staff, attorneys, and all other persons acting on its behalf, under its control, or at its direction," may or may not "consider," because such a requirement is unduly burdensome and nearly impossible to respond to.  Under Instruction No. 1 of Defendant's Requests, the Commission would need to conduct an inquiry into information in the possession of any of its "attorneys, accountants, advisors, staff, Commissioners, or other persons directly or indirectly employed by it, connected with it, or anyone else otherwise subject to its control" to respond to this Request.  The Commission has thousands of employees, and it is unclear what Defendant is referring to by including any persons "connected" to the Commission.  This Request would require the Commission to inquire and determine what each of its thousands of employees, or any other person indirectly employed by the Commission, or otherwise "connected" to the Commission, may or may not "consider."  As such, the Commission lacks sufficient knowledge or information to admit or deny this request, nor does it have sufficient information from the vague and ambiguous language in this Request to determine the information it is seeking.  The Commission neither admits nor denies this Request.

**Request No. 5:**

The SEC has not initiated an enforcement action alleging that Bitcoin is a security or an investment contract.

**Response to Request No. 5:**  The Commission objects to Request No. 5 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "initiated" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission

admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding alleging that Bitcoin is a security or an investment contract. Except as expressly admitted, the Commission denies this Request.

**Request No. 6:**

The SEC is aware that Ethereum was introduced in 2013 as a blockchain that would include its own built-in currency, Ether.

**Response to Request No. 6:** *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 7:**

The SEC was aware of Ethereum prior to January 1, 2016.

**Response to Request No. 7:**  The Commission objects to Request No. 7 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined term "aware" means in this Request and, more specifically, it is unclear what Defendant is referring to in requesting that the Commission admit that the "SEC was aware of" a certain purported fact *prior* to January 1, 2016.  The Commission further objects to the extent that this Request requires that the Commission, under Defendant's Definition No. 31, make representations as to what its "agents, advisors, employees, Commissioners, investigators, staff, attorneys, and all other persons acting on its behalf, under its control, or at its direction," may or may not have been "aware" of prior to January 1, 2016, because such a requirement is unduly burdensome and nearly impossible to respond to.   Under Instruction No. 1 of Defendant's Requests, the Commission would need to conduct an inquiry into information in the possession of any of its "attorneys, accountants, advisors, staff, Commissioners, or other persons directly or

indirectly employed by it, connected with it, or anyone else otherwise subject to its control" to respond to this request.  This Request would unreasonably require the Commission to inquire and determine the awareness of each of its thousands of employees who were at the Commission prior to 2016—including *former* employees who were at the Commission prior to 2016—or any other person indirectly employed by the Commission, or otherwise "connected" to the Commission as of 2016.  Moreover, the Commission cannot reconstruct who was employed at the Commission prior to and as of 2016, and then make a determination of what they were "aware of" at that time.  As such, the Commission lacks sufficient knowledge or information to admit or deny this request, nor does it have sufficient information from the vague and ambiguous language in this Request to determine what it is seeking.  The Commission further objects because this Request seeks information protected by the the attorney-client, governmental deliberative process, and law enforcement privileges, as well as the work product doctrine. Accordingly, the Commission neither admits nor denies this Request.

**Request No. 8:**

The SEC is aware that Ethereum conducted an ICO in or around July 2014.

**Response to Request No. 8:**  *See* Response to Request No. 1.    The Commission neither admits nor denies this Request.

**Request No. 9:**

The initial Ethereum network launched in July 2015.

**Response to Request No. 9:**  The Commission objects to Request No. 9 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request, because the Commission does not have any

specific or exclusive knowledge of the facts it is asked to admit or deny in this Request. Accordingly, the Commission neither admits nor denies this request.

**Request No. 10:**

The SEC never initiated an enforcement action alleging that Ether is a security or an investment contract.

**Response to Request No. 10:**  The Commission objects to Request No. 10 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "initiated" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding alleging that Ether is a security or an investment contract. Except as expressly admitted, the Commission denies this Request.

**Request No 11:**

The SEC is aware that XRP was introduced by Ripple Labs in or around 2012.

**Response to Request No. 11:**  *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 12:**

The SEC has not initiated an enforcement action against Ripple Labs in connection with the offer or sale of securities.

**Response to Request No. 12:**  The Commission objects to Request No. 12 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear

what the undefined terms "initiated" and "enforcement action" mean in this Request.  Subject to

and without waiving its objections, the Commission admits this Request in part.  The Commission

admits that, as of the date of this Response, the Commission has not filed an action in federal court

or brought an administrative proceeding against Ripple Labs in connection with the offer or sale of

securities.  Except as expressly admitted, the Commission denies this Request.

**Request No. 13:**

The SEC is aware that Golem Factory conducted an ICO with respect to GNT in or around

November 2016.

**Response to Request No. 13:** *See* Response to Request No. 1.  The Commission neither

admits nor denies this Request.

 **Request No. 14:**

The SEC has not instituted an enforcement action against Golem Factory in connection with the

offer or sale of GNT.

**Response to Request No. 14:**  The Commission objects to Request No. 14 because it is

not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No.

30.  The Commission further objects to this Request as vague and ambiguous because it is unclear

what the undefined terms "instituted" and "enforcement action" mean in this Request.  Subject to

and without waiving its objections, the Commission admits this Request in part.  The Commission

admits that, as of the date of this Response, the Commission has not filed an action in federal court

or brought an administrative proceeding against Golem Factory in connection with the offer or sale

of GNT.  Except as expressly admitted, the Commission denies this Request.

**Request No. 15:**

The SEC is aware that MobileGo conducted an ICO with respect to MGO in or around April 2017.

**Response to Request No. 15:**  *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 16:**

The SEC has not instituted an enforcement action against MobileGo in connection with the offer or sale of MGO.

**Response to Request No. 16:**  The Commission objects to Request No. 16 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "instituted" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding against MobileGo in connection with the offer or sale of MGO.  Except as expressly admitted, the Commission denies this Request.

**Request No. 17:**

The SEC is aware that Status Research conducted an ICO with respect to SNT in or around June 2017.

**Response to Request No. 17:**  *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 18:**

The SEC has not instituted an enforcement action against Status Research in connection with the offer or sale of SNT.

**Response to Request No. 18:**  The Commission objects to Request No. 18 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No.

14

30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "instituted" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding against Status Research in connection with the offer or sale of SNT.  Except as expressly admitted, the Commission denies this Request.

**Request No. 19:**

The SEC is aware that Wings Foundation conducted an ICO with respect to WINGS in or around January 2017.

**Response to Request No. 19:**  *See* Response to Request No. 1. The Commission neither admits nor denies this Request.

**Request No. 20:**

The SEC has not instituted an enforcement action against Wings Foundation in connection with the offer or sale of WINGS.

**Response to Request No. 20:**  The Commission objects to Request No. 20 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "instituted" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding against Wings Foundation in connection with the offer or sale of WINGS.  Except as expressly admitted, the Commission denies this Request.

**Request No. 21:**

The SEC is aware that Brave Software conducted an ICO with respect to BAT in or around May 2017.

 **Response to Request No. 21:** *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 22:**

The SEC has not instituted an enforcement action against Brave Software in connection with the offer or sale of BAT.

 **Response to Request No. 22:** The Commission objects to Request No. 22 because it is not relevant to any party's claim or defense in this Action. *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "instituted" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding against Brave Software in connection with the offer or sale of BAT.  Except as expressly admitted, the Commission denies this Request.

**Request No. 23:**

The SEC is aware that ZEROEX conducted an ICO with respect to ZRX in or around May 2017.

 **Response to Request No. 23:** *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 24:**

The SEC has not instituted an enforcement action against ZEROEX in connection with the offer or sale of ZRX.

**Response to Request No. 24:**  The Commission objects to Request No. 24 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "instituted" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, the Commission has not filed an action in federal court or brought an administrative proceeding against ZEROEX in connection with the offer or sale of ZRX.  Except as expressly admitted, the Commission denies this Request.

**Request No. 25:**

The SEC did not bring an enforcement action concerning an ICO in 2014.

**Response to Request No. 25:**  The Commission objects to Request No. 25 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "concerning" means in the context of this Request.  Subject to and without waiving its objections, the Commission admits this request in part.  The Commission admits that, prior to January 1, 2014, the Commission did not file an action in federal court or bring an administrative proceeding that directly related to an ICO.  Except as expressly admitted, the Commission denies this Request.

**Request No. 26:**

The SEC did not bring an enforcement action concerning an ICO in 2015.

**Response to Request No. 26:**  The Commission objects to Request No. 26 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous, because it is unclear

what the undefined term "concerning" means in the context of this Request. Subject to and without waiving its objections, the Commission admits this request in part. The Commission admits that, prior to January 1, 2015, the Commission had not filed an action in federal court or brought an administrative proceeding that directly related to an ICO. Except as expressly admitted, the Commission denies this Request.

**Request No. 27:**

The SEC did not bring an enforcement action concerning an ICO in 2016.

   **Response to Request No. 27:** The Commission objects to Request No. 27 because it is not relevant to any party's claim or defense in this Action. *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "concerning" means in the context of this Request. Subject to and without waiving its objections, the Commission admits this request in part. The Commission admits that, prior to January 1, 2016, the Commission had not filed an action in federal court or brought an administrative proceeding that directly related to an ICO. Except as expressly admitted, the Commission denies this Request.

**Request No. 28:**

Prior to July 1, 2017, the SEC did not bring an enforcement action concerning an ICO.

   **Response to Request No. 28:** The Commission objects to Request No. 28 because it is not relevant to any party's claim or defense in this Action. *See* October 29, 2019 Order, ECF No. 30. The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "concerning" means in the context of this Request. Subject to and without waiving its objections, the Commission admits this request in part. The Commission admits that, prior to July 1, 2017, the Commission had not filed an action in federal court or brought an

administrative proceeding that directly related to an ICO.  Except as expressly admitted, the Commission denies this Request.

**Request No. 29:**

The SEC did not pursue an enforcement action against any entities or individuals in connection with the conduct at issue in the DAO Report.

      **Response to Request No. 29:**  The Commission objects to Request No. 29 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "pursue" and "enforcement action" mean in this Request.  Subject to and without waiving its objections, the Commission states that it issued a Report pursuant to Section 21(a) of the Exchange Act of 1934 in connection with the conduct at issue in the DAO Report.

**Request No. 30:**

The SEC does not take the position that all Digital Assets are securities.

      **Response to Request No. 30:**  The Commission objects to Request No. 30 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.and improperly seeks a legal conclusion.  The Commission further objects to this Request as vague and ambiguous, because it is unclear what Defendant is referring to in requesting that the Commission admit that the "SEC does not take" a certain legal position, especially given the overbroad definition of "SEC" discussed above.  The Commission further objects to this Request, because it seeks information protected by the attorney-client, governmental deliberative process and law enforcement privileges, as well as the work product doctrine, and the Commission cannot respond to this Request without providing privileged information.  The Commission neither admits nor denies this Request.

**Request No. 31:**

The SEC has not initiated rulemaking under any authority relating to the regulation of Digital Assets or Virtual Currencies.

**Response to Request No. 31:**  The Commission objects to Request No. 31 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "initiated," "rulemaking," and "authority" mean in the context of this Request.  The Commission further objects to the extent that this Request seeks information protected by the attorney-client, governmental deliberative process and law enforcement privileges, as well as the work product doctrine.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, it has not proposed or adopted any rules that relate solely and specifically to Digital Assets or Virtual Currencies; the Commission has issued rules relating to the offer and sale of securities, which include the offer and sale of Digital Assets such as Kin.  Except as expressly admitted, the Commission denies this Request.

**Request No. 32:**

In or around June 6, 2018, Chairman Clayton stated that "cryptocurrencies" that operate as "replacements for sovereign currencies" are not a security under federal securities laws.

**Response to Request No 32:**  The Commission objects to Request No. 32 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear to which statement(s) made by Commission Chairman Jay Clayton Defendant is referring, and the Request does not provide any context whatsoever for the statement.  As such, the Commission does

not have sufficient information from the vague and ambiguous language in this Request to determine the information it is seeking.  The Commission neither admits nor denies this Request.

**Request No. 33:**

A consumer good may be sold prior to its creation without triggering registration requirements under the federal securities laws.

**Response to Request No. 33:**  The Commission objects to Request No. 33 because it is not relevant to any party's claim or defense in this Action, seeks a legal conclusion, and seeks information protected by the attorney-client, governmental deliberative process and law enforcement privileges, as well as the work product doctrine.  In the context of this Request and litigation, it is also unclear what "consumer good" means, and the term is undefined.  The Commission neither admits nor denies this Request.

**Request No. 34:**

The United States Financial Crimes Network ("FinCEN") defines virtual currencies as "a medium of exchange, a unit of account, and/or a store of value."

**Response to Request No. 34:**  The Commission objects to Request No. 34 because it is not relevant to any party's claim or defense in this Action.  The Commission further objects to this Request as vague and ambiguous.  The definition referenced in this Request is not a Commission definition, and Defendant does not even identify the source of the definition, other than to state that it is FinCEN's definition.  Subject to and without waiving its objections, based on a reasonable inquiry, the Commission denies this Request.

**Request No. 35:**

In or around May 2017, the SEC became aware of the Kin project, including Kik's intention to create a Virtual Currency.

**Response to Request No. 35:**  *See* Response to Request No. 1.  The Commission neither admits nor denies this Request.

**Request No. 36:**

As of September 2017, the SEC had not received any registration statements for the offer or sale of a Digital Asset or Virtual Currency.

**Response to Request No. 36:**  The Commission objects to Request No. 36 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined term "received" means in the context of this Request and, more specifically, what it would mean to state that the SEC "has not received any registration statements for the offer or sale of a Digital Asset or Virtual Currency."  Subject to and without waiving its objections, the Commission denies this Request.

**Request No. 37:**

The SEC has not brought an enforcement action against any entity or individual alleging a violation of the Securities Exchange Act of 1934 on the ground that that it offered Kin on a Digital Asset platform.

**Response to Request No. 37:**  The Commission objects to Request No. 37 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "enforcement action" and "platform" mean in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, it has not filed an action in federal court or brought an administrative proceeding against any individual or entity alleging a violation of the Securities

Exchange Act of 1934 relating to the offer or sale of Kin.  Except as expressly admitted, the Commission denies this Request.

**Request No. 38:**

The SEC has not brought an enforcement action against any entity or individual (other than Kik) alleging that it engaged in an offer or sale of Kin in violation of the Securities Act of 1933.

**Response to Request No. 38:**  The Commission objects to Request No. 38 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined term "enforcement action" means in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of the date of this Response, it has not filed an action in federal court or brought an administrative proceeding against an entity or individual, other than Kik, alleging that it engaged in an offer or sale of Kin in violation of the Securities Act of 1933.  Except as expressly admitted, the Commission denies this Request.

**Request No. 39:**

Determinations made by the Ontario Securities Commission as to what qualifies as a security under Canadian law have no bearing on what qualifies as a security under U.S. federal law.

**Response to Request No. 39:**  The Commission objects to this Request because it seeks a legal conclusion.  Subject to and without waiving its objections, the Commission denies this Request.

**Request No. 40:**

The SEC does not assert in this Action that Kik was required to proactively engage the SEC before conducting an offer or sale of Kin.

**Response to Request No. 40:**  The Commission objects to Request No. 40 because it seeks a legal conclusion as to which no answer is required and, further, because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  Subject to and without waiving its objections, the Commission denies this Request.

**Request No. 41:**

As of July 1, 2017, the SEC had not issued any guidance specifically addressing whether U.S. federal securities laws apply to the offer or sale of a Virtual Currency and/or Digital Asset.

**Response to Request No. 41:**  The Commission objects to Request No. 41 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined term "guidance" means in this Request.  Subject to and without waiving its objections, the Commission denies this Request.

**Request No. 42:**

The SEC has not issued any guidance as to when an ecosystem is sufficiently decentralized such that the offer or sale of its tokens does not constitute a security or investment contract.

**Response to Request No. 42:**  The Commission objects to Request No. 42 because it is not relevant to any party's claim or defense in this Action.  The Commission further objects to this Request as vague and ambiguous because it is unclear what the undefined terms "guidance," "tokens," "ecosystem" and "decentralized" mean in this Request.  Subject to and without waiving its objections, the Commission denies this Request.

**Request No. 43:**

As of January 1, 2019, the SEC had not approved an offering of a Digital Asset or Virtual Currency pursuant to Regulation A.

**Response to Request No. 43:**  The Commission objects to Request No. 43 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous, because it is unclear what "approved" means in this Request.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of January 1, 2019, the Commission had not approved an offering of a Digital Asset or Virtual Currency pursuant to Regulation A, but the Commission does not approve *any* offerings of securities under Regulation A. Pursuant to Rule 253 of Regulation A, the "[t]he United States Securities and Exchange Commission does not pass upon the merits of or give its approval to any securities offered or the terms of the offering, nor does it pass upon the accuracy or completeness of any offering circular or other solicitation materials."  Except as expressly admitted, the Commission denies this Request.

**Request No. 44:**

As of April 1, 2019, the SEC had not issued a no action letter with respect to the offer or sale of Digital Assets and/or Virtual Currencies.

**Response to Request No. 44:**  The Commission objects to Request No. 44 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  The Commission further objects to this Request as vague and ambiguous, because it is unclear what the undefined term "issued" means in this Request.  The Commission also objects to this Request's use of the term "SEC" for the reasons stated above; the five-person Commission itself does not issue no-action letters.  Subject to and without waiving its objections, the Commission admits this Request in part.  The Commission admits that, as of April 1, 2019, staff within the Commission had not issued a no-action letter specific and unique to Digital Assets and/or Virtual Currencies.  Except as expressly admitted, the Commission denies this Request.

**Request No. 45:**

Prior to initiating this Action, the SEC was aware that on May 9, 2019, in the context of discussing the regulation of Virtual Currencies and/or Digital Assets, SEC Commissioner Hester Peirce stated, "It is therefore our duty as a regulator to provide the public with clear guidance as to how people should comply with our law. We have not yet fulfilled this duty."

  **Response to Request No. 45:** *See* Response to Request No. 1.  The quoted passage is also presented in this Request without any context whatsoever.  The Commission neither admits nor denies this Request.

**Request No. 46:**

The SEC does not assert in this Action that every offer or sale of Kin constitutes an offer or sale of a security.

  **Response to Request No. 46:**  The Commission objects to Request No. 46 because it is not relevant to any party's claim or defense in this Action, improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter.  Consequently, the Commission neither admits nor denies this Request.

**Request No. 47:**

The SEC is not aware of any document or other evidence establishing that Kik believed the offer and sale of Kin to be a securities offering.

  **Response to Request No. 47:** *See* Response to Request No. 1.  Subject to and without waiving its objections, the Commission denies this Request.

**Request No. 48:**

The SEC does not assert in this Action that Kin holders possessed voting rights in Kik.

**Response to Request No. 48:**  The Commission admits this Request.

**Request No. 49:**

The SEC does not assert in this Action that Kin holders received an equity interest.

**Response to Request No. 49:**  The Commission objects to Request No. 49 because it unclear what the Request means by "equity interest".  Given the ambiguity, the Commission can neither admit nor deny the Request.

**Request No. 50:**

The SEC does not assert in this Action that, on or about September 26, 2017, the Kin token, all by itself, was a security.

**Response to Request No. 50:**  The Commission objects to this Request because the phrase "the Kin token, all by itself" is vague and confusing.  Subject to and without waiving this objection, the Commission admits that it asserts in this Action that the Kin token that was offered and sold through September 26, 2017 was a security.  Except as expressly admitted herein, the Commission denies this Request.

**Request No. 51:**

The document attached hereto as Exhibit A is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of the SEC Investor Alert "Ponzi Schemes Using Virtual Currencies" SEC Pub. No. 153, which is publicly available at https:// www.sec.gov/investor/alerts/ia_virtualcurrencies.pdf.

**Response to Request No. 51:**  The Commission objects to Request No. 51 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  Subject to and without waiving its objections, the Commission admits this Request.

**Request No. 52:**

The document attached hereto as Exhibit B is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of the SEC Investor Alert "Bitcoin and Other Virtual Currency-Related Investments," which is publicly available at https://www.sec.gov/oiea/investor- alerts-bulletins/investoralertsia_bitcoin.html.

**Response to Request No. 52:**  The Commission objects to Request No. 52 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  Subject to and without waiving its objections, the Commission admits this Request.

**Request No. 53:**

The document attached hereto as Exhibit C is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of June 14, 2018 remarks by William Hinman, head of the Division of Corporation Finance, at the Yahoo Finance All Markets Summit, which are publicly available at https://www.sec.gov/news/speech/speech-hinman-061418.

**Response to Request No. 53:**  The Commission objects to Request No. 53 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  Subject to and without waiving its objections, the Commission admits this Request.

**Request No. 54:**

The document attached hereto as Exhibit D is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of the SEC Investor Bulletin "Initial Coin Offerings," which is publicly available at https://www.investor.gov/additional-resources/news-alerts/alerts-bulletins/investor-bulletin-initial-coin-offerings.

**Response to Request No. 54:**  The Commission objects to Request No. 54 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  Subject to and without waiving its objections, the Commission admits this Request.

**Request No. 55:**

The document attached hereto as Exhibit E is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of the DAO Report.

**Response to Request No. 55:**  The Commission admits this Request.

**Request No. 56:**

The document attached hereto as Exhibit F is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of the SEC webpage "ICO – Howeycoins," which is publicly available at https://www.investor.gov/howeycoins.

**Response to Request No. 56:**  The Commission objects to Request No. 56 because it is not relevant to any party's claim or defense in this Action. *See* October 29, 2019 Order, ECF No. 30. Subject to and without waiving its objections, the Commission admits this Request.

**Request No. 57:**

The document attached hereto as Exhibit G is a true, genuine, and authentic copy for purposes of Federal Rule of Evidence 901 of the text of the letter dated September 28, 2018 to SEC Chairman Jay Clayton from members of the U.S. Congress, which is publicly available at https://budd.house.gov/uploadedfiles/budd_davidson_emmer_soto_sec_letter_final.pdf.

**Response to Request No. 57:**  The Commission objects to Request No. 57 because it is not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No. 30.  Subject to and without waiving its objections, the Commission admits this Request.

**Request No. 58:**

The document attached hereto as Exhibit H is a true, genuine, and authentic copy for purposes of

Federal Rule of Evidence 901 of the text of the letter dated March 7, 2019 from

SEC Chairman Jay Clayton to U.S. Congressman Ted Budd, which is publicly available at

https://coincenter.org/files/2019-03/clayton-token-response.pdf.

    **Response to Request No. 58:**  The Commission objects to Request No. 58 because it is

not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No.

30.  The Commission further objects to this Request to the extent that it seeks information that is

outside of the Commission's specific and exclusive knowledge.  Specifically, the letter referred to in

this Request does not appear on the Commission's website, and the Commission does not have

sufficient knowledge to determine if the letter has been altered in any way.  Subject to and without

waiving its objections, the Commission denies this Request.

**Request No. 59:**

The document attached hereto as Exhibit I is a true, genuine, and authentic copy for purposes of

Federal Rule of Evidence 901 of the cease-and-desist order against Block.one, SEC Release No. 3-

10568 (Sep. 30, 2019), which is publicly available at https://www.sec.gov/litigation/

admin/2019/33-10714.pdf.

    **Response to Request No. 59:**  The Commission objects to Request No. 59 because it is

not relevant to any party's claim or defense in this Action.  *See* October 29, 2019 Order, ECF No.

30.  Subject to and without waiving its objections, the Commission admits this Request.

Dated:  November 4, 2019

Respectfully submitted,

   /s/ Laura K. D'Allaird

Laura K. D'Allaird
Stephan J. Schlegelmilch
David S. Mendel
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-5971
202.551.5475 (D'Allaird)
DallairdL@SEC.gov
*Attorneys for Plaintiff*