

Patrick E. Gibbs
+1 650 843 5535
pgibbs@cooley.com

January 14, 2020                                                    **VIA ECF & Hand Delivery**

Honorable Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:  SEC v. Kik Interactive, No. 19-cv-5244 (AKH)**

Dear Judge Hellerstein:

Pursuant to Local Rule 37.2 and Rule 2(E) of Your Honor's Individual Rules of Practice, the parties write to request the Court's intervention regarding a discovery dispute concerning the U.S. Securities and Exchange Commission's ("SEC") 30(b)(6) deposition notice (the "Notice") to Kik Interactive, Inc. ("Kik" or the "Company").  Specifically, Kik seeks a protective order precluding the deposition.  Alternatively, Kik requests that the Court meaningfully narrow the deposition topics.  A copy of the Notice is attached to this letter as Exhibit A.  The parties met and conferred regarding this dispute twice by telephone.  On November 19, 2019, Patrick Gibbs, Brett De Jarnette, and Michael Welsh of Cooley LLP ("Cooley") spoke for approximately 20 minutes with Stephan Schlegelmilch, David Mendel, and Laura D'Allaird of the SEC.  When it was apparent the parties would not resolve the dispute, Kik sent the SEC a proposed letter to this Court seeking a protective order on November 27, 2019.  The SEC responded on December 8, 2019 by sending Kik an Amended Rule 30(b)(6) notice (the "Amended Notice").  A copy of the Amended Notice is attached as Exhibit B.  On December 11, 2019, Mr. Gibbs, Mr. De Jarnette, and Jenna Bailey from Cooley again spoke to Mr. Schlegelmilch, Mr. Mendel, and Ms. D'Allaird from the SEC, this time for approximately 10 minutes about the Amended Notice.  On December 18, 2019, and as the parties discussed, Kik sent the SEC a letter explaining its basis for objecting to the topics in the Amended Notice and encouraged the SEC to narrow its topics.  On December 20, 2019, the SEC stated its view that the parties were still no closer to a resolution and sent Kik its portion of this letter.  On January 6, 2020, Kik sent the SEC a revised version of Kik's portion of the letter, and, on January 10, the SEC sent Kik revisions to the SEC's portion. The parties set forth their respective positions regarding this deposition below.

<u>**KIK'S POSITION**</u>

**I.    Introduction**

After conducting a year-and-a-half long investigation, taking 15 days of testimony from 11 Kik personnel, compiling a 90,000 document investigative file, and receiving substantial written responses over the course of two years about every aspect of this case, the SEC now seeks corporate testimony on hundreds of topics or subtopics, either noticed expressly in their Rule

# Cooley

Honorable Alvin K. Hellerstein
January 14, 2020
Page Two

30(b)(6) Notice or by reference to other discovery documents.  The SEC claims that it needs to take a Rule 30(b)(6) deposition of Kik, at the very end of fact discovery, purportedly to "streamline" the discovery process.  But the SEC's proposed deposition would do no such thing.  Instead, it would burden Kik with preparing for an unnecessary deposition, entirely duplicative of the vast discovery record in this case, and one in which the topics are so expansive that there are essentially no boundaries on questions the SEC may ask.

The SEC claims it is entitled to a 30(b)(6) deposition as a matter of course because the noticed topics are "relevant," without regard to scope of permissible discovery under Rule 26.  The SEC is wrong.  Indeed, courts routinely preclude 30(b)(6) depositions or strike topics.[1]  But more importantly, the SEC's position is flatly inconsistent with its own refusal to produce a Rule 30(b)(6) witness to Kik, on topics that were indisputably "relevant" to Kik's defense of the case, including topics seeking to permit Kik to better understand the facts underlying the SEC's allegations.  (ECF No. 27.)  Here, the Court has even more reason to deny a Rule 30(b)(6) deposition of Kik because the SEC's claim against Kik is supposed to turn solely on objective evidence, necessitating less discovery than Kik's vagueness affirmative defense, which turns on **both** objective and subjective evidence.  *Compare Hayes v. New York Attorney Grievance Comm.*, 672 F.3d 158, 163 (2d Cir. 2012) (subjective testimony from regulating entity was relevant in finding a statute unconstitutionally vague) *with Warfield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009) (determining whether a transaction is an "investment contract" under *Securities and Exchange Commission v. W. J. Howey Co.*, 328 U.S. 293 (1946) is an "objective inquiry.").  It would be manifestly unfair to deny Kik any testimony from the SEC, including Rule 30(b)(6) and percipient witness depositions, while allowing the SEC to burden Kik with a limitless Rule 30(b)(6) notice after the two years of discovery it has already taken.

Importantly, the SEC does not dispute that the Amended Notice requests information it has already received during discovery.  Instead, it claims that it is entitled to a Rule 30(b)(6) deposition because such deposition binds the company whereas individual testimony does not.  The SEC's argument is misguided.  Kik's document productions and written responses are entirely duplicative of the information sought, which renders the proposed deposition entirely unnecessary.  The SEC fails to explain otherwise.  Further, Kik has repeatedly offered to designate portions of individual testimony as being on behalf of the company, and even agreed to stipulate that certain of Mr. Livingston's are corporate admissions.  The SEC has refused these

---

[1] *E.g.*, *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat. Assoc.*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) (striking topics seeking overbroad and duplicative testimony); *Janki Bai Sahu v. Union Carbide Corp.*, 528 Fed. App'x 96, 103 (2d Cir. 2013) (affirming preclusion of 30(b)(6) testimony where requests were overbroad and cumulative); *Apple Inc. v. Samsung Elec. Co., Ltd.*, 2012 WL 1511901, at *2-3 (N.D. Cal. Jan. 27, 2012) (granting protective order where Rule 30(b)(6) notice was "facially excessive" and the number and breadth of the subject areas "render[ed] unworkable" the responding party's obligation to designate and prepare a witness); *Bowers v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 6013092, at *7 (D. Kan. Dec. 2, 2011) (granting protective order where some categories were not described with reasonable particularity and those that were were "otherwise so overly broad that they subject [the responding party] to an undue burden in attempting to respond to the deposition notice."); *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (finding Rule 30(b)(6) testimony inappropriate as the topics were duplicative of previous information received).



Honorable Alvin K. Hellerstein
January 14, 2020
Page Three

offers at every turn.  Kik should not be punished through a burdensome and duplicative deposition as a result.

The SEC's Amended Notice is improper, and a protective order is appropriate, for two reasons that the SEC does not meaningfully dispute.  First, the SEC's proposed topics are extremely overbroad and fail to come anywhere close to the "painstaking specificity" that Rule 30(b)(6) requires.  *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000).  As courts have found in many similar circumstances, the topics do not provide Kik with adequate notice to prepare a witness to testify on behalf of the Company.  *See* n.1, *infra*.  Kik has repeatedly told the SEC that it will produce a 30(b)(6) witness if the noticed topics are compliant with the Federal Rules.  But the SEC has instead chosen to stick with its dozens of infinitely broad topics, imposing virtually no boundaries on questions it could ask a witness.  And, in its one purported attempt to "narrow" the scope of the notice, the SEC actually **added** topics, including **over 100 responses** to requests for admission ("RFAs") that were incorporated by reference.  Tellingly, the SEC does not address Kik's argument that the noticed topics are overbroad.  *See infra* at 16.  Nor does it contest that a protective order is appropriate under such circumstances.  Instead, the SEC argues only that the topics are relevant.  They are not, but in any event, relevance alone is not a reason to burden Kik with a Rule 30(b)(6) deposition.

Second, the proposed deposition is duplicative of the vast information the SEC obtained in both its investigation and this litigation.  The SEC does not dispute this and instead insists that it is entitled to a Rule 30(b)(6) deposition regardless.  But a Rule 30(b)(6) deposition should not be used as a vehicle to obtain an additional deposition of a percipient witness or as a catch-all to reexamine the universe of information already produced.  *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019) (describing situations where a party may not be required to produce a 30(b)(6) witness as including when the deposition "would be used inefficiently 'as a catch-all technique to reexamine'" information the opposing party already produced) (internal citations omitted).  Here, the time, effort, and resources to prepare an individual to testify imposes a burden on Kik that is wildly disproportionate to the needs of the case, especially given the vast discovery record already produced in this case.  *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (striking certain topics that imposed a disproportionate burden on the responding party).  Even before taking discovery in this matter, the SEC, unlike a typical litigant, had the benefit of (and Kik was subjected to) a year-and-a-half long investigation.  During its investigation and this litigation, the SEC has taken dozens of hours of testimony from Kik's senior management and other employees, noticed many of them for additional depositions, and has received tens of thousands of documents and detailed responses to written discovery and other questions.  The SEC has implicitly acknowledged the adequacy of that discovery; it does not identify in more than a conclusory fashion any information it has not already received from Kik.  Moreover, the SEC's conduct suggests discovery to date has been adequate.  The SEC (1) withdrew the deposition subpoena of Kik's CEO, (2) did not propound a single interrogatory, and (3) did not seek further RFA responses.  Finally, the SEC has refused to seek the information



Honorable Alvin K. Hellerstein
January 14, 2020
Page Four

through less burdensome means as it has rejected Kik's offers to stipulate to facts or to designate previous testimony as made on behalf of the Company.[2]

For the reasons described herein, Kik respectfully requests that the Court issue a protective order.[3]

## II.    A Protective Order Is Warranted Because the Amended Notice Is Improper.

Courts have discretion to issue protective orders to bar depositions and limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 939 F. Supp. 2d 422, 427 (S.D.N.Y. 2013), *aff'd*, 2 F. Supp. 3d 499 (S.D.N.Y. 2014); *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 555 (D. Conn. 2006).  The fact that requested information is in some way relevant does not mean that a party is entitled to it in discovery.  Rather, courts are required to "limit the frequency or extent of discovery otherwise allowed" if: 1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive; 2) the party seeking discovery has had "ample opportunity to obtain the information by discovery in the action"; or 3) the proposed discovery is beyond the scope of Rule 26.  Fed. R. Civ. P. 26(b)(2)(C); *see Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) ("[T]he simple fact that requested information is discoverable . . . does not mean that discovery must be had."); *Apple*, 2012 WL 1511901 at *3 (Rule 26 directs courts to "limit the extent of otherwise relevant discovery where the benefit to and need of the propounding party is outdone by the burden, expense" and "impracticable demand" imposed on a party).  Because of "the potential impact of the testimony that can be obtained through [Rule 30(b)(6) depositions], courts should scrutinize Rule 30(b)(6) notice topics for proportionality, burden, and reasonable particularity to ensure that the responding party can select and prepare the most suitable witness and so that the topics do not engender abuse of the process by either party."  *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat. Assoc.*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017).  Accordingly, courts have barred Rule 30(b)(6) depositions or have stricken topics that seek overbroad, duplicative, or wasteful testimony.  *See* n.1, *infra*.

### A.    The Noticed Topics Are Not Designated with "Painstaking Specificity," so as to Allow Kik to Adequately Prepare an Individual to Testify.

Rule 30(b)(6) requires parties to "describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  In other words, the noticing party must designate topics

---

[2] Given the massive amount of testimony, documents, and other information that Kik has already provided in connection with the SEC's investigation and discovery in this matter, and given further that discovery is virtually complete at this point, the SEC's suggestion that an additional, repetitive, overbroad, unnecessary and burdensome Rule 30(b)(6) deposition would serve to streamline discovery is disingenuous.

[3] In the alternative, Kik respectfully requests that the Court meaningfully narrow the topics it determines to lack the requisite specificity (as described below) that would allow Kik to designate and reasonably prepare a representative to testify on behalf of the Company.

# Cooley

Honorable Alvin K. Hellerstein
January 14, 2020
Page Five

"with painstaking specificity" to allow a corporation to adequately prepare an individual to testify on its behalf.  *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000); *see also Blackrock Allocation Target Shares*, 2017 WL 9400671 at *1 (noting that "a Rule 30(b)(6) deposition should not be a 'memory contest' of topics better suited to a written response or a supplemental document production."); *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 505-06 (D.S.D. 2009) (finding that topics of "the corporate history of four corporate entities [and] the corporate relationship between these entities" covered a "tremendous amount of information" and ordering noticing party to amend notice to reasonably narrow or clarify the lines of inquiry); *Alvey v. State Farm Fire & Casualty Co.*, 2018 WL 826379, at *7 (W.D.K.Y. Feb. 9, 2018) (striking noticed topics as overbroad).   Topics that are so "wide-ranging and broad" subject the responding party to an undue burden and prevent it from "identify[ing] the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice."  *Bowers*, 2011 WL 601392 at *4.

The topics in the SEC's Amended Notice do not come close to the reasonable particularity that Rule 30(b)(6) requires.  The SEC does not meaningfully dispute this.  Below, the SEC asserts that its topics are described with reasonable particularity but does nothing other than simply restate the topics and suggest they are *relevant*.  (Opp. at 16-17.)  Of course, relevance does not mean the SEC has identified the topics with the specificity the Rules require.

As Kik has told the SEC, the topics in the Amended Notice are so expansive that there would be virtually no boundaries on the scope of the deposition.  For example, the SEC seeks testimony about "Public statements and presentations by Kik executives, employees, representatives and/or agents relating the Kin token offering . . ." (Amended Topic 5).  The SEC does not identify any specific statement, but instead unreasonably expects Kik to prepare a witness to answer *any* question about *any* statement ever made about Kik's sale of Kin.  The remainder of the noticed topics are riddled with the same overbreadth, imposing no parameters with respect to scope.

Notably, in response to Kik's initial position statement about this deposition, the SEC amended its notice, in a superficial way that actually expanded the scope of the proposed deposition: the SEC *added* topics 13 through 17.  The SEC included five new topics about Kik's prior written discovery, making the topics by definition duplicative and therefore improper.  The ruling in *Edwards* is illustrative.  331 F.R.D. at 125.  In that case, a party noticed topics relating to discovery responses.  The Court prohibited such "discovery about discovery" as it was "irrelevant and not important to resolve the case" and because "the burden of requiring defendant to prepare a witness to testify about these matters outweighs the likely benefit."[4]  *Id.*; *see also Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, LLC*, 2019 WL 1804849, at *12 (M.D. La. April 24, 2019) (finding overly broad a 30(b)(6) topic that generally refers to written discovery).

---

[4] In an effort to compromise and resolve this issue without court intervention, Kik sent the SEC a letter detailing the issues with the Amended Notice, encouraging the SEC to narrow its topic.  *See* Ex. C, Gibbs Letter to Schlegelmilch of December 18, 2019.  The SEC refused to narrow its topics and unilaterally declared the parties at impasse.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Six

As in *Edwards*, the Amended Notice adds the following topics (Amended Topics 13-17), which seeks discovery about ***over 100 written responses*** that are incorporated by reference:

- 13.  "The topics covered by your letter dated November 17, 2017" – This topic calls for testimony about a 12-page narrative response that Kik provided to the SEC over two years ago discussing how Kik used proceeds of the SAFT sales, its KYC and AML processes, information about Kik users, and the public-sale, among dozens, if not more, other factual categories.

- 14.  "The topics covered by the stipulation dated November 12, 2019" – This topic calls for testimony about a stipulation the parties entered into in lieu of the deposition of Kik's CEO, containing 41 paragraphs.

- 15.  "The topics covered by your letter dated November 4, 2019" – This topic calls for testimony about a narrative letter addressing 11 requests for production, encompassing discussion of distinct and particular facts concerning various subject matter.

- 16.   "Kik's responses to the SEC's Requests for Admission Nos. 51, 77, 86, 99, 107, 109-114, 117-129, 132-136, 144-148" – This topic seeks testimony about nearly 30 responses to requests for admission.  Not only has Kik provided responses to those requests, but many of such requests were deficient.

- 17.  "Testimony Exhibit 206" – This topic calls for testimony about Kik's responses to more than 80 requests for admission Kik provided over a year ago.  These requests include Kik's sale of Kin during the public sale; Kik's screening, KYC, and AML processes for purchasers; Kik's sale of SAFTs from June to September 2017; Kik's use of revenue from the public sale; the banks in which Kik deposited that revenue; and the structure and conduct       of       the       Kin       Ecosystem       Foundation.

In addition to the above-referenced topics, every other Amended Topic contains numerous deficiencies as summarized by the below chart.  These topics in the aggregate create an unending universe of questions about which the SEC could ask a witness, preventing Kik from being able to adequately prepare a witness to testify on behalf of the Company.

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 1: Kik's corporate structure, ownership and offices between January 1, 2017 and the present. | Lacks specificity, overbroad, irrelevant, duplicative, could have been obtained by less intrusive means. | Depositions of P. Heinke; I. Leibovich; and E. Ben-Ari; Nov. 11 Stipulation ¶¶ 1, 41 RFA No. 79 Investigative testimony of E. Lyon, E. Livingston, E. Clift |



Honorable Alvin K. Hellerstein
January 14, 2020
Page Seven

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 2: Kik's current financial condition and operations. | Lacks specificity, overbroad, irrelevant, duplicative, could have been obtained by less intrusive means. | |
| Topic No. 3: "Kik's plan for the Kin token offering, including Kik's plan for the use of the Kin token offering proceeds; Kik's planned time frame for the Kin token offering, including the timing of any sales of Kin to the public, and any changes to this time frame and reasons therefore." | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means. | Depositions of P. Heinke; Investigative Testimony of E. Lyon, E. Livingston |
| Topic No. 4: "Kik's announcement and marketing of Kin to potential purchasers, including Kik's knowledge of the dissemination of video recordings relating to Kin on the internet, either by Kik or third parties." | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means. | Depositions of P. Heinke; Nov. 11 Stipulation; Investigative Testimony of E. Livingston, T. Philp, E. Clift |



Honorable Alvin K. Hellerstein
January 14, 2020
Page Eight

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 5: "Public statements and presentations by Kik executives, employees, representatives and/or agents relating the Kin token offering, *including but not limited to*" 12 subtopics, including, for example:<br>• "All statements made by Kik executives, employees, representatives and/or agents on social media relating to Kin, including, but not limited to, Twitter, Slack, and Medium"<br>• "Statements of persons including Kik CEO Edward Livingston at the 'Token Summit' in New York, New York on May 25, 2017"<br>• "Statements of persons including Kik CEO Edward Livingston and Kik board member Fred Wilson in a video recording made publicly available on the website AVC.com as of May 27, 2017"<br>• And several additional subtopics | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means, calls for testimony about statements made by non-Kik employees; calls for testimony "including but not limited to" subtopics.[5] | Nov. 11 Stipulation; RFA Nos. 13-14, 16, 18-19, 24, 26, 32; Investigative Testimony of E. Livingston, T. Philp, E. Clift |

---

[5] Topic 5 further calls for a Kik designee to be prepared to testify about all the statements of unknown attendees at numerous identified and unidentified meetings and about every Kik employee's social-media account.

# Cooley

Honorable Alvin K. Hellerstein
January 14, 2020
Page Nine

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 6: "Kik's consideration of whether the offer and sale of Kin was an offer and sale of an investment contract under the federal securities laws, including (a) Kik and Kik's executives' review of the DAO Report; (b) Kik executive and employee communications with the Ontario Securities Commission relating to whether the offer and sale of Kin was an offer and sale of an investment contract; and (c) Kik's efforts, if any, to contact the SEC about Kin on or before September 26, 2017." | Lacks specificity, overbroad, irrelevant, duplicative, could have been obtained by less intrusive means.[6] | Deposition of P. Heinke and R. McKee;<br><br>Investigative Testimony of E. Lyon, P. Holland, T. Philp |
| Topic No. 7: "Kik's efforts to enter into SAFTs, including the dates and terms of the SAFTs, including the ability of purchasers to cancel and/or withdraw from the SAFTs." | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means. | Deposition of P. Heinke; RFA Nos. 41-46, 50-52, 54-72 Investigative Testimony of E. Lyon, P. Holland, T. Philp |
| Topic No. 8: "Details and circumstances of the development of the 'Minimum Viable Product' ('MVP') of Kin as referred to in Kik's Answer to Paragraph 100 of the Complaint, including (a) Kik's marketing of the MVP before sales of Kin to the public; and (b) The status of the MVP as of September 12, 2017." | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means. | Depositions of P. Heinke; I. Leibovich; and E. Ben-Aril; Investigative Testimony of P. Holland, T. Philp, E. Clift |

---

[6] In addition to deposing each Kik employee involved in these discussions, the SEC previously deposed Kik's outside counsel on these same topics.  There is simply no testimony Kik could provide that the SEC does not already possess.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Ten

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 9: "The details of Kik's public sale of Kin in September 2017, and Kik's efforts during the public sale, including (a) Kik's disclosures about Kin to potential purchasers and/or purchasers; (b) Kik's sales, including but not limited to the terms of the sales, and the consideration paid by purchasers; (c) Kik's structure of the public sale, including, but not limited to, multiple rounds of sales, as well as caps on purchase amounts." | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means. | 4/9/18 Investigative RFA Nos. 38, 51-59;<br><br>6/22/18 Investigative RFA Nos. 39-41;<br><br>Depositions of P. Heinke and E. Ben-Aril; Investigative Testimony of E. Livingston, T. Philp |
| Topic No. 10:  The delivery and allocation of Kin tokens to SAFT participants, public sale purchasers, Kik, the Kin Foundation, and/or any other individual or entity in September 2017. | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means. | 6/22/18 Investigative RFA Nos. 44-45;<br><br>Depositions of P. Heinke and E. Ben-Ari;<br><br>Investigative Testimony of E. Livingston, T. Philp |
| Topic No. 11: "Kik's planned and actual use of the Kin token offering proceeds, *including, but not limited to* (a) Bank accounts, digital wallets, or any other location where Kik kept or maintained the Kin token offering proceeds; (b) Kik's plan for the use of the proceeds; (c) Kik's actual use of the proceeds; and (d) Kik's public statements prior to the public sale in September 2017 about how it would use the Kin token offering proceeds." | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means, calls for testimony "including but not limited to" subtopics. | Depositions of P. Heinke and E. Ben-Ari<br><br>RFA Nos. 60-61, 65<br><br>Investigative Testimony of E. Lyon, P. Holland, T. Philp;<br><br>6/22/18 Investigative RFA Nos. 46-52 |



Honorable Alvin K. Hellerstein
January 14, 2020
Page Eleven

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 12: "The development, creation and operation of the Kin Ecosystem, *including, but not limited to*" for example:<br>• "Attributes of the Kin Ecosystem that existed as of May 25, 2017"<br>• "All the ways in which 'Kin's fundamental utility as a digital currency existed on the date of the TDE' and how 'Kin owners could use Kin for peer-to-peer transactions' as of September 26, 2017, as stated in Kik's Answer to Paragraph 16 of the Complaint"<br>• "All the ways in which 'Kin was integrated into Kik Messenger' at the time of the public sale in September 2017, as stated in Kik's Answer to Paragraphs 132 and 140 of the Complaint"<br>• "All the ways in which 'the Kin economy existed,' and 'the Kin economy was functional as of the date of the September 26, 2017 distribution as stated in Kik's Answers to Paragraphs 61, 126, 132, 140, 175 of the Complaint"<br>• And *eight* additional categories | Lacks specificity, overbroad, duplicative, could have been obtained by less intrusive means, calls for testimony "including but not limited to" subtopics. | 4/9/18 Investigative RFA Nos. 38, 42-47, 51-56, 59;<br><br>6/22/18 Investigative RFA Nos. 60-62;<br><br>Deposition of E. Ben-Ari and I. Leibovich<br><br>Investigative Testimony of E. Lyon, E. Livingston, T. Philp |
| Topic No. 13: The topics covered by your letter dated November 17, 2017. | Lacks specificity, overbroad, duplicative, seeks impermissible "discovery about discovery" | Duplicative of Kik's responses to SEC's Requests for Admission and topics the SEC purported to omit in Amended Notice. |



Honorable Alvin K. Hellerstein
January 14, 2020
Page Twelve

| Topic in Amended Notice | Kik's Objections | Prior Testimony or Admissions by Kik Covering This Topic |
|---|---|---|
| Topic No. 14: The topics covered by the stipulation dated November 12, 2019. | Lacks specificity, overbroad, duplicative, seeks impermissible "discovery about discovery" | |
| Topic No. 15: The topics covered by your letter dated November 4, 2019. | Lacks specificity, overbroad, duplicative, seeks impermissible "discovery about discovery" | Duplicative of Kik's responses to SEC's Requests for Admission; Requests for Production of Documents; and narrative responses. |
| Topic No. 16: Kik's response to the SEC's Requests for Admission Nos. 51, 77, 86, 99, 107, 109-114, 117-129, 132-136, 144-148. | Lacks specificity, overbroad, duplicative, seeks impermissible "discovery about discovery" | Duplicative of Kik's responses to SEC's Requests for Admission and topics the SEC purported to omit in Amended Notice. |
| Topic No. 17: Testimony Exhibit 206. | Lacks specificity, overbroad, duplicative, seeks impermissible "discovery about discovery" | Duplicative of 80+ responses to Requests for Admission including topics SEC purports to omit from Topic 9 |

A protective order is appropriate here for the same reasons the Court granted one to the SEC: the SEC's claim relies on objective evidence about what purchasers were offered or promised. When determining whether an investment contract existed, *Howey* dictates that courts "must focus [the] inquiry on what purchasers were offered or promised" and must therefore "***conduct an objective inquiry into the character of the instrument or transaction offered based on what purchasers were 'led to expect.'***"  *See Warfield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009) (emphasis added). The SEC argues that it is entitled to a Rule 30(b)(6) deposition as a matter of course because the topics are supposedly relevant. (Opp. at 16-17.) But none of the SEC's Rule 30(b)(6) topics are necessary to prove the objective facts about what purchasers were "led to expect" in connection with Kik's sale of Kin tokens in 2017. Given its position with respect to Kik's highly relevant topics for its own 30(b)(6) notice, it would be manifestly unjust for the Court to grant the SEC the right to a 30(b)(6) deposition regarding topics that bear no relation to its case. Because the Amended Topics effectively prevent Kik from preparing a witness to



Honorable Alvin K. Hellerstein
January 14, 2020
Page Thirteen

adequately testify and are irrelevant, the Court should issue a protective order precluding the deposition.

**B. All of the Topics Sought by the SEC Are Cumulative, Duplicative, and Such Information Should Have Been Obtained by Less Burdensome Means.**

"Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26—deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Bigsby*, 329 F.R.D. at 81. In other words, Rule 30(b)(6) topics are improper when they request information already obtained in discovery. *Id.* (prohibiting deposition on multiple 30(b)(6) topics seeking already known information); *In re Zyprexa Prods. Liability Litig.*, 2009 WL 9522945, at *1-2 (E.D.N.Y. Feb. 18, 2009) (precluding 30(b)(6) deposition that covered the same subject matter as produced documents). As a result, a "court should strike notice topics that would result in a witness merely testifying to information readily available through document production." *Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2 (striking deficient 30(b)(6) topics); *see Bellinger v. Astrue*, 2011 WL 4529602, at *3-4 (E.D.N.Y. Sept. 28, 2011) (Rule 30(b)(6) deposition unreasonably duplicative where plaintiff already deposed percipient witnesses and had obtained "ample discovery" from documents); *see Virginia Dep't of Corrections v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019), *cert denied sub nom. Jordan v. VA DOC*, 2019 WL 6833407 (U.S. Dec. 16, 2019).

The Second Circuit's decision in *Janki Bai Sahu v. Union Carbide Corp.* is instructive for analyzing when a Rule 30(b)(6) deposition is cumulative. 528 Fed. App'x 96, 103 (2d Cir. 2013). There the Court found that a 30(b)(6) deposition was inappropriate where the noticing party, "ha[d] not explained why the depositions would not be cumulative, why the request was not purely speculative, or why, in light of the extensive discovery permitted in this case, she was not afforded a reasonable opportunity to elicit information from [the opposing party]."[7] Similarly, in *Nicholas*, the Fourth Circuit affirmed the preclusion of a Rule 30(b)(6) deposition, where the noticing party already obtained relevant document discovery and deposed two key witnesses, one of whom would have been designated as the corporate representative. 373 F.3d 537, 543 (4th Cir. 2004).[8]

Contrary to the SEC's characterization, Kik does not contend that Rule 30(b)(6) depositions are always "extraordinary" and "necessarily-oppressive" discovery. (Opp. at 14.) But

---

[7] *Sahu* involved a renewed request for a deposition that the requesting party was not able to take during discovery. The SEC attempts to distinguish the case on grounds that the deposition involved events that occurred longer ago than the events in this case. The court in *Sahu* noted that "no one type of discovery is *necessarily* an adequate substitute for another." 528 Fed. App'x at 103-04 (internal quotations omitted). Kik agrees. But, as is appropriate here, a court has discretion to limit discovery if it would be "cumulative or if the request is based only on speculation as to what potentially could be discovered." 528 Fed. App'x at 103-04.

[8] The SEC similarly suggests *Nicholas* is inapplicable as it involves extraordinary circumstances. But the SEC does not acknowledge the two facts that are glaringly similar: 1) like in *Nicholas*, Kik's 30(b)(6) designee would be one or more of the witnesses who have already testified in their individual capacities, and 2) there is no further information about liability or damages that the witness could provide that the SEC does not already have.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Fourteen

in this case, where the questions to which the SEC seeks answers have been answered multiple times in testimony and written discovery, allowing a Rule 30(b)(6) deposition to proceed would impose an undue burden on the party that has already provided those answers, *see Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2, and run contrary to the SEC's supposed goal of "streamlining" discovery. The SEC's cases do not suggest otherwise. *Reilly v. Natwest Markets Grp. Inc.*, which the SEC cites on page 15, simply recites the general obligations of Rule 30(b)(6); it does not address the considerations of Rule 26 about when even relevant discovery may be limited. 181 F.3d 253, 268 (2d Cir. 1999). The same is true for *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (DDC 2003), which ordered a corporation to produce a 30(b)(6) designee without considering whether there were other sworn statements made by the corporation, or whether the corporation had offered to designate individual testimony as binding. (Opp. at 15.)

### 1.   The Amended Notice Is Duplicative of Percipient Witness Testimony.

The SEC no longer disputes that the Amended Topics are duplicative of individual testimony. Eleven of the most knowledgeable Kik personnel already testified about virtually every Amended Topic, and Kik has agreed to designate portions of that testimony as being made on behalf of the Company. *See* Table at 5-9, *supra*. For example, CEO Ted Livingston testified for nearly 15 hours over the course of two days about the initial development and plan for launching Kin and the reasons for doing so (Amended Topics 3(a)-(b)); statements Kik made about its sale of Kin (Amended Topic 5); Kik's financial performance and efforts to monetize and sell Kik Messenger (Amended Topics 2(a)-(e)); and Kik's marketing of Kin to potential purchasers (Amended Topic 4). The testimony was so comprehensive that the SEC effectively conceded its sufficiency when it withdrew Mr. Livingston's deposition notice. Similarly, the SEC questioned Kik's former CFO and COO Peter Heinke for over 13 hours over the course of three days about SAFTs (Amended Topics 7, 10) and whether Kik achieved a minimum viable product before launching the token distribution event (Amended Topics 8(a)-(b)). These dates of testimony, plus that of 9 other Kik executives, employees, board members, consultants, advisors, and outside counsel are summarized below.

| Title | Witness | Dates of Testimony |
|---|---|---|
| **Kik CEO** | Ted Livingston | 11/17/18 11/18/18 |
| **Kik CFO/COO** | Peter Heinke | 9/20/18 9/21/18 11/22/19 |
| **Kik Chief Product Officer** | Eran Ben-Ari | 10/23/18 |
| **Kik Chief Marketing Officer** | Erin Clift | 7/26/18 |
| **Kik Director of Corporate Development and Advisor to CEO** | Tanner Philp | 8/20/18 8/21/18 |



Honorable Alvin K. Hellerstein
January 14, 2020
Page Fifteen

| Title | Witness | Dates of Testimony |
|---|---|---|
| **Kik Senior Manager** | Phil Yang | 8/16/18 |
| **Kik General Counsel** | Eileen Lyon | 8/30/18 |
| **Kik Advisor** | Jake Brukhman | 7/11/18 |
| **Kik Board Member** | Paul Holland | 6/15/18 |
| **Kik Board Member** | Fred Wilson | 9/5/18 |
| **Kik Consultant** | William Raduchel | 7/30/18 |
| **Kik VP of Product** | Ilan Leibovich | 12/19/2019 |
| **Kik's Outside Counsel** | Ross McKee | 12/10/2019 |

The SEC does not dispute the substantial testimonial record in this case, nor that it has had ample opportunity to question Kik's most knowledgeable witnesses about the topics in its Amended Notice.  Indeed, the SEC has abandoned its position (in an earlier version of this letter) that the above-mentioned Kik witnesses did not provide the information sought by the SEC. Instead, the SEC argues that it is entitled to a Rule 30(b)(6) deposition regardless of the other discovery available in the case.  (Opp. at 16.)

But in this case, where the questions to which the SEC seeks answers have been answered multiple times in testimony and written discovery, allowing a Rule 30(b)(6) deposition to proceed would impose an undue burden on the party that has already provided those answers. *See Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2.  Doing so would contradict the SEC's supposed goal of "streamlining" discovery.

Kik has offered to avoid this burden imposed by preparing for duplicative testimony by designating prior testimony as binding on the corporation.  The SEC has not explained why this is not sufficient other than to suggest that the 30(b)(6) testimony is not duplicative "because the answers Kik's designee would be prepared in advance to provide in the deposition are, per se, sworn corporate admissions by a party."  (Opp. at 16.)  This does not give the SEC an automatic right to obtain the testimony, however.  Just because the testimony sought is from the Company does not mean that it is necessary or proportionate to the needs of the case.  *Nicholas*, 373 F.3d at 543 ("[T]he simple fact that requested information is discoverable . . . does not mean that discovery must be had."); *Bai Sahu*, 528 Fed. App'x at 103 (precluding 30(b)(6) deposition where party had not justified why the depositions would not be cumulative of other discovery already taken).  Testimony from Kik as a corporate entity is cumulative and duplicative of prior testimony given that (as the SEC admits) the testimony of percipient witnesses is admissible against Kik. *See Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2.  Requiring Kik to prepare a witness to provide the same testimony that the SEC has already obtained would be a waste of



Honorable Alvin K. Hellerstein
January 14, 2020
Page Sixteen

resources and impose a disproportionate burden on Kik.  The SEC's desire for additional answers to questions that other witnesses have already answered is not a sufficient reason to burden Kik with a Rule 30(b)(6) deposition.[9]  *See Nicholas*, 373 F.3d at 543 (finding no abuse of discretion in denying 30(b)(6) deposition of corporation where one of the individual witnesses who already testified would have been designated as the corporate representative).

### 2.  The Amended Notice Is Duplicative of Written Discovery.

In addition to being duplicative of the testimony provided by Kik, the Amended Topics are duplicative of Kik's written discovery, including narrative written responses, tens of thousands of produced documents, and multiple other written and verbal communications with the SEC.

Kik already produced documents that cover the Amended Topics, including all documents concerning the public sale or private sale; all communications with potential and actual private and public sale purchasers; and all communications concerning Kin, the public sale, or the private sale with any regulator, exchange, investor, or board member; and other overly inclusive requests. Further, Kik has provided RFA responses that overlap with Topics 1, 5, 6-7, and 9-13.  Kik also provided numerous written responses to the SEC over the course of two years that cover the same ground as the noticed topics.

A protective order is appropriate here because it would be "more convenient, less burdensome, and less expensive" for the SEC to use the same information it already obtained in the 40,000 documents from more than 20 custodians Kik produced, and the additional information Kik provided through dozens of letters, presentations, and requests for admission.  Fed. R. Civ. P. 26(b)(2)(C).  These include documents concerning the public sale or private sale; communications with potential and actual private and public sale purchasers; and communications concerning Kin, the public sale, or the private sale with any regulator, exchange, investor, or board member; and other overly inclusive requests.  The SEC does not argue that the 30(b)(6) testimony is unique from the extensive written discovery, and could not reasonably do so.  At the SEC's second examinations of Messrs. Ben-Ari and Heinke, the SEC asked almost identical questions about the same exhibits it asked during the investigation.  Given the discovery record, and the fact that Kik would undoubtedly produce a Rule 30(b)(6) witness who has already testified, there is no way that the proposed deposition would avoid the same redundancy exhibited in these two recent depositions.

---

[9] To the extent the SEC believes this insufficient because Kik will not deem entire testimonial transcripts as corporate admissions, Kik has explained that this Circuit requires parties to identify specific statements as opposed to entire testimony transcripts for purposes of corporate admissions.  *See Kolb v. Cnty. of Suffolk*, 109 F.R.D. 125, 128 (E.D.N.Y. 1985) (Rule 801(d)(2)(D) "is rarely applied to allow admission of whole depositions of witnesses who could easily appear at trial on a party's direct case.").  Kik remains willing to do so.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Seventeen

### 3. The SEC Could Have Pursued Less Burdensome Means of Obtaining Information.

The SEC's contention that it needs the information requested by the Amended Topics makes no sense in light of its actions during the course of discovery. The SEC withdrew its deposition of Mr. Livingston, no doubt realizing how repetitive it would be, less than 48 hours before the deposition. Further, the SEC has not propounded a single interrogatory or followed up on any of the RFA responses incorporated by reference in the Amended Notice, some provided over a year ago. Nor has the SEC entertained Kik's various offers to stipulate to facts or to designate prior testimony as being made on behalf of the Company. Indeed, given the fact that it has previously deposed all individuals knowledgeable on certain noticed topics, the SEC's blanket refusal to accept designated testimony in lieu of an additional deposition underscores the fact that the SEC simply seeks to re-depose these same individuals. Because the SEC has had many opportunities to obtain the information through less intrusive means, a protective order should be issued to avoid Kik being burdened by the time and expense to prepare for an unnecessary deposition. *Bai Sahu*, 528 Fed. App'x at 103 (precluding Rule 30(b)(6) deposition where the noticing party failed to explain how the information sought could not be obtained by less burdensome means).

For the foregoing reasons, Kik respectfully requests this Court enter a protective order prohibiting the SEC's 30(b)(6) deposition.

### THE SEC'S POSITION

Kik has informed the SEC that it will appear for a Rule 30(b)(6) deposition, but only if it deems satisfactory the notice's list of topics. Kik has twice rejected, wholesale, the SEC's efforts to meet its demands, and Kik will not articulate for the SEC the contours of a notice to which it will agree. According to Kik, not a single one of the SEC's topics meet Kik's exacting (yet undefined) requirements. Accordingly, given the apparent impossibility of the SEC's task and the fast-approaching discovery deadline, the SEC submits that a Rule 30(b)(6) deposition is both appropriate under the rules and the most efficient use of the time remaining, and asks that the Court order Kik to appear for deposition pursuant to its second, amended notice of deposition (Exhibit B).

### A. The SEC's Efforts To Obtain Kik's Rule 30(b)(6) Deposition

After advising Kik of its intent to take a Rule 30(b)(6) deposition in September, the SEC first noticed the Rule 30(b)(6) deposition of Kik on October 25, 2019.[10] *See* Exhibit A. The deposition was noticed for November 26, 2019. *See id.* Kik did not respond in any way to the deposition notice for 20 days, but on November 14, 2019, Kik demanded that the SEC withdraw its deposition notice or provide "the SEC's grounds for refusing to do so." *See* Exhibit D. During a November 19 call that followed, Kik's counsel informed the SEC staff that Kik refused to testify

---

[10] The SEC sent Kik a letter on September 19, 2019, informing Kik that it wished to take a Rule 30(b)(6) deposition in November 2019, followed by the SEC's initial notice of deposition on October 25, 2019. Kik delayed for nearly two months any response whatsoever regarding the deposition.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Eighteen

pursuant to Rule 30(b)(6) because the deposition notice was "vague" and called for testimony that Kik deemed to be irrelevant.  Despite these assertions, Kik's counsel declined to respond to the SEC's request that Kik identify any specific topic it contended was vague or irrelevant.  Kik did not ask that the deposition be rescheduled; it simply stated that it would not appear.  Kik also informed the SEC that it intended to seek a protective order in advance of the date set forth in the notice.

On Wednesday, November 27, the day after the scheduled date for the deposition, Kik provided to the SEC its portion of a joint letter motion seeking the Court's intervention.  For the first time, Kik articulated the specific bases for its refusal to sit for deposition, identifying certain topics it contended were vague and certain topics it argued were irrelevant or duplicative of other discovery already obtained by the SEC.  In an effort to resolve the impasse and to timely conclude fact discovery without further Court intervention, on December 8, 2019, the SEC voluntarily amended its Rule 30(b)(6) deposition notice, significantly paring the topics it wished to cover and identifying by Bates stamp, author, or date many of the specific exhibits the SEC intended to cover during the deposition.  *See* Exhibit B.  The SEC also provided a redline comparison of the original and amended deposition notice and offered "to clarify any of the topics that you identify as vague." *See* Exhibit E and F.

During a telephone conference on December 11 and in a letter dated December 18, Kik informed the SEC that it still refused to appear for the deposition as noticed.  Counsel indicated that Kik *might* appear for a deposition pursuant to a notice that met with its approval, but counsel declined to describe the contours of a notice with which Kik would agree, and Kik maintains that *each and every one* of the topics identified in the SEC's amended notice are improper.

Rather than engage in the endless goalpost moving Kik suggests, we ask the Court to intervene.

**B.  Rule 30(b)(6) Depositions Are Neither Burdensome Nor Redundant.**

Kik's argument regarding the supposed impropriety of the deposition begins with two false premises: *first*, that Rule 30(b)(6) depositions are extraordinary, necessarily-oppressive discovery devices, and *second*, that Rule 30(b)(6) depositions yield evidence identical to the discovery the SEC has already obtained from individual witnesses and that the SEC is limited to one witness per factual issue.  But, neither of these premises are true.

First, Rule 30(b)(6) depositions are an uncontroversial discovery device that have been part of the discovery rules for decades.   And numerous courts have expressly noted that such corporate depositions tend to "streamline the discovery process."  *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 687 (S.D. Fla. 2012).  *See also Mill–Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549–50 (SDNY 1989) ("First, the interrogatory format does not permit the probing follow-up questions necessary in all but the simplest litigation.  Second, without oral deposition, counsel are unable to observe the demeanor of the witness and evaluate his credibility in anticipation of trial.  Finally, written questions provide an opportunity for counsel to assist the witness in providing answers so carefully tailored that they are likely to generate additional discovery disputes.") (citations omitted); *Greenberg v. Safe Lighting Inc., Inertia Switch Div.*, 24



Honorable Alvin K. Hellerstein
January 14, 2020
Page Nineteen

F.R.D. 410, 411 (SDNY 1959) ("Experience has made it abundantly clear that the advantages of oral examination far outweigh the advantages of written interrogatories in carrying out the deposition procedures in aid of discovery under the [Federal R]ules [of Civil Procedure]."); *National Life Ins. Co. v. Hartford Acc. and Indem. Co.*, 615 F.2d 595, 600 n. 5 (3d Cir. 1980) ("[T]here are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses.").  Consequently, Kik's assertion that the deposition will be more burdensome than interrogatories, requests for admission, or negotiated stipulation is simply not borne out by experience, as Courts have noted time and again.

In sum, as this court has long held, "[t]he fact that [one party] has offered [the opposing party] certain stipulations, which, in its judgment, will obviate the necessity of further depositions, should not foreclose the right of [parties] to prepare their [case] in accordance with provisions of the Rules of Civil Procedure."  *Alfred Bell & Co. v. Catalda Fine Arts*, 5 F.R.D. 327, 328 (SDNY 1946); *see also QBE Ins.*, 277 F.R.D. at 689 ("In responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary.  Similarly, a corporation cannot point to interrogatory answers in lieu of producing a live, in-person corporate representative designee.").[11]

Second, Kik's argument that when there are individual witnesses a plaintiff simply cannot take a Rule 30(b)(6) deposition of a corporate defendant is not the law.  Individual and corporate depositions are not equivalents.  In contrast to a deposition of an individual deponent, Rule 30(b)(6) requires a corporate deponent to designate a witness that is prepared in advance to discuss identified topics, and the corporation is then bound by the designee's answers. *See Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir.1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (internal citations omitted).  Consequently, the Rule 30(b)(6) deposition the SEC seeks is not duplicative of the depositions and other discovery the SEC has obtained to date, because the answers Kik's designee would be prepared in advance to provide in the deposition are, per se, sworn corporate admissions by a party. *See In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (DDC 2003) (rejecting argument that a Rule 30(b)(6) deposition duplicates discovery obtained from corporate employees because "[defendant's] Rule 30(b)(6) deposition is a sworn corporate admission that is binding on the corporation.").  Stated another way, "the testimony of a Rule 30(b)(6) designee represents the knowledge of the corporation, not of the individual deponents," and "[a] Rule 30(b)(6) designee presents the corporation's position on the noticed topics."  *Great American Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008).  While many of Kik's executives and board members have already provided helpful evidence that is admissible against

---

[11] In a reversal from its November 27, 2019 draft letter brief describing the dates and other details of allegedly "extensive written discovery during the investigation and litigation" taken by the SEC, Kik now seems to complain that the SEC should have taken *more* written discovery.  *Supra* Kik Brief at 3 (noting SEC has not sought further RFA responses or propound interrogatories).  In any event, as the case law confirms, it is the SEC's prerogative to elect to proceed by Rule 30(b)(6) deposition rather than engage in the iterative written discovery process Kik now says it prefers.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Twenty

Kik, the statements of Kik's designee are unique in that they will be prepared in advance and wholly attributable to Kik.[12]

Accordingly, the deposition the SEC seeks is neither overly burdensome nor redundant, and it should go forward as noticed.

### C. Kik Has Rebuffed The SEC's Efforts To Obtain Discovery By Other Means.

Kik also argues that the SEC is or should be required to seek discovery from Kik through a negotiated stipulation or through requests for admission – *i.e.*, written answers that Kik's attorneys can negotiate and finesse.

Where appropriate, the SEC has entered into a stipulation to obviate a deposition – the SEC did just this prior to canceling the deposition of Kik's CEO. But, just because the SEC chose to do so once does not mean the SEC is required to do so in every instance, particularly for the named defendant who is obligated to prepare on designated topics. *Greenberg*, 24 F.R.D. at 411 ("There is no burden on the party seeking the deposition to show that written interrogatories would not be sufficient for its purposes.").

Kik's demand that the SEC seek only written discovery from Kik must also be seen in context. While Kik contends that requests for admission are now among the company's preferred discovery devices, Kik objected and refused to respond to many of the SEC's requests for admission. For example, Kik now contends that there is no reason for a company representative to sit for a deposition because numerous Kik executives have already provided sworn testimony. But, when asked to admit that such witnesses – including Kik's own CEO – testified regarding matters within the scope of their employment and that such testimony constituted the statements of Kik pursuant to Evidence Rule 801(d)(2), Kik refused, claiming that each such transcribed and videotaped testimony[13] was "outside the scope of Kik's personal knowledge" and an "improper and inefficient use of this procedural mechanism," improperly "calls for a legal conclusion," and "assumes Kik's admission of authenticity." *See* Exhibit G at 27 (with respect to CEO's testimony), 28 (former Chief Marketing Officer), 29-30 (Manager, Special Initiatives and Director, Corporate Development in 2017), 30 (General Counsel), 32 (former CFO), 35 (former Chief Product Officer).

In short, the SEC attempted to obtain relevant evidence through written requests but Kik stymied that effort through boilerplate and nonsensical objections like those set forth above. Kik cannot object to every form of discovery on the ground that another discovery tool is available

---

[12] A Rule 30(b)(6) deposition is also potentially valuable because, under Federal Rule of Civil Procedure 32(a)(3), the deposition may be used for any purpose at trial by an adverse party (here the SEC), regardless of the availability of the witness. *See* 1970 Advisory Committee Note (stating the rule "is appropriate, since the deposition is in substance and effect that of the corporation or other organization which is a party").

[13] The SEC provided this and other investigative testimony transcripts to Kik on June 28, 2019, several weeks prior to the commencement of discovery in this matter. Kik's counsel was present for each of the above-listed testimonies.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Twenty-One

(and then object when we use that tool).  Nor can Kik limit the SEC's ability to take its deposition regarding relevant topics by pointing to the testimony of Kik employees (who Kik may or may not dispute speaks for the company on the relevant issue).  Accordingly, the SEC submits that a deposition of Kik is the most efficient use of the limited time remaining in the fact discovery period, and we submit that the Court should order that it go forward.

    **D.   The Discovery The SEC Seeks Is Relevant And Has Been Described With Reasonable Particularity.**

        Each of the topics contained in the SEC's amended notice seeks evidence relevant to the SEC's claim or one of Kik's affirmative defenses, and each has been described with the "reasonable particularity" required by the rule.[14]

| Topic | Summary | Relevance |
|---|---|---|
| 1 | "Kik's corporate structure, ownership and offices" | Background; allegations in the complaint; Kik's third affirmative defense. |
| 2 | "Kik's current financial condition and operations" | Remedies |
| 3 | "Kik's plan for the token offering" | The allegations set forth in the complaint |
| 4 | "Kik's announcement and marketing of Kin to potential purchasers" | The allegations set forth in the complaint |
| 5 | "Public statements and presentations . . . relating to the Kin offering" | The allegations set forth in the complaint |
| 6 | "Kik's consideration of whether the offer and sale of Kin was an offer and sale of an investment contract" | The allegations set forth in the complaint; the allegations set forth in Kik's answer and affirmative defenses. |
| 7 | "Kik's efforts to enter into SAFTs" | The allegations set forth in the complaint |
| 8 | "Details and circumstances of the development of the 'Minimum Viable Product' ('MVP') of Kin as referred to in Kik's Answer to Paragraph 100 of the Complaint" | The allegations set forth in the complaint; the allegations set forth in Kik's answer |
| 9 | "The details of Kik's public sale of Kin in September 2017" | The allegations set forth in the complaint |
| 10 | "The delivery and allocation of Kin tokens to SAFT participants, public sale purchasers, Kik, the Kin Foundation, and/or any other individual or entity in September 2017" | The allegations set forth in the complaint |

---

[14] Kik argues that the requirement is not "reasonable particularity" but is instead "painstaking specificity." The SEC submits that the text of the rule speaks for itself.



Honorable Alvin K. Hellerstein
January 14, 2020
Page Twenty-Two

| Topic | Summary | Relevance |
|-------|---------|-----------|
| 11 | "Kik's planned and actual use of the Kin token offering proceeds" | The allegations set forth in the complaint; the allegations set forth in Kik's answer; remedies |
| 12 | "The development, creation and operation of the Kin Ecosystem" | The allegations set forth in the complaint; the allegations set forth in Kik's answer; remedies |
| 13 | "The topics covered by your letter dated November 17, 2017" | Follow-up questions regarding statements made by Kik's counsel on behalf of Kik during the SEC's investigation regarding the token offering. |
| 14 | "The topics covered by the stipulation dated November 12, 2019" | Follow-up questions regarding topics covered by the parties' November 12, 2019 stipulation |
| 15 | "The topics covered by your letter dated November 4, 2019" | Follow-up questions regarding statements made by Kik's counsel on behalf of Kik and in lieu of producing documents in response to the SEC's requests for production of records. |
| 16 | "Kik's responses to the SEC's Requests for Admission Nos. 51, 77, 86, 99, 107, 109-114, 117-129, 132-136, 144-148 | Follow-up questions regarding Kik's responses to certain of the SEC's requests for admission. |
| 17 | "Testimony Exhibit 206" | Follow up questions regarding exhibit marked during the SEC's investigation. |

**E.   Kik's New Arguments In Its Revised Letter Brief Do Not Support A Protective Order**

On January 6, 2020, in response to the draft SEC portion of this letter brief which the SEC sent to Kik on December 20, 2019, Kik sent the SEC a substantially revised – and significantly longer (now 13 pages) – portion of Kik's letter brief.  The SEC here briefly responds to Kik's newly fashioned arguments, none of which merit the quashal of the Rule 30(b)(6) deposition.

Specifically, Kik's newly expanded reliance on cases in which courts restricted Rule 30(b)(6) depositions is meritless, as the circumstances of those cases are plainly distinguishable:

- In *Janki Bai Sahu v. Union Carbide Corp.*, 528 Fed. Appx. 96 (2d Cir. 2013) (cited *supra* Kik Brief at 10, 12, 13, and footnotes 1 and 7), the court upheld denial of a deposition that had been requested as additional discovery – and requiring the district court's permission – pursuant to Federal Rule of Civil Procedure 56(d), and where the events at issue had taken place "between fifteen and thirty-five years ago" and "the benefit to the Plaintiffs would likely be extremely low" as "no witness can be expected to provide accurate and detailed accounts of events so far in the past," *id.* at 103.  Here, by contrast, the SEC seeks a deposition to which it is



Honorable Alvin K. Hellerstein
January 14, 2020
Page Twenty-Three

presumptively entitled within the initial fact discovery period on events from two to three years ago.

- *Nicholas v. Wyndham International Inc.*, 373 F.3d 537 (4th Cir. 2004) (cited *supra* Kik Brief at 4, 10, 12, and footnotes 1 and 8) is equally far afield.  In *Nicholas*, involving tort claims against a resort by guests, the court of appeals upheld the magistrate judge's denial, in an ancillary proceeding outside the jurisdiction of the pending action, of a 30(b)(6) deposition of a *third-party* corporation that was closely held by one of the individual plaintiff-guests who already had been deposed.  The court of appeals highlighted the "extraordinary circumstances presented" by the case, including the concession by Wyndham's attorney that no further information about liability or damages could be obtained from the third-party corporation.  *See id.* 543.  Here, of course, the SEC seeks the 30(b)(6) deposition of the sole party-defendant, Kik, and this case presents none of the extraordinary circumstances of *Nicholas*.

- *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671 (S.D.N.Y. Apr. 27, 2017) (cited *supra* Kik Brief 4, 10, 12 and footnote 1), far from supporting Kik's position, confirms the importance of the availability of the deposition, because, "most critically, the organization will be bound by the answers provided by the Rule 30(b)(6) witness," *id.* at *1.  The *Blackrock* court ordered that Rule 30(b)(6) depositions proceed on numerous topics for numerous corporate parties, and stressed that it sought "[t]o avoid the fundamental unfairness of denying the Coordinated Plaintiffs any Rule 30(b)(6) deposition of [the defendant]."  *Id.* at *3.

Accordingly, none of Kik's objections have merit, and Kik has not carried its burden of demonstrating that the deposition noticed by the SEC should be quashed.  And the SEC asks that the Court order Kik to appear for deposition as set forth in the SEC's amended notice of deposition.

Sincerely,

/s/ Patrick E. Gibbs
Patrick E. Gibbs

Counsel for Defendant Kik Interactive, Inc.

cc:    All Counsel of Record (by ECF)