**EXHIBIT D**

## Schlegelmilch, Stephan

| | |
|---|---|
| **From:** | Welsh, Michael E <mwelsh@cooley.com> |
| **Sent:** | Thursday, November 14, 2019 6:34 PM |
| **To:** | Schlegelmilch, Stephan; D'Allaird, Laura; Mendel, David S |
| **Cc:** | Gibbs, Patrick; Lightdale, Sarah; Cadigan, Luke T.; Lench, Kenneth R.; De Jarnette, Brett; Landsvik, Julianne |
| **Subject:** | SEC v. Kik Interactive |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

Please let us know when on Monday (11/18) or Tuesday (11/19) you are available to meet and confer about the SEC's Rule 30(b)(6) Deposition Notice to Kik Interactive Inc.

As an initial matter, the notice is grossly overbroad.  It contains over 100 topics and subtopics, many of which are overly expansive and, as drafted, nowhere near the "painstaking specificity" required by the Federal Rules, *Arnett v. Bank of Am., N.A.*, 11-CV-01372, 2012 WL 13055461, at *5 (D. Or. Dec. 17, 2012), and several of which plainly seek legal conclusions and to probe information protected by the attorney-client privilege and/or the work product doctrine.  Moreover, each topic is also duplicative of testimony the SEC has already obtained from Kik executives and other fact witnesses.  By way of example, Topics 7 and 8 seek testimony on certain statements made by Mr. Livingston and his role in connection with the TDE.  Of course, the SEC may not use Rule 30(b)(6) to seek an additional deposition of a percipient witness.  *See, e.g.*, *Jones v. Hernandez*, 16-CV-1986, 2018 WL 1981207, at *3 (S.D. Cal. April 27, 2018).  And just this week, the SEC determined that it in fact *did not require* any additional testimony from Mr. Livingston in his percipient witness capacity (after Kik had committed and was prepared to make Mr. Livingston available for such additional testimony).  By the same logic, we believe that the testimony contemplated by the SEC's 30(b)(6) notice to Kik would be an unnecessary and inefficient waste of all parties' time.  Finally, we note that the Court's November 12 order permitting an extension of time to complete certain depositions did not contemplate or authorize a 30(b)(6) deposition of Kik prior to the close of fact discovery.

In light of the above, we are hopeful that the SEC will agree to withdraw its 30(b)(6) deposition notice to Kik.  If not, we expect that on our meet and confer you will set forth the SEC's grounds for refusing to do so.

We look forward to hearing back from you regarding your availability to meet and confer on this matter.

Thank you,
Michael Welsh

**Michael Welsh**
Associate
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA  02116-3736
+1 617 937 2425 office
+1 617 937 2400 fax
+1 508 272 6210 mobile
mwelsh@cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.