# SEC55

| | |
|---|---|
| **From:** | Tanner Philp <tanner.philp@kik.com> |
| **Sent:** | Thursday, June 1, 2017 5:24 PM |
| **To:** | Dan Morehead <dan@panteracapital.com> |
| **Cc:** | Peter Heinke <peter@kik.com>; Michelle Dent <michelle.dent@kik.com> |
| **Subject:** | Private & Confidential - Term Sheet |
| **Attach:** | Kik Interactive Inc. - Kin Term Sheet.docx 60117.doc |

Hey Dan,

I hope all is well. We really appreciate that you share the same excitement for Kin that we do, and we are thrilled that you and the Pantera team would like to be involved.

As mentioned, we will be utilizing a SAFT for the pre-sale process, which we will have ready for delivery next week. In the interim we have prepared a non-binding term sheet that acts as an expression of intent to participate in the pre-sale.

If you are comfortable with the terms, please respond with the intended level of investment and I can have an executable copy sent via docusign to the appropriate parties.

Really looking forward to working with you and the rest of the team!

Thanks,

Tanner

c: ▮▮▮▮▮▮▮

FOIA Confidential Treatment Requested
By Kik Interactive Inc.

KIK_00017698

**TERM SHEET
FOR FUTURE SALE OF TOKENS OF
KIK INTERACTIVE INC.**

This term sheet is an expression of intent only, does not express the agreement of the parties, is not meant to be binding on the parties, and is meant to be used as a negotiation aid by the parties. The parties do not intend to be bound until they enter into definitive agreements regarding the subject matter of this term sheet.

| | |
|---|---|
| *Issuer:* | Kik Interactive Inc., a Canadian corporation, or a subsidiary thereof (the "*Company*"). |
| *Investors:* | Investors identified by the Company (the "*Investors*", each an "*Investor*") must be purchasing for their own accounts. If an investor is located (a) in the United States, or is a U.S. Person (as defined in Regulation S under U.S. Securities Act of 1933, as amended (the "*Securities Act*")), such Investor must be an accredited investor, as defined in Regulation D under the Securities Act, or (b) in Canada, such Investor must be an accredited investor as defined under applicable Canadian securities laws, or (c) outside of the United States, a non-U.S. Person who is not purchasing for the account or benefit of a U.S. Person as defined under Regulation S under the Securities Act. |
| *Offering of Rights:* | Rights (the "*Rights*") to purchase units of Kin (the "*Rights Offering*"), a token to be offered by the Company, in the Kin Launch (defined below). Amounts may be funded in multiple closings. |
| *SAFT:* | Pursuant to a SAFT (Simple Agreement for Future Tokens), each Investor will be entitled to receive the number of units of Kin by dividing the amount paid by the Investor for the Rights by the maximum price a unit of Kin is sold in the Kin Launch less the following discounts. For Investors who committed to the first $25 million USD of the Rights Offering, units of Kin shall be at a 35% discount to the maximum price a unit of Kin is sold in the Kin Launch, and for Investors who committed to the next $25 million USD of the Rights Offering, units of Kin shall be at a 25% discount to the maximum price a unit of Kin is sold in the Kin Launch. In each case, the date of receipt by the Company of U.S. Dollars in respect of an Investor's purchase of Rights will determine the discount to be applied. |
| *Amount of Rights Offering:* | $50 million USD or such other amount determined by the Company; minimum purchases shall be $500,000 USD or such other amount determined by the Company. |
| *Kin Launch:* | The instantiation of Kin via deployment on the Ethereum Blockchain and initial sale to the public of Kin. |
| *Dissolution* | A (i) voluntary termination of operations of the Company, (ii) general |

1

| | |
|---|---|
| *Events:* | assignment for the benefit of the Company's creditors, or (iii) other liquidation, dissolution or winding up of the Company, whether voluntary or involuntary, in each case, prior to the Kin Launch. |
| *Repayment Obligation:* | In the event of: (i) a Dissolution Event, (ii) a Kin Launch not occurring by September 1, 2017, or (iii) the minimum aggregate amount condition set by the Company in the Kin Launch is not achieved, the Company shall be obligated to repay the Investors the proceeds from the Rights Offering, minus the 35% or 25% discount, as the case may be, from the total amount of proceeds from the Rights Offering. |
| *Termination of Rights:* | The Rights will terminate upon the issuance of Kin to the Investors. |
| *Documentation:* | The investments will be made pursuant to documentation prepared by the Company's legal counsel, including a questionnaire to establish accredited investor status or non-U.S. Person status. The SAFT may be amended by the Company and the holders of a majority (by principal amount) of the the amount raised in the Rights Offering (the "*Majority Holders*"). |
| *Expenses:* | The Company and Investors will each bear their own legal and other expenses with respect to the Rights Offering. |
| *Transferability:* | The Rights will not be transferable. |
| *Foreign Exchange:* | [In the event the Company accepts fiat currency (other than U.S. Dollars) or cryptocurrency from an Investor, the Company and the Investor will share the cost of converting such currency into U.S. Dollars.] |

This term sheet is non-binding and is intended solely as a summary of the terms that are currently proposed by the parties. The parties acknowledge that they neither intend to enter, nor have they entered, into any agreement to negotiate a definitive agreement pursuant to this term sheet, and either party may, at any time prior to execution of such definitive agreement, propose different terms from those summarized herein or unilaterally terminate all negotiations pursuant to this term sheet without any liability whatsoever to the other party. Each party will be solely liable for all of its own fees, costs and other expenses in conjunction with negotiation and preparation of a final agreement pursuant to this term sheet.

*********

*[Remainder of page intentionally left blank.]*

FOIA Confidential Treatment Requested
By Kik Interactive Inc.

KIK_00017700

| | |
|---|---|
| **COMPANY:** | **KIK INTERACTIVE INC.** |
| | By: _____ |
| | Name:  Ted Livingston<br>Title:  Chief Executive Officer |
| **INVESTOR (if an entity):** | _____ |
| | By: _____ |
| | Name: _____<br>Title: _____ |
| Subscription Amount: | $ _____ |
| **INVESTOR (if an individual):** | _____ |
| Signature: | _____ |
| Subscription Amount: | $ _____ |

145884316 v7

3

FOIA Confidential Treatment Requested
By Kik Interactive Inc.

KIK_00017701