UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

So ordered.

/s/ Alvin K. Hellerstein
4/22/2020

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: |
| v. | ) 19-cv-5244 (AKH) ) |
| KIK INTERACTIVE INC., | ) ) ) |
| Defendants. | ) ) ) ) |

**THE BLOCKCHAIN ASSOCIATION'S NOTICE OF MOTION AND**
<u>**MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**</u>

PLEASE TAKE NOTICE that the Blockchain Association respectfully seeks leave to file the accompanying amicus curiae brief. The Blockchain Association makes the motion before the Honorable Alvin K. Hellerstein, United States District Judge, at the United States Courthouse, Courtroom 14D, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court.

**INTERESTS OF PROPOSED AMICUS CURIAE**

The Blockchain Association is a not-for-profit organization that seeks to improve public policy to help blockchain networks develop and prosper in the United States. It educates policymakers, courts, and the public about how blockchain technology works and how regulatory clarity can bring about a more secure, competitive, and innovative digital marketplace. The Blockchain Association is committed to creating a partnership between industry and government to share knowledge, identify opportunities, and bring about a digital future with more transparency and security. This future holds immense promise for U.S. consumers, investors, and innovators.

Cryptocurrency—only one of many applications of blockchain technology—is by itself at least a $200 billion industry. Many other industries also stand to gain from reduced remittance fees, improved supply chains, and other advantages of the technology. The Blockchain Association comprises 27 member companies, which themselves represent billions of dollars in market capitalization and thousands of employees in the United States.

**ARGUMENT**

Because no rule governs the filing of amicus briefs in this court, district judges "have broad discretion in deciding whether to accept amicus briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citation omitted). An amicus brief should be allowed when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J.); *see, e.g.*, *C&A Carbone, Inc. v. Cnty. of Rockland*, 08-cv-6459-ER, 2014 U.S. Dist. LEXIS 38658, at *12–15 (S.D.N.Y. Mar. 24, 2014) (granting motion for leave because trade associations' amicus brief provided "insights into the market for recyclables" and presented a discussion of how the ordinance at issue treated recyclables).

This Court will be among the first to analyze whether, and under what circumstances, blockchain "tokens" or "digital assets" are considered securities. Innovators, investors, users, and regulators will all closely analyze the Court's decision, which and the opinion will influence business decisions in a multi-hundred-billion dollar industry that provides thousands of Americans with jobs.

2

The Blockchain Association respectfully requests that the Court consider the views of the industry, given the importance of this case. The attached proposed brief provides important information about the context of this case, such as the ongoing uncertainty and previous reliance concerning the application of the securities laws to digital assets. It also addresses the industry's efforts to develop—based on existing rules and limited guidance—contractual models to comply with the securities laws and the SEC's views.

For these same reasons, the Blockchain Association filed, and another judge of this Court granted, a motion for leave to file an amicus brief in another recent blockchain securities litigation. *See* Order, *SEC v. Telegram Group, Inc.*, No. 1:19-cv-09439-PKC (S.D.N.Y. Feb. 12, 2020) (ECF No. 184). And the government consented to the Blockchain Association's amicus brief recently filed in the U.S. Court of Appeals for the Second Circuit. *See* Brief of Amicus Curiae the Blockchain Association in Support of Appellants, *SEC v. Telegram Group, Inc.*, No. 20-1076-cv (2d Cir. filed Apr. 3, 2020) (ECF No. 55). Counsel for Kik Interactive, Inc. have consented to the filing of the attached brief; counsel for the SEC do not consent.

## CONCLUSION

The Blockchain Association respectfully requests that this Court grant its motion for leave to file the attached amicus curiae brief.

Dated:  April 17, 2020.

                Respectfully submitted,

                S/ *Keith Bradley*
                Keith Bradley
                Benjamin Beaton (*pro hac vice* pending)
                SQUIRE PATTON BOGGS (US) LLP
                2550 M Street, NW
                Washington, DC 20037
                Telephone: 202-457-6000
                keith.bradley@squirepb.com
                benjamin.beaton@squirepb.com

                *Counsel for the Blockchain Association*