# SEC107



**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000
Facsimile: (202) 418-5567
*www.cftc.gov*

Office of General Counsel

February 18, 2020

**Via CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      **Re:** *SEC v. Telegram Group, Inc., et al.*, No. 1:19-cv-09439 (PKC)

Dear Judge Castel:

Thank you for inviting the CFTC's Office of General Counsel to submit a letter regarding issues raised in the above-referenced litigation. We understand that the defendant, Telegram Group, Inc., argues that its planned digital currency, the "Gram," will be a commodity and not a security, and therefore not subject to registration under the Securities Act of 1933 ("'33 Act"). The following represent the views of the CFTC's Office of General Counsel, and not necessarily of the CFTC itself or of any individual Commissioner, but our views are relatively straightforward: Digital currency is a commodity. *See, e.g.*, *CFTC v. My Big Coin Pay, Inc.*, 334 F. Supp. 3d 492, 495-98 (D. Mass. 2018) (citing cases); *In re BFXNA Inc. d/b/a Bitfinex*, CFTC Dkt. No. 16-19, 2016 WL 3137612, at *5 (CFTC June 2, 2016) ("Bitcoin and other virtual currencies are … properly defined as commodities.").[1] However, the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-26, provides that many securities *are* commodities to which the securities laws apply. Thus, any given digital asset may or may not be subject to the securities

---

[1] Terminology in this space is evolving and has sometimes lagged behind the technology. In the past, the CFTC has used the term "virtual currency," defined as "any digital representation of value (a 'digital asset') that functions as a medium of exchange, and any other digital unit of account that is used as a form of a currency (*i.e.*, transferred from one party to another as a medium of exchange); may be manifested through units, tokens, or coins, among other things; and may be distributed by way of digital 'smart contracts,' among other structures." *Retail Commodity Transactions Involving Virtual Currency*. 82 Fed. Reg. 60,335, 60,338 (Proposed Dec. 20, 2017). Telegram here uses the term "digital currency," which is sometimes used as a synonym for "virtual currency." *Id.* at 60,338 n.46. That is the definition we ascribe for purposes of this submission, but we do not intend it to limit the universe of what may be a "commodity" under the CEA. Other fungible digital assets may be commodities as well. *See generally* 7 U.S.C. § 1a(9) (defining "commodity").

`

The Honorable P. Kevin Castel
February 18, 2020
Page 2 of 3

laws, but that does not depend on whether the asset is a commodity.  It depends on whether the asset is a "security" within the meaning of the '33 Act itself.[2]

The CEA grants the CFTC exclusive jurisdiction over most transactions involving commodity "derivatives."  *Id*. § 2(a)(1).  A commodity derivative is a financial instrument, such as a futures contract or swap, whose value is based on the price of an underlying commodity.  The CFTC's jurisdiction over the commodities themselves is narrower, generally limited to policing those markets against manipulation and fraud.  *See, e.g.*, *id*. §§ 9(1), 13(a)(2).  The statute defines "commodity" to include various tangible and intangible assets that fall into three categories:

1) **Enumerated Commodities:** "wheat, cotton, rice, corn, oats, barley, rye, flaxseed, grain sorghums, mill feeds, butter, eggs, Solanum tuberosum (Irish potatoes), wool, wool tops, fats and oils (including lard, tallow, cottonseed oil, peanut oil, soybean oil, and all other fats and oils), cottonseed meal, cottonseed, peanuts, soybeans, soybean meal, livestock, livestock products, and frozen concentrated orange juice," *id*. § 1a(9);

2) **Catchall for Other Goods and Articles:** "all other goods and articles, except onions (as provided by section 13–1 of this title) and motion picture box office receipts (or any index, measure, value, or data related to such receipts)," *id.*; and

3) **Catchall for Services, Rights, and Interests:** "all services, rights, and interests (except motion picture box office receipts, or any index, measure, value or data related to such receipts) in which contracts for future delivery [*i.e.*, futures contracts] are presently or in the future dealt in," *id.*

Many securities fall within the third prong of that definition.[3]  *See, e.g.*, *id*. § 1a(19)(i) (categorizing a security as an "excluded commodity," a statutory term of art for certain primarily intangible assets, measures, and indices that are subject to CEA provisions); *id*. § 6m(3)(C) (defining "commodity interests" to include security futures contracts).[4]

However, the CEA also contains provisions that preserve the SEC's jurisdiction and confirm that securities laws continue to apply to securities.  For example, CEA Section 2(a)(1), which

---

[2] It is possible that an asset that is a commodity may be a security at one point in time, but not another.  For example, a digital asset created as an investment contract may mature to become a simple store of value or means of exchange, the holders of which are no longer relying on the efforts of others to obtain a profit.  *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946) (stating the elements of an "investment contract").

[3] Under the CEA, "[t]he term 'security' means a security as defined in section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) or section 3(a)(10) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(10))."  7 U.S.C. § 1a(41).

[4] The CEA uses the term "excluded commodity" for historical reasons.  It does not imply that these commodities are excluded from the CEA.

The Honorable P. Kevin Castel
February 18, 2020
Page 3 of 3

establishes the CFTC's exclusive jurisdiction, contains a savings clause that preserves the authority of the SEC:

> Except as hereinabove provided, nothing contained in this section shall (I) supersede or limit the jurisdiction at any time conferred on the Securities and Exchange Commission or other regulatory authorities under the laws of the United States or of any State, or (II) restrict the Securities and Exchange Commission and such other authorities from carrying out their duties and responsibilities in accordance with such laws.

*Id.* § 2(a)(1)(A).  Similarly, Title VII of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 1641-1802 (2010) (the "Dodd-Frank Act"), granted the CFTC new anti-fraud and anti-manipulation authority with respect to any "contract of sale of any commodity in interstate commerce."  *Id.* § 753 (codified at 7 U.S.C. § 9(1)).  But the Dodd-Frank Act also carved out most securities from this authority, as well as other provisions of Title VII.  *Id.* § 722 (codified at 7 U.S.C. § 2(a)(1)(H)) (stating that the CFTC has "no jurisdiction under [the Dodd-Frank Act] (or any amendments to the [CEA] made by [the Dodd-Frank Act]) with respect to, any security other than a security-based swap")).

Thus, while digital currency is a commodity, that does not resolve the question of whether the '33 Act applies to Gram.  That depends on the securities laws.  *See, e.g.*, *W.J. Howey*, 328 U.S. at 298-301.  We express no view on that question here.

                                                      Sincerely,

                                                      /s/Robert A. Schwartz

                                                      Robert A. Schwartz
                                                      Deputy General Counsel,
                                                      Litigation, Enforcement & Adjudication
                                                      Commodity Futures Trading Commission
                                                      1155 21st Street, N.W.
                                                      Washington, DC 20581
                                                      (202) 418-5958
                                                      rschwartz@cftc.gov